

April 10, 2019

**VIA ECF AND E-MAIL** (ALCarterNYSDCHambers@nysd.uscourts.gov)

The Honorable Andrew L. Carter, Jr.
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

Re: *Schansman, et al. v. Sberbank of Russia PJSC, et al.*, No. 19-CV-2985 (ALC)
Plaintiffs' Request for a Pre-Motion Conference and/or Leave to File a Motion for
Alternative Service on Russian Defendants

Dear Judge Carter:

We represent the family of Quinn Lucas Schansman, an 18 year-old United States citizen killed when Malaysia Airlines Flight 17 was shot down over territory controlled by the so-called "Donetsk People's Republic" (DPR) terrorist group. Quinn's father, mother, sister, and brother have brought suit against financial institutions and money-transfer companies that provided sustained, knowing and systematic financial support to the DPR and its agents, including through correspondent bank accounts located in this District, pursuant to the Anti-Terrorism Act, 18 U.S.C. § 2333.

Two of the Defendants – Sberbank of Russia PJSC ("Sberbank") and VTB Bank PJSC ("VTB") (together, the "Russian Bank Defendants") – are corporations headquartered and domiciled in the Russian Federation. Although the Russian Federation remains a signatory to the Hague Convention on Service Abroad, "[i]n July 2003, Russia unilaterally suspended all judicial cooperation with the United States in civil and commercial matters" and "refuses to serve letters of request from the United States for service of process presented under the terms of the 1965 Hague Convention or to execute letters rogatory requesting service of process transmitted through diplomatic channels." *See* U.S. Dep't of State, "Russia Judicial Assistance Information, Service of Process," *available at* https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/RussianFederation.html. The Russian Federation has also rejected Article 10 of the Hague Convention, preventing Plaintiffs from serving the Russian Bank Defendants by mail at their Russian headquarters. *See AMTO, LLC v Bedford Asset Mgmt., LLC*, No. 14-CV-9913, 2015 WL 3457452, at *7 (S.D.N.Y. June 1, 2015) (quoting *RSM Prod. Corp. v. Fridman*, No. 06–CV–11512, 2007 WL 1515068, at *2 (S.D.N.Y. May 24, 2007)) ("District courts have found service through the mail unavailable to serve defendants who reside in foreign countries that have acceded to the Hague Service Convention with an objection to Article 10").

As has been previously recognized by this Court and multiple others, it has become a common and necessary practice to serve Russian corporate defendants through alternative means.



Hon. Andrew L. Carter, Jr.
April 10, 2019
Page 2

*See Bidonthecity.com LLC v. Halverston Holdings Ltd.*, No. 12 Civ. 9258, 2014 WL 1331046, at *10 (S.D.N.Y. Mar. 31, 2014) (Carter, J.) (permitting service on Russian corporate defendant's U.S. counsel); *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1237–38 (Fed. Cir. 2010) (remanding to district court to "allow alternate service as it deems appropriate" on Russian corporate defendant); *Fisher v. Petr Konchalovsky Found.*, No. 15-CV-9831, 2016 WL 1047394, at *1 (S.D.N.Y. Mar. 10, 2016) (permitting service via e-mail to Russian corporate defendant); *AMTO, LLC,* 2015 WL 3457452, at *7-8 (permitting service via e-mail to Russian individual defendant); *Arista Records LLC v. Media Services LLC*, No. 06-Civ-15319, 2008 WL 563470, at *2 (S.D.N.Y. Feb. 25, 2008) (permitting service on Russian corporate defendant's U.S. counsel); *RSM Prod. Corp.*, 2007 WL 1515068, at *2 (permitting service on Russian individual defendant's U.S. counsel). Accordingly, and consistent with the Court's Individual Practices Rule 2(A), we write to request a pre-motion conference and/or leave to file a Motion for Alternative Service on the Russian Bank Defendants pursuant to Fed. R. Civ. P. 4(f)(3).

