**Debevoise**
**&Plimpton**

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

April 24, 2020

Via ECF

The Honorable Gabriel W. Gorenstein
U.S. District Court for the Southern District of New York
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> Re:   *Schansman, et al. v. Sberbank of Russia PJSC, et al.*, No. 19-CV-
> 2985(ALC)(GWG)
> Request for Conference Regarding Motion to Stay Discovery

Dear Judge Gorenstein:

On behalf of Defendants Sberbank of Russia and VTB Bank PJSC, we write
pursuant to Rule 2.A of Your Honor's Individual Practices to seek a conference to
request a protective order staying the discovery Plaintiffs have sought pending decision
of all the defendants' fully submitted motions to dismiss (ECF Nos. 109, 114, 117).

Overview

Plaintiffs have not sought discovery generally during the pendency of defendants'
motions to dismiss, which were fully submitted on January 21, 2020, but with this
Court's permission, *see* Order issued March 17, 2020, ECF No. 136, Plaintiffs served
subpoenas for financial records on two non-party banks.  Plaintiffs' stated basis for
seeking to serve these subpoenas was that the banks would not agree to preserve their
records pending resolution of the motions to dismiss unless they were subpoenaed.
Plaintiffs' service of those subpoenas has placed the non-party banks under legal
compulsion to preserve their subpoenaed documents, precisely the relief Plaintiffs were
seeking.  Now that the banks are subject to the preservation obligations Plaintiffs sought,
Defendants submit that production of documents and further proceedings regarding those
subpoenas should be stayed until Judge Carter decides the pending motions.

Attempts to Reach Agreement with Plaintiffs

On April 24, 2020 at 9:30 AM, counsel for Defendants and Plaintiffs convened a
phone conference, which lasted approximately 20 minutes.  For Plaintiffs, Mr. David
Pressman, Esq., Mr. Robert Dwyer, Esq. and Mr. Stephen Zach Esq. of Boies Schiller
Flexner LLP participated.  For Defendant VTB Bank PJSC, Mr. Zachary Rowen, Esq. of
Latham & Watkins LLP participated and for Defendant Sberbank of Russia, John
Kiernan and Román J. Rodriguez of Debevoise & Plimpton LLP participated.

Hon. Gabriel W. Gorenstein                    2                         April 24, 2020

Defendants asked Plaintiffs to agree that further production or discovery from the two banks they have subpoenaed will be stayed and that no further discovery will take place pending resolution of the motions to dismiss.  Plaintiffs' counsel declined to agree to a voluntary stay, in light of Plaintiffs' continued uncertainty that the non-party banks will preserve all documents currently in their possession responsive to the subpoenas. Plaintiffs' counsel also rejected Defendants' proposal that Plaintiffs work out any disputes they may have over the scope of the subpoenaed banks' preservation obligations with those banks but agree to a stay of actual document production pending a decision on the motions to dismiss.  Counsel for Defendants informed Plaintiffs' counsel that they believe the parties to be at an impasse and that Defendants would be requesting a conference with the Court.

### The Dispute

This action involves claims that the two non-U.S. bank Defendants presenting this request and four U.S.-based defendants violated the Anti-Terrorism Act (the "ATA") by providing financial services to individuals who financially supported a group assertedly responsible for the downing of Malaysia Airlines Flight MH 17 over eastern Ukraine on July 14, 2014, which killed a passenger holding U.S. citizenship.  Plaintiffs brought this action nearly five years later, on April 4, 2019.

All defendants filed motions to dismiss on September 19, 2019 (ECF Nos. 91, 97, 99), and the Plaintiffs responded by filing an amended complaint on October 8, 2019 (ECF No. 104) (the "AC").  Defendants filed the currently pending motions to dismiss— which assert lack of personal jurisdiction over the two non-U.S. bank Defendants and failure to state a claim against all defendants—on November 5, 2019.  Briefing was completed on January 21, 2020.

Plaintiffs requested leave to serve subpoenas on two non-party banks (Bank of America Corporation and The Bank of New York Mellon), on February 26, 2020 (ECF No. 130), stating that these banks (unlike others Plaintiffs had approached) would not agree to preserve documents without a subpoena.  Judge Carter referred general pretrial management to Your Honor on March 13, 2020 (ECF No. 133), and the Court granted Plaintiffs' request to issue subpoenas to these two non-parties on March 17, 2020 (ECF No. 136).  Plaintiffs served those subpoenas on March 26 and March 27, 2020, commanding production by April 7, 2020 (though Defendants believe Plaintiffs and the recipients negotiated later deadlines, the exact dates of which are unknown to the Defendants).  Those subpoenas are the only discovery Plaintiffs have sought so far in this action.  Defendants seek to stay production under the outstanding subpoenas, pending a decision on the motions to dismiss.

