

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

May 19, 2020

Via ECF and Email

The Honorable Andrew L. Carter, Jr.
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 435
New York, NY 10007

        Re:    *Schansman, et al. v. Sberbank of Russia PJSC, et al.*, No. 19-CV-2985
                Response to Plaintiffs' Letter Request for Consideration of Newly
                Discovered Evidence

Dear Judge Carter:

      We write on behalf of Defendant Sberbank of Russia ("Sberbank"), in response to Plaintiffs' May 7, 2020 letter (ECF No. 142), as corrected on May 8 (ECF No. 143) (the "Letter"). The Letter, although framed in the same form as a three-page letter seeking permission to submit a motion under the Court's rules, appears to be a motion to have the Court consider, in addressing Sberbank's pending motion to dismiss for lack of personal jurisdiction and failure to state a claim, evidence produced in discovery from non-party Bank of America, of two wire transfers prior to the July 17, 2014 crash of MH17 to an alleged DPR supporter, Ekaterina Gubareva, via a Sberbank correspondent account at Bank of America.

      Although the Letter is procedurally irregular, Sberbank does not object to consideration of the two transactions Plaintiffs have identified in connection with the pending motion to dismiss. These transactions demonstrate only that two individuals in the U.S. sent two payments totaling $300 (and identified as for humanitarian assistance) to an account of Ms. Gubareva in Russia. There is no indication that either Bank of America as correspondent bank or Sberbank took any action other than mechanically processing these transfers. While Plaintiffs' May 7 letter erroneously asserts that Ms. Gubareva was on an EU list of terrorists at the time of the transfers, their May 8 letter corrects this error and implicitly recognizes that she was not on any sanctions list before the MH17 crash. Plaintiffs also assert that funds sent to Ms. Gubareva went ultimately to DPR, but they equally cannot allege that DPR appeared on any U.S. sanctions list until the day before the MH17 crash.

      Plaintiffs' identification of two entirely passive transfers through a correspondent account of a trivial amount of money to an unlisted individual in alleged support of an unlisted organization does not establish jurisdiction over Sberbank or rescue the Amended Complaint from legal unsustainability. Plaintiffs' contrary contention, that these transfers "conclusively establish that in the relevant time period Defendants were relying on correspondent accounts in the United States to provide financial support to the DPR," Letter at 2, is unsupportable hyperbole.

Hon. Andrew L. Carter 2

1. Absence of Personal Jurisdiction

Personal jurisdiction over Sberbank under CPLR § 302(a)(1) requires that (1) Sberbank have transacted business in New York and (2) the "claims must arise from the transactions" within the state, through an "articulable nexus…or substantial relationship… between the business transaction and the claim asserted." *Rushaid v. Pictet & Cie*, 28 N.Y.3d 316, 323, 329 (2016) (internal quotes and citations omitted); *see* Sberbank Br. in Supp. Mot. to Dismiss at 9-11 (ECF No. 115) ("Sberbank Br.").

The two transactions identified in the Letter, for $100 and $200, do not remotely establish that Plaintiffs' claims against Sberbank "arise from" activities in New York. Plaintiffs cannot allege the required "substantial relationship" between these trivial transfers and the alleged wrongful events of DPR's acquisition and firing of a missile at MH17, as part of a "missile defense army unit equipped with Buk missile defense units." Am. Compl. ¶ 79 (ECF No. 104).

Plaintiffs conspicuously cite no case in which a court predicated a finding of personal jurisdiction against a non-U.S. bank on the passive processing through a correspondent account of transfers anywhere near this small and inconsequential to the alleged wrongdoing. Courts have instead wrestled with assertions of jurisdiction based on foreign banks' active engagement in arranging large numbers of large-dollar transactions, *see, e.g., Pictet,* 28 N.Y.3d at 325-27, or with support for known terrorists through a correspondent account across "dozens" of transfers and "several million dollars," *see Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 171 (2013); Sberbank Reply Br. at 5 (ECF No. 126). Identification of two transactions of this scale, having no link whatsoever to the downing of a commercial plane, allegedly by an entity other than the recipient of the funds, does not remotely satisfy Plaintiffs' obligation to identify "a direct and substantial connection between [New York actions by Sberbank] and the wrongful conduct that forms the basis of their cause of action." *Societe d'Assurance de l'Est SPRL v. Citigroup Inc.*, No. 10 Civ. 4754 (JGK), 2011 WL 4056306, at *7 (S.D.N.Y. Sept. 13, 2011) (internal quotations omitted); *see also Comty. Fin. Grp. Inc. v. Stanbic Bank Ltd.*, No. 14CV5216(DLC), 2015 WL 4164763, at *4 (S.D.N.Y. July 10, 2015) (rejecting assertion of personal jurisdiction based on only two alleged transactions through a foreign bank's correspondent account in New York); *Vasquez v. Hong Kong and Shanghai Banking Corp., Ltd.,* 2019 WL 2327810 at *12 (S.D.N.Y. May 30, 2019) ("the amount of money transferred through the [correspondent] account on behalf of [the relevant] customer" in New York is a factor in the jurisdictional inquiry).

