WHITE & CASE

November 14, 2021

VIA ECF & E-MAIL

The Honorable Andrew L. Carter, Jr.
United States District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

***Schansman, et al. v. Sberbank of Russia PJSC, et al.*, No. 1:19-cv-02985-ALC-GWG (S.D.N.Y.)
Request for Pre-Motion Conference on Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

Dear Judge Carter:

White & Case LLP was recently retained to act as co-counsel with Debevoise & Plimpton LLP to Sberbank of Russia in the above-captioned action. Pursuant to Section 2.A of Your Honor's Individual Practices, Sberbank respectfully requests a pre-motion conference regarding its proposed motion to dismiss the Second Amended Complaint (ECF No. 156) for lack of subject-matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1601 *et seq*. By virtue of its direct majority ownership by a "foreign state or political subdivision thereof," Sberbank is an "agency or instrumentality of a foreign state" within the meaning of § 1603 of the FSIA. As such, Sberbank is presumptively immune from jurisdiction and suit in this case. And because the only potentially relevant exception to sovereign immunity for claims under Anti-Terrorism Act ("ATA") does not apply here, the Court lacks subject-matter jurisdiction over Plaintiffs' claims against Sberbank. *See* 28 U.S.C. § 1605B(c) (setting forth limited exception for ATA claims against foreign states that are immune from jurisdiction under § 1605B(b)); *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993) ("[U]nless a specified exception applies, a federal court lacks subject-matter jurisdiction over a claim against a foreign state.") (citing *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 488-89 (1983)).

The FSIA provides the "sole basis for obtaining jurisdiction over a foreign state" in U.S. courts. *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434 (1989); *see* 28 U.S.C. §§ 1330(a), 1604; *see also id.* § 1603(a) (defining a "foreign state" to include "an agency or instrumentality of a foreign state"). Under the FSIA, a foreign state, its political subdivisions, and its agencies and instrumentalities are "presumptively immune from the jurisdiction of United States courts," subject to specified exceptions enumerated in the statute. *Saudi Arabia v. Nelson*, 507 U.S. at 355; *see also Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 137 S. Ct. 1312, 1320 (2017) (stating the FSIA "starts from a premise of immunity and then creates exceptions to the general principle") (internal quotations omitted). Where the defendant establishes a *prima facie* case that it is a foreign state, the plaintiff must then show that the foreign state lacks immunity under an FSIA exception. *See, e.g.*, *Chettri v. Nepal Rastra Bank*, 834 F.3d 50, 55 (2d Cir. 2016).

WHITE & CASE

The Honorable Andrew L. Carter, Jr.
November 14, 2021

**Sberbank Is An "Agency Or Instrumentality" Of The Russian Federation And Thus Is Presumptively Immune From Jurisdiction And Suit In U.S. Courts**

Section 1603 of the FSIA defines a "foreign state" to include, among other things, "an agency or instrumentality of a foreign state." 28 U.S.C. § 1603(a). In turn, an "agency or instrumentality of a foreign state" is defined (in relevant part) as "any entity" "a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof." 28 U.S.C. § 1603(b)(2).

As alleged, "the Government of the Russian Federation" "owns 51% of the bank." 2d Am. Compl. ¶ 37 (referring to Sberbank); *see also* Sberbank's Am. Disclosure Stmt. Pursuant to Fed. R. Civ. P. 7.1, ECF No. 148 ("As of April 30, 2020, the Russian Federation in the person of the Ministry of Finance of the Russian Federation owns a 50% equity stake plus one ordinary share in Defendant Sberbank of Russia."). Therefore, Sberbank is "an agency or instrumentality" of the Russian Federation within the meaning of the FSIA and is presumptively immune from jurisdiction and suit in this case. *See Nelson*, 507 U.S. at 355. Indeed, this Court has repeatedly held that a bank that is majority owned by a foreign state is an "agency or instrumentality" of that foreign state. *See, e.g.*, *Gosain v. State Bank of India*, 689 F. Supp. 2d 571, 579 (S.D.N.Y. 2010) (bank majority owned by India), *vacated in part on other grounds*, 414 F. App'x 311, 314-15 (2d Cir. 2011); *Rosner v. Bank of China*, 528 F. Supp. 2d 419, 422, 424 (S.D.N.Y. 2007) (bank majority owned by China); *Brenntag Int'l Chems., Inc. v. Norddeutsche Landesbank GZ*, 9 F. Supp. 2d 331, 333 & n.1 (S.D.N.Y. 1998) (bank majority owned by India).

**No Exception To Sberbank's Sovereign Immunity Is Alleged Or Applies**

The Second Amended Complaint is silent as to whether any exception to sovereign immunity might apply here. Regardless, because Plaintiffs' claims are brought under the ATA, the only possible exception to Sberbank's sovereign immunity is the one provided in § 1605B of the FSIA, enacted in 2016 as part of the Justice Against Sponsors of Terrorism Act, Pub. L. No. 114-222, 130 Stat. 852 ("JASTA"). *See* 18 U.S.C. § 2337(2) (prohibiting actions under the ATA against "a foreign state" or "an agency of a foreign state"); 28 U.S.C. § 1605B(c) ("Notwithstanding section 2337(2) of title 18, a national of the United States may bring a claim against a foreign state in accordance with section 2333 of that title if the foreign state would not be immune under subsection (b)."). As this Court has explained, JASTA:

> permits United States nationals to assert claims against foreign states under the ATA, provided that the requirements of its newly-created FSIA exception are otherwise met. *See* 28 U.S.C. § 1605B(c). Pre-JASTA, the ATA had explicitly barred claims brought thereunder from being asserted against foreign states. *See* 18 U.S.C. § 2337.

*Ashton v. Al Qaeda Islamic Army (In re Terrorist Attacks on Sept. 11, 2001)*, 298 F. Supp. 3d 631, 642 & n.6 (S.D.N.Y. 2018).

By its terms, the new FSIA exception in JASTA withdraws sovereign immunity in cases against foreign states involving, among other things,

The Honorable Andrew L. Carter, Jr.
November 14, 2021

> physical injury to person or property or death *occurring in the United States* caused by[] (1) an act of international terrorism *in the United States*; and (2) a tortious act or acts of the foreign state, or of any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, regardless where the tortious act or acts of the foreign state occurred.

28 U.S.C. § 1605B(b) (emphases added).  Thus, under the plain language of the statute, subject-matter jurisdiction is lacking over ATA claims against a foreign state or an agency or instrumentality of a foreign state unless (among other things) *both* the alleged act of international terrorism *and* the physical injuries or deaths such act allegedly caused, occur within the territorial United States.  Neither of these (or any other) requirements under § 1605B(b) is met here.

The Second Amended Complaint alleges that a U.S. national died as a result of the downing of a plane "over eastern Ukraine."  *See* 2d Am. Compl. ¶¶ 1, 75.  Thus, the alleged attack over eastern Ukraine was not "an act of international terrorism *in the United States*," as required by the statutory exception to foreign sovereign immunity.  28 U.S.C. § 1605B(b) (emphasis added).  And the death and physical injuries alleged in the Second Amended Complaint did not occur in the United States.  *Id.*  Accordingly, the exception to foreign sovereign immunity in § 1605B(b) is plainly inapplicable here.

For the reasons stated above, the Second Amended Complaint should be dismissed in its entirety with prejudice as against Sberbank under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction.

Respectfully submitted,

/s/ *Nicole Erb*

WHITE & CASE LLP
Nicole Erb
Claire A. DeLelle
Matthew S. Leddicotte (*pro hac vice* application submitted)

DEBEVOISE & PLIMPTON LLP
John S. Kiernan
William H. Taft V

*Counsel for Sberbank of Russia*

cc:   Counsel of Record (via ECF & e-mail)