Debevoise & Plimpton

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

Via ECF and Email                                                                                                    November 15, 2021

The Honorable Andrew L. Carter, Jr.
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 435
New York, NY 10007

> Re:   *Schansman, et al. v. Sberbank of Russia PJSC, et al.*, No. 19-CV-2985
>       (ALC) (GWG)
>       Request for Pre-Motion Conference re: Motion to Certify for
>       Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)

Dear Judge Carter:

We write on behalf of Defendant Sberbank of Russia ("Sberbank"). Sberbank has filed a pre-motion letter (ECF No. 206) asserting sovereign immunity and a lack of subject-matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1601 *et seq.* Sberbank reserves all rights, privileges, defenses, and immunities, including the defenses of sovereign immunity and lack of subject-matter and personal jurisdiction under the FSIA. Sberbank has also made a motion for reconsideration of the Memorandum and Order denying Sberbank's motion to dismiss (ECF No. 185) (the "Opinion" or "Op.") (ECF Nos. 220, 221).

Pursuant to the Court's Individual Practice Rule 2.A, Sberbank seeks permission to move to certify the Opinion for appeal, pursuant to 28 U.S.C. § 1292(b), if the Court does not dismiss the Second Amended Complaint (the "SAC", ECF No. 156) on threshold jurisdictional grounds under the FSIA or on reconsideration. Interlocutory appeal is warranted because (1) the causation standard applied by the Opinion is inconsistent with controlling Supreme Court and Second Circuit precedent; (2) the Opinion's finding of adequate pleading of knowledge and intent to engage in "international terrorism" based on allegations about the public availability of information about the Donetsk People's Republic ("DPR") and its alleged supporters is inconsistent with precedent and should be examined alongside a pending appeal that the Second Circuit certified to address related issues in the context of JASTA; and (3) the assertion of personal jurisdiction based on the SAC's allegations relating to passive transfers through U.S. correspondent accounts represents an unwarranted and dramatic extension of existing precedent.

Interlocutory appeal is warranted when an order involves a "controlling question of law as to which there is substantial ground for difference of opinion and [] an immediate appeal…may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b). While certification under § 1292(b) is reserved for "exceptional circumstances," *Flor v. BOT Fin. Corp.*, 79 F.3d 281, 284 (2d Cir. 1996), an immediate appeal could avoid years of litigation in this Court, while also clarifying the law applicable to many other ATA claims pending in the Second Circuit. When a ruling satisfies the criteria of § 1292(b) and

"involves a new legal question or is of special consequence," then the district court "should not hesitate to certify an interlocutory appeal." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009). The issues addressed in this motion meet this standard.

**Causation.** Supreme Court and Second Circuit authority require that a plaintiff plead that a defendant's conduct was both (i) a but-for cause, and (ii) a direct and substantial, *i.e.* "proximate," cause of Plaintiffs' injury. *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 457 (2006) (RICO's "by reason of" language requires a "showing that the defendant's violation not only was a 'but for' cause of his injury, but was the proximate cause as well"); *In re Terrorist Attacks on September 11, 2001*, 714 F.3d 118, 123 (2d Cir. 2013) (interpreting ATA "by reason of" language consistently with other statutes using the same language); *Rothstein v. UBS AG*, 708 F.3d 82, 91 (2d Cir. 2013) (applying substantial factor analysis for proximate cause).

By focusing exclusively on the alleged foreseeability of Plaintiffs' injuries without addressing the further question whether the SAC plausibly alleges that Sberbank's conduct was a direct and substantial cause of those injuries, the Opinion departs from holdings of other courts that allegations of provision of banking services to supporters of terrorist organizations are insufficient in themselves to plead proximate causation. *See, e.g., In re Terrorist Attacks,* 714 F.3d at 124; *Kaplan v. Lebanese Canadian Bank, SAL,* 405 F. Supp. 3d 525, 532-33 (S.D.N.Y. 2019), *rev'd on other grounds*, 999 F.3d 842 (2d Cir. 2021). In addition, although other district courts in this Circuit have rejected the argument that the ATA requires but-for causation, *see, e.g.*, *Miller v. Arab Bank, PLC*, 372 F. Supp. 3d 33 (E.D.N.Y. 2019), that view conflicts with a long line of Supreme Court decisions interpreting the statutory phrase "by reason of" to require at least a showing of but-for causation. *See* ECF No. 221 at 5-14.

The applicable standard of causation under the ATA is an appropriate question for interlocutory review. The Second Circuit has held that proximate causation is required for a claim of primary liability under the ATA, *Rothstein*, 708 F.3d at 91, but it has left open the question whether the ATA requires but-for causation. *Linde v. Arab Bank PLC*, 882 F.3d 314, 330 (2d Cir. 2018). Application of the but-for and proximate cause standards to the SAC "would terminate the action" and, as the same causation allegations are pled against all Defendants, the issue is "controlling." *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990). A substantial difference of opinion exists among district courts on how to apply controlling precedent, and the question whether but-for causation is required is important for ATA cases and for claims based on other statutes that use the "by reason of" language. *Primavera Familienstifung v. Askin*, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001) ("precedential value for a large number of cases" a relevant factor). Determining the applicable causation standard is "a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record," *Capitol Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013), and judicial efficiencies at both the district and appellate levels may be realized by addressing the applicable causation standard at this early stage of the case. *See Tocco v. Real Time Resolutions, Inc.*, No. 14-CV-810, 2015 WL 5086390, at *2 (S.D.N.Y. Mar. 4, 2015).

**Knowledge and Intent to Support Terror**.  The Opinion, Op. at 15, adopted a test for Sberbank's knowledge or intent to commit terrorism based on Sberbank's alleged disregard of news articles concerning the ultimate recipients of funds that passed through Sberbank accounts, implicitly finding that the provision of those banking services itself involved violence or endangered human life.  These allegations are insufficient under recent Second Circuit precedent.  *See Honickman v. BLOM Bank SAL*, 6 F.4th 487, 502 (2d Cir. 2021) ("public sources cited in the complaint do not plausibly support an inference" of general awareness under JASTA).  *See* ECF No. 221 at 17-19.

The Opinion also relies on allegations of an investigation allegedly announced by Ukraine to support an inference that Sberbank intended to engage in international terrorism.  Op. at 16.  Decisions of courts in this District conflict as to whether, and when, allegations concerning foreign investigations or violations of U.S. sanctions permit an inference that the Defendant engaged in international terrorism.  *Compare Gill v. Arab Bank, PLC*, 893 F. Supp. 2d 542, 561 (E.D.N.Y. 2012) (granting motion to dismiss when defendant bank maintained accounts for FTO front groups even after U.S. and Israeli investigations and Israeli blacklisting) *with Miller*, 372 F. Supp. 3d at 40, 45 (denying motion to dismiss complaint alleging that defendant bank failed to conduct a proper investigation after learning from Treasury Department that it had transferred funds for entities subsequently designated as terrorist organizations).  Mere identification of a foreign investigation into a bank's alleged connections with a terrorist entity, without any allegations regarding the investigation's basis or findings, is insufficient to allege knowledge or intent to engage in terrorism.

The question whether a complaint must allege that a bank had actual knowledge that its customers supported terrorism has divided courts in the Second Circuit addressing aiding-and-abetting claims against a bank under JASTA.  *Estate of Henkin v. Kuveyt Turk Katilim Bankasi, A.S.*, 495 F. Supp. 3d 144, 156 n.8 (E.D.N.Y. 2020) ("*Henkin I*") (collecting cases).  Numerous courts have found that complaints did not adequately plead defendants' "general awareness," an element of aiding-and-abetting liability under JASTA, merely by pleading that a bank could have, with sufficient inquiry, discovered publicly available information linking a bank's customers to a terrorist organization.  *See Estate of Henkin v. Kuveyt Turk Katilim Bankasi, A.S.*, No. 19-cv-5394 (BMC), 2020 WL 6700121 (E.D.N.Y. Nov. 13, 2020) (certifying for appeal decision in *Henkin I*).  In *Henkin*, Judge Cogan declined to dismiss a complaint that alleged "general awareness" based on circumstantial evidence, but recognized that his position was contrary to other courts' and consequently certified the question for appeal.  *Id*.  The Second Circuit has agreed to take that appeal, *see* 20-3939, ECF No. 37 (2d Cir. Mar. 4, 2021), acknowledging an absence of controlling authority on this issue.  *Id*. at 2.

The Second Circuit's acceptance of the interlocutory appeal in *Henkin* presents a strong reason to certify the Opinion.  It would be anomalous and inefficient to permit a primary-liability ATA claim against Sberbank to go forward on the basis of allegations that Sberbank could have determined whether its customers were supporters of DPR based on publicly available sources, while the Second Circuit considers whether the same kinds of allegations are sufficient to support a secondary-liability JASTA claim.  This controlling question of law should instead be certified so that the Second Circuit can consider it in parallel with *Henkin*, bringing clarity to a difficult issue that has divided district courts.

**Personal Jurisdiction**.  The SAC's personal jurisdictional allegations rely on unsupportable inferences that, because a few DPR Supporters provided information about how to use Sberbank's U.S. correspondent accounts and claimed to have raised substantial funds from donors around the world, a significant portion of those funds must have flowed through Sberbank's U.S. accounts.  The question whether jurisdiction is sustainable based on passive maintenance of correspondent accounts combined with a purely speculative guess that material transfers took place through those accounts warrants immediate appellate review.

Sberbank also joins in the arguments presented by the other Defendants' letters requesting permission to file motions to certify this matter for interlocutory appeal.

                          DEBEVOISE & PLIMPTON LLP

                          By: */s/ John S. Kiernan*
                                John S. Kiernan
                                William H. Taft V
                                jskiernan@debevoise.com
                                whtaft@debevoise.com

                                919 Third Avenue
                                New York, New York 10022
                                (212) 909-6000

                          WHITE & CASE LLP

                                Nicole Erb
                                Claire A. DeLelle
                                Matthew S. Leddicotte*
                                nerb@whitecase.com
                                claire.delelle@whitecase.com
                                mleddicotte@whitecase.com

                                701 Thirteenth Street, NW
                                Washington, D.C.  20005
                                (202) 626-3600
                                *\* admitted pro hac vice*

                                *Counsel for Sberbank of Russia*

cc:     All counsel of record (via ECF)