LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

CHRISTOPHER N. MANNING
(202) 434-5121
CManning@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

November 16, 2021

**By ECF and Email**
The Honorable Andrew L. Carter, Jr.
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 435
New York, NY 10007

      Re:    *Schansman et al. v. Sberbank of Russia PJSC et al.*, Civil No. 19-cv-02985
             (ALC)(GWG)
             Request for Pre-Motion Conference re: Motion to Certify for Interlocutory Appeal
             <u>Pursuant to 28 U.S.C. § 1292(b)</u>

Dear Judge Carter:

      I write on behalf of Defendants MoneyGram International, Inc. and MoneyGram Payment Systems, Inc. (together, "MoneyGram") pursuant to the Court's Individual Practice Rule 2A to join the other Defendants and request a pre-motion conference regarding Defendants' motions to certify the Court's September 30, 2021 order (ECF 185) ("Order") for interlocutory review pursuant to 28 U.S.C. § 1292(b).

      Like the other Defendants, MoneyGram filed a motion for reconsideration of the Order ("Motion"). *See* ECF 219. In the event that the Court does not grant reconsideration, interlocutory review is appropriate for the reasons discussed in the Motion and the other Defendants' letters of yesterday evening relating to the legal standards for the Anti-Terrorism Act's ("ATA's") act of international terrorism requirement and the elements of knowledge/intent and causation. *See* ECF 215 (Western Union letter); ECF 217 (VTB Bank letter); ECF 222 (Sberbank letter); ECF 219 at 3–11 (MoneyGram motion for reconsideration). As those issues are discussed extensively in the Motion and the other Defendants' letters, which also discuss the standards for interlocutory review under § 1292(b), we do not repeat those points here and instead incorporate them herein by reference in the interests of economy.

      MoneyGram further agrees that if the Court does not grant reconsideration, interlocutory review is justified given the discovery costs and reputational harms associated with allowing deficient ATA claims to proceed. *See* ECF 215 at 3 (Western Union letter). *See also Burnett v. Al Baraka Inv. and Dev. Corp.*, 274 F. Supp. 2d 86, 103 (D.D.C. 2003) ("The use of the privileged medium of a lawsuit to publicly label someone an accomplice of terrorists can cause incalculable

WILLIAMS & CONNOLLY LLP
Hon. Andrew L. Carter, Jr.
November 16, 2021
Page 2

reputational damage."). This is particularly important in the case of MoneyGram, where the Second Amended Complaint does not plead any money transfers via MoneyGram prior to the crash of Malaysian Airlines Flight 17 ("MH17") on July 17, 2014, and both the SAC and the Order rely on a website that did not attempt to solicit funds via MoneyGram until after that date. *See* ECF 219 at 2–11; ECF 162 at 3 n.1 ("[T]his website as it appeared prior to the attack does not actually mention MoneyGram." (citing ECF 164, 164-1, 164-2)).

We welcome the opportunity to discuss this further at a pre-motion conference.

Respectfully,

**WILLIAMS & CONNOLLY LLP**

*/s/ Christopher N. Manning*
Christopher N. Manning

*Counsel for Defendants MoneyGram Payment Systems, Inc. and MoneyGram International, Inc.*

cc:    All counsel of record via ECF