**WHITE & CASE**

November 19, 2021

VIA ECF & E-MAIL

The Honorable Andrew L. Carter, Jr.
United States District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

***Schansman, et al. v. Sberbank of Russia PJSC, et al.*, No. 1:19-cv-02985-ALC-GWG (S.D.N.Y.)
Response to Plaintiffs' Letter re Sberbank's Request for Pre-Motion Conference on Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

Dear Judge Carter:

Sberbank is compelled to respond briefly to Plaintiffs' November 17, 2021 letter (ECF No. 228) urging the Court to deny Sberbank the opportunity even to brief the threshold question of subject-matter jurisdiction under the Foreign Sovereign Immunities Act. Plaintiffs' letter inaccurately describes both the facts and the law. Sberbank writes to correct the record, and disputes all of Plaintiffs' arguments concerning sovereign immunity. Plaintiffs' letter only underscores why briefing on these fundamental questions is warranted here.

Plaintiffs criticize (at 3) Sberbank for its "proposed post-answer motion." Plaintiffs are well aware that Sberbank raised the issue of subject-matter jurisdiction in the pre-motion letter (*see* ECF No. 206, Sberbank's pre-motion letter, dated Nov. 14), which was filed prior to the answer (*see* ECF No. 223, Sberbank's answer, dated Nov. 15). *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiffs neglected to inform the Court that the *Bartlett* decision they cite (at 1) is currently on appeal before the Second Circuit. *See Bartlett, et al. v. Societe Generale de Banque au Liban SAL, et al.*, Docket No. 21-2019 (2d Cir.), *appeal filed* Aug. 19, 2021. That appeal raises (among other issues) the applicability of *Dole Food Co. v. Patrickson*, 538 U.S. 468 (2003), to changes to agency-or-instrumentality status *after* a suit is filed—an issue that was not before the Supreme Court in *Dole Food*.

Plaintiffs' letter (at 2) creates the misimpression that *Wultz v. Islamic Republic of Iran*, 755 F. Supp. 2d 1, 30 (D.D.C. 2010), applies to the ATA's sovereign immunity provision, 18 U.S.C. § 2337. *Wultz* does not address § 2337, which requires dismissal of the SAC, but rather the FSIA's commercial activity exception. With respect to foreign states, which include their

**WHITE & CASE**

The Honorable Andrew L. Carter, Jr.
November 19, 2021

agencies and instrumentalities, § 2337's language expressly focuses on the status of the defendant throughout the case, and certainly upon the filing of successive complaints, not only at the time of filing: "[n]o action shall be *maintained* under section 2333 . . . against . . . (b) a foreign state [or] an agency of a foreign state . . . ." (emphasis added). *See Ungar v. PLO*, 402 F.3d 274 (1st Cir. 2005) (read § 2337 provisions "*in pari materia*" with FSIA provisions).

The Court should have the benefit of full briefing by the parties before it decides the important questions of Sberbank's sovereign immunity and the Court's subject-matter jurisdiction.

Respectfully submitted,

/s/ *Nicole Erb*

WHITE & CASE LLP
Nicole Erb
Claire A. DeLelle
Matthew S. Leddicotte

DEBEVOISE & PLIMPTON LLP
John S. Kiernan
William H. Taft V

*Counsel for Sberbank of Russia*

cc:   Counsel of Record (via ECF & e-mail)

2