This Court has previously recognized that Fed. R. Civ. P. 4 "subsection (f)(3) is an independent basis for service of process and is neither extraordinary relief nor a last resort to be used only when parties are unable to effectuate service under subsections (f)(1) or (f)(2)." *Bidonthecity.com LLC*, 2014 WL 1331046, at *10 (permitting service on a Russian corporate defendant's U.S. counsel). In *Bidonthecity.com*, this Court took "judicial notice of the fact that Russia refuses to transmit service requests through its Central Authority and thus requests go unexecuted" and accordingly found that plaintiffs had met their burden of showing unavailability of service, without requiring that plaintiffs needlessly attempt service prior to moving for alternative service. *Id.*

Plaintiffs respectfully request permission for alternative service on the U.S. counsel representing each of the Russian Bank Defendants in other currently pending litigation. Defendant Sberbank is currently represented by Dechert LLP in *Safe 'N' Sec Corporation v. SNS Holding LLC*, No. 19-1231 (Fed. Cir. 2019). Defendant VTB is represented by Baker Botts LLP in *VTB Bank PJSC v. Babel*, No. 525062/2017 (N.Y. Sup. Ct., Kings Cnty. 2017). Because the Russian Bank Defendants are both represented in active litigation[1], personal service to the offices of their United States counsel in those cases would be reasonably calculated to put the Russian Bank Defendants on notice of this action and not violate any international agreement. *See, e.g., Arista Records LLC*, 2008 WL 563470, at *2 (directing service be effected by personal service to the offices of a Russian defendant's New York attorneys).

While service on the Russian Bank Defendants' current counsel would be sufficient, in an abundance of caution, Plaintiffs also respectfully request permission for alternative service by e-mail to the corporate e-mail addresses posted on the websites of the Russian Bank Defendants. Defendant Sberbank lists three e-mail addresses on the contact page of its public website: one "for the media," media@sberbank.ru; one "for investors," ir@sberbank.ru; and one "for shareholders," scs@sberbank.ru. *See* Sberbank, "About Us," *available at* https://www.sberbank.com/about. Defendant VTB lists the following e-mail addresses on the

---

[1] Dechert LLP filed a brief on behalf of Defendant Sberbank on March 11, 2019, and Baker Botts LLP filed a motion on behalf of Defendant VTB on March 12, 2019.



contact page of its public website: info@vtb.ru; one "for institutional investors and analysts," InvestorRelations@vtb.ru; one "for individual shareholders," Shareholders@vtb.ru; and one for "consultative council of shareholders," KSA@vtb.ru.  *See* VTB Bank, "Contact Information," *available at* https://www.vtb.com/o-banke/kontakty/.  Because the Russian Federation has not expressly objected to service by electronic means, courts in this District have held that "service via e-mail for a defendant residing in Russia may qualify as an alternative means of service under Rule 4(f)(3)."  *AMTO, LLC,* 2015 WL 3457452, at *7-8.  Service by e-mail has been permitted where the e-mail address is "undisputedly connected to the defendants" and the address was one "that the defendants used for business purposes," as here.  *See id.* at *8 (citing *Ehrenfeld v. Salim a Bin Mahfouz*, No. 04 CIV. 9641, 2005 WL 696769, at *3 (S.D.N.Y. Mar. 23, 2005); *NYKCool A.B. v. Pac. Int'l Servs., Inc.*, 66 F. Supp. 3d 385, 391 (S.D.N.Y. 2014); and *Philip Morris USA Inc. v. Veles Ltd.*, No. 06 CV 2988, 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007)); *Fisher*, 2016 WL 1047394, at *2-3.  Service effected via the above identified e-mail addresses of the Russian Bank Defendants would be reasonably calculated to put them on notice of this action and would not violate any international agreement.

      Finally, should the Court deem it appropriate and prudent, Plaintiffs respectfully request permission to effect alternative service through the following additional methods: (i) service via facsimile sent to the fax numbers listed on each of the Russian Bank Defendants' respective websites, (ii) service via DHL and Russian Post delivery on each of the Russian Bank Defendants' respective headquarters in Russia, and (iii) personal service on the offices of (a) Sberbank CIB USA, Inc., the New York subsidiary of Defendant Sberbank, and (b) Xtellus Capital Partners, the former New York subsidiary and current U.S. chaperoning broker of Defendant VTB.

      We respectfully request leave to file a Motion for Alternative Service, if the Court would like additional briefing on Plaintiffs' proposal for alternative service on the Russian Bank Defendants, or a pre-motion conference pursuant to the Court's Individual Practices.

Respectfully submitted,

BOIES SCHILLER FLEXNER LLP

__s/ David Pressman_____
David Pressman
Lee Wolosky

*Attorneys for Plaintiffs Thomas Schansman, individually, and as legal guardian on behalf of X.S., a minor, Catharina Teunissen, individually, and as personal representative of the Estate of Quinn Lucas Schansman, and Nerissa Schansman*

cc:     All counsel of record (via ECF)