### Reasons Supporting Requested Relief

There is good cause to stay the discovery Plaintiffs are seeking, along with the other discovery, now that the requested subpoenas have been served.  *See O'Sullivan v.*

Hon. Gabriel W. Gorenstein                    3                    April 24, 2020

*Deutsche Bank AG*, No. 17 Civ. 8709 (LTS) (GWG), 2018 WL 1989585, at *4 (S.D.N.Y.
Apr. 26, 2018) (the "court has considerable discretion to stay discovery pursuant to Fed.
R. Civ. P. 26(c)."); Fed. R. Civ. P.  26(c).

      The law supports a stay of discovery where, as here, the motions to dismiss
provide a strong basis for disposing of all or most of Plaintiffs' case.  *See, e.g., Spencer
Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y.
2002) (staying discovery pending motion to dismiss where "defendants…appear to have
substantial arguments for dismissal of many, if not all, of the claims asserted"); *Gandler
v. Nazarov*, No. 94 Civ. 2272 (CSH), 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994)
(staying discovery where "motion to dismiss based on lack of personal jurisdiction [was]
potentially dispositive").  The pending motions raise both the absence of personal
jurisdiction over the foreign bank Defendants, *see* ECF Nos. 115 at 6-15 and 118 at 7-17
(lack of personal jurisdiction as to Sberbank and VTB Bank), and the AC's failure to
state a claim against all defendants, *see, e.g.,* ECF No. 110 at 11-19 (AC's claims do not
satisfy the ATA's causation requirement); *id.* at 20-23, ECF No. 115 at 23-29
(Defendants' acts were not "acts of international terrorism" within the meaning of the
ATA, including for lack of *mens rea*); ECF No. 110 at 25-29 (the ATA's Act of War
exclusion bars the AC's claims).

      Recent decisions in this district and in the Eastern District of New York have
reaffirmed the appropriateness of dismissal when plaintiffs attempt to plead ATA claims
against financial institutions alleged to have assisted individuals and entities *not* on
United States sanctions lists (for example designated as "Foreign Terrorist
Organizations" ("FTOs") by the Department of State), because these allegations are not
within the ambit of the statute.  *See Zapata v. HSBC Holdings PLC*, 414 F. Supp. 3d 342,
355 (S.D.N.Y. 2019) (complaint alleging ATA violations by providing banking services
to non-FTOs "must plausibly allege not that the attacks…were acts of international
terrorism, but that [bank's activities] were");  *Freeman v. HSBC Holdings PLC*, 413 F.
Supp. 3d 67, 91 (E.D.N.Y. 2019) ("[g]iven the many legitimate activities that these
[intermediate, non-FTO] entities engage in, the mere act of providing financial services to
them cannot be violent or dangerous"); *see also Kaplan v. Lebanese Canadian Bank,
SAL*, 405 F. Supp. 3d 525, 532 (S.D.N.Y. 2019) (Defendant's "own actions" must meet
the definition of "international terrorism" in 18 U.S.C. § 2333(a)).

      A temporary stay of further discovery under the subpoenas will be efficient and
fair and will conserve judicial and party resources.  Denial of a stay will spark time
consuming, expensive and unnecessary searches through extensive bank records
extending over several years and ending more than five years ago, potential disputes over
scope, relevance and privilege and will impose steep costs to review produced
documents.  These avoidable steps should not be required before the Court resolves
defendants' contentions that the AC presents no legally cognizable basis for proceeding
with this litigation.

Hon. Gabriel W. Gorenstein                    4                        April 24, 2020

Plaintiffs will not be prejudiced if the document productions sought in the two subpoenas are stayed along with other discovery pending the resolution of the motions to dismiss, because the service of the subpoenas has satisfied Plaintiffs' stated needs. Rather, Defendants will be prejudiced because, in contesting Sberbank of Russia's and VTB Bank PJSC's motions to dismiss on personal jurisdiction grounds, Plaintiffs have suggested Judge Carter should grant them jurisdictional discovery. *See* ECF No. 122 at 42-43. Defendants have opposed this request. *See* ECF No. 126 at 10-11 n.2. Permitting discovery at this stage in the litigation will allow Plaintiffs to bypass pending requests—and the opposition thereto—already before Judge Carter, requests that are intimately bound up in the motions to dismiss themselves. It would be deeply prejudicial to Defendants and the orderly operation of justice to allow Plaintiffs to seek jurisdictional discovery they have not been granted before Judge Carter through subpoenas permitted by Your Honor in a different context.

Plaintiffs requested the Court's assistance to ensure preservation of what they characterized as potentially relevant evidence until the motions to dismiss are decided. ECF No. 130 at 1-2. The service of subpoenas on the two non-parties Plaintiffs had described as unwilling to commit to document preservation without the compulsions of a subpoena has achieved this end, because service has imposed on the recipient banks a legal obligation to preserve evidence in their possession. *See Stillwater Liquidating LLC v. Net Five at Palm Point, LLC (In re Stillwater Asset Backed Offshore Fund Ltd.)*, Nos. 12-14140 (MEW), 14-02245 (MEW), 2017 WL 1956848, at *6 (Bankr. S.D.N.Y. May 10, 2017) ("The formal service of the court-authorized discovery subpoenas plainly imposed upon [the non-party to the bankruptcy] an affirmative obligation to preserve and to produce the subpoenaed materials"); *Andra Grp., LP v. JDA Software Grp., Inc.*, 312 F.R.D. 444, 451 (N.D. Tex. 2015) ("a non-party is subject to discovery obligations that the subpoena imposes, as limited by Rule 45's protections that the non-party is entitled to invoke."); *see also Flatow v. Islamic Republic of Iran*, 196 F.R.D. 203, 209 (D.D.C. 2000) ("The recipient of a subpoena has a duty to safeguard documents that are the subject of the request.").[1]

To the extent Plaintiffs oppose a stay on the basis that the subpoenaed non-party banks have not agreed with Plaintiffs' position regarding the scope of the banks' preservation obligations, that is not a reason compelling the production of documents before the motions to dismiss are decided. Disputes over the scope of preservation can be addressed through objections to the subpoena under Fed. R. Civ. P. 45(d)(2)(B) and negotiations between Plaintiffs and the banks, subject to a motion to compel or for a protective order if they cannot reach agreement. Document productions are not necessary

---

[1]     If there were any doubt that the subpoenas on the non-party banks impose preservation obligations as broad as the categories of documents described in the subpoenas, this Court could confirm those obligations without requiring document production simply by ordering the preservation that the subpoenas already require. *See Trump v. Hyatt Corp.*, No. 93 CIV. 5242 (CSH), 1994 WL 168021, at *3 (S.D.N.Y. Apr. 29, 1994) ("I make the direction that all recipients of the non-party subpoenas preserve from destruction and faithfully retain all documents covered by the subpoenas…[F]ailure by the subpoena recipients to comply with the direction contained in this paragraph will be punishable as contempt.")

Hon. Gabriel W. Gorenstein                     5                          April 24, 2020

to achieve compliance with preservation obligations, as Plaintiffs have recognized by accepting preservation undertakings by other potential recipients of subpoenas.

The short delay of discovery until the motions are decided "cannot itself constitute prejudice sufficient to defeat a motion to stay discovery." *O'Sullivan*, 2018 WL 1989585, at *9. This is especially true here, where the delay is likely to be short, now that the motion has been fully submitted for nearly three months, and the delay may prevent the necessity for discovery if the motion is granted, as Defendants submit it should be. As a practical matter, the likelihood that the subpoenaed non-party, disinterested banks have responsive and relevant records that they have preserved over the nearly six years since the events in issue took place (during which time the Plaintiffs have not undertaken efforts to seek to preserve them), but that the banks would destroy between now and Judge Carter's decision if they aren't required to produce responsive documents immediately seems low. Now that the service of the subpoenas has satisfied Plaintiffs' stated purpose of cementing those banks' preservation obligations, there is no compelling reason to put Defendants and the non-party banks to the burdens associated with producing documents in response to these subpoenas before the motion to dismiss are decided.

Defendants request that the Court convene a conference to consider Defendants' request for protective order staying the discovery Plaintiffs have sought to pursue until the pending motions to dismiss are decided, or in the alternative issue such a stay order without the need for a conference. Defendants can make themselves available for a conference via phone, Zoom or any other method the Court prefers.

Respectfully yours,

DEBEVOISE & PLIMPTON LLP

By: */s/ John S. Kiernan*

John S. Kiernan
William H. Taft V
Román J. Rodriguez
jskiernan@debevoise.com
whtaft@debevoise.com
rjrodriguez@debevoise.com

919 Third Avenue
New York, New York 10022
(212) 909-6000
*Counsel for* Sberbank of Russia

Hon. Gabriel W. Gorenstein                 6                        April 24, 2020

cc:    All counsel of record (via ECF)

       Mr. David G. Leitch Esq., Global General Counsel, Bank of America
       Corporation (via email)

       Mr. J. Kevin McCarthy, Esq., Senior Executive Vice President and General
       Counsel, The Bank of New York Mellon Corporation (via email)