The Letter also has not offered any facts supporting an inference that the movement of the funds through Sberbank's correspondent account at Bank of America was anything other than automatic or was purposefully directed by Sberbank. The two very small transactions Plaintiffs identify were among over 43,200 transactions Bank of America identified as passing through Sberbank's account between December 31, 2013 and July 14, 2014. Where Plaintiffs do not allege any respect in which a non-U.S. bank actively directed the passage of particular funds through its U.S correspondent account, that gap further supports a finding of no jurisdiction based on alleged wrongdoing "arising from" these transfers. *Comty. Fin. Grp.*, 2015 WL 4164763, at *4; *Hau Yin To v. HSBC Holdings PLC*, No. 15CV3590-LTS-SN, 2017 WL 816136, at n.6 (S.D.N.Y. Mar. 1, 2017), *aff'd*, 700 F. App'x 66, 67 (2d Cir. 2017); *Licci v. Lebanese Canadian Bank, SAL*, 20 N.Y.3d 327, 338 (2012) ("determining

what facts constitute 'purposeful availment'...always requires a court to closely examine the defendant's contacts for their quality.").

Plaintiffs' further assertion that it is proper to infer the existence of many more and larger transfers from the identification of these two inconsequentially small transfers through a correspondent bank from which they sought discovery, on the stated assumption that there are "other U.S. correspondent banks that, unlike Bank of America, were widely advertised by the DPR and used by Defendants," Letter at 2, is founded on purely speculative assertions not supported by allegations of the Amended Complaint. The Amended Complaint presents no basis for an assertion that any correspondent accounts of Sberbank were "widely advertised" by DPR as a mechanism for transfers, offering only two examples of Sberbank correspondent account information posted across the entire internet. *See* Sberbank Br. at 12. The extreme smallness in number and scale of the two transfers through Bank of America does not present any non-speculative basis for assuming the existence of a substantial number or dollar amount of such transfers elsewhere prior to July 17, 2014.

2. Failure to State a Claim

The Letter also does not alter the legal insufficiency of Plaintiffs' Amended Complaint. As the Letter acknowledges, the two transfers must have been made "knowingly and intentionally to meet the standard for civil liability under the Anti-Terrorism Act." Letter at 2 (quoting *Boim v. Quranic Literacy Inst. & Holy Land Found. for Relief & Dev.*, 291 F.3d 1000, 1015 (7th Cir. 2002)). These two transfers to an unlisted person do not support an inference of Sberbank's knowledge or intent to support specific terrorist acts. *See, e.g., Hussein v. Dahabshiil Trans. Servs.*, 230 F. Supp. 3d 167, 177-78 (S.D.N.Y. 2017); Sberbank Br. at 18-21. The transfers also do not assist Plaintiffs in meeting their obligation to plead causation: Sberbank's role in these transactions (which traveled from individuals in the U.S. to Ms. Gubareva, without any reasonable inference the funds then supported DPR in allegedly firing a missile at MH17) does not suggest Plaintiffs' injuries occurred "by reason of" Sberbank's conduct. 18 U.S.C. § 2333(a); *Rothstein v. UBS AG*, 708 F.3d 82, 91, 96-97 (2d Cir. 2013) (defendant's conduct must have been a "*substantial factor in the sequence of responsible causation*," and that the plaintiff's injury "was reasonably foreseeable or anticipated as a natural consequence.") (emphasis in original).

Nor does the existence of these transactions cure other fundamental legal flaws in the Amended Complaint. These transactions are not obvious "red flags" regarding Ms. Gubareva, let alone DPR, and do not create a continuing obligation for Sberbank to monitor media sources for information about their customers, or create "know your customer" or diligence obligations under the USA PATRIOT Act, as Plaintiffs have alleged. *See* Sberbank Br. at 17, 22-23. These transactions also are not actions by Sberbank that are themselves inherently violent or dangerous and intended to coerce or intimidate. *See, e.g., Kaplan v. Lebanese Canadian Bank, SAL*, 405 F. Supp. 3d 525, 531-32 (S.D.N.Y. 2019) (bank's own actions must meet the definition of "international terrorism"); Sberbank Br. at 24-25.

Hon. Andrew L. Carter 4

        Respectfully submitted,

        DEBEVOISE & PLIMPTON LLP

        By: */s/ John S. Kiernan*

            John S. Kiernan
            William H. Taft V
            Román J. Rodriguez
            jskiernan@debevoise.com
            whtaft@debevoise.com
            rjrodriguez@debevoise.com

            919 Third Avenue
            New York, New York 10022
            (212) 909-6000
            *Counsel for* Sberbank of Russia

cc:     All counsel of record (via ECF)