**Debevoise & Plimpton**

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

Via ECF                                                                                           November 19, 2021

The Honorable Gabriel W. Gorenstein
U.S. District Court for the Southern District of New York
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *Schansman, et al. v. Sberbank of Russia PJSC, et al.*, No. 19-CV-2985 (ALC) (GWG)
            Motion for Protective Order Staying Discovery Against Sberbank During Pendency of Sberbank's Motion to Dismiss for Lack of Subject-Matter Jurisdiction under the FSIA

Dear Judge Gorenstein:

      We write on behalf of Defendant Sberbank of Russia ("Sberbank"), to move for a stay of discovery as to Sberbank pursuant to Fed. R. Civ. P. 26(c)(1).[1] On November 14, 2021, Sberbank filed a letter with Judge Carter (ECF No. 206) (the "FSIA Letter") requesting a pre-motion conference on its proposed motion to dismiss for lack of subject-matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1602 *et seq.*, and 18 U.S.C. § 2337(2) (the "FSIA Motion").[2] Plaintiffs responded on November 17, 2021 (ECF No. 228), and Sberbank filed a reply correcting legal and factual inaccuracies in Plaintiffs' letter on November 19, 2021 (ECF No. 231). Sberbank is majority owned by the Russian Federation, and is therefore an agency or instrumentality of a foreign state under Section 1603 of the FSIA and immune from both suit and jurisdiction in this case under the FSIA and 18 U.S.C. § 2337(2). Plaintiffs contest this conclusion on legal grounds not at issue in seeking this protective order.

      It is settled law that, because "sovereign immunity protects" a foreign state (or an agency or instrumentality of a foreign state) from "the expense, intrusiveness, and hassle of litigation, a court must be 'circumspect' in allowing discovery before the plaintiff has established that the court has jurisdiction over a foreign sovereign defendant under the FSIA." *Arch Trading Corp. v. Republic of Ecuador*, 839 F.3d 193, 206 (2d Cir. 2016) (quoting *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 210 (2d Cir. 2012), and *First City, Texas-Houston, N.A. v. Rafidain Bank*, 150 F.3d 172, 176-77 (2d Cir. 1998)), *aff'd sub nom. Republic of Argentina v. NML Capital, Ltd.*, 134 S. Ct. 2250 (2014). Accordingly, when a

---

[1] Sberbank submits that this motion may be resolved without a conference, but is available to participate in a conference at the Court's convenience if needed.

[2] Sberbank reserves all rights, privileges, defenses, and immunities, including, without limitation, the defenses of sovereign immunity and lack of subject-matter and personal jurisdiction under the FSIA.

party asserts immunity under the FSIA, "a plaintiff may be allowed limited discovery with respect to the jurisdictional issue; but until she has shown a reasonable basis for assuming jurisdiction, she is not entitled to any other discovery." *First City, N.A.*, 150 F.3d at 176; *see also Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 137 S. Ct. 1312, 1316-17 (2017) (holding that "foreign sovereign immunity's basic objective" is "to free" a foreign state "from *suit*"). In this case, not even limited discovery as to jurisdictional facts is needed or permitted because the operative complaint (the "SAC") (EFC No. 156) pleads the uncontested facts that are the basis of Sberbank's assertion of sovereign immunity. Indeed, Plaintiffs have not requested and the Court has not authorized any limited jurisdictional discovery. Accordingly, there is "good cause" for this Court to stay all discovery against Sberbank under Federal Rule of Civil Procedure 26(c)(1).

Counsel for Sberbank (John S. Kiernan) emailed Plaintiffs' counsel (David Pressman) at 5:47pm on November 18, 2021 to propose an agreed-upon stay of discovery during the pendency of Sberbank's proposed motion to dismiss on sovereign immunity grounds. Mr. Pressman indicated his opposition to any such stay in correspondence with Judge Carter later that day. *See* ECF No. 230 (asserting that"[i]n no event should the case schedule be affected" by Sberbank's motion to dismiss). Mr. Kiernan and Mr. Pressman met and conferred by telephone at 6:00pm on November 19, 2021. Following a short conversation, they agreed that the parties are at impasse on the appropriateness of the proposed stay, and that Sberbank would proceed to send this letter to the Court.

**This Court Should Stay Discovery as to Sberbank**

This Court should stay discovery as to Sberbank under Rule 26(c)(1) because Sberbank's assertion of its immunity under the FSIA constitutes "good cause" to protect it from annoyance, oppression, or undue burden or expense. *See also* Fed. R. Civ. P. 26(c)(1)(D) (permitting the court to "limit[] the scope of disclosure or discovery to certain matters"). Sberbank has a "legitimate claim to immunity from discovery" in this action because it is undisputed that Sberbank is majority owned by the Russian Federation. *First City*, 150 F.3d at 176. The Second Circuit's prohibition on any non-jurisdictional discovery "before the plaintiff has established that the court has jurisdiction over a" foreign state defendant "under the FSIA," *Arch Trading Corp.*, 839 F.3d at 206-07, is sufficient to establish good cause under Rule 26(c)(1).

Protecting Sberbank from the "undue burden [and] expense" of litigating in a foreign country is especially important in light of the FSIA's purpose to protect foreign states and their agencies or instrumentalities from the "expense, intrusiveness, and hassle of litigation," *Beierwaltes v. L'Office Federale de la Culture de la Confederation Suisse*, 999 F.3d 808, 828 (2d Cir. 2021), a concern driven by the "principles of comity underlying the FSIA," *First City,* 150 F.3d at 177. *See also EM Ltd.*, 695 F.3d at 210 (holding that the objective of the FSIA is to protect a foreign state (including an agency or instrumentality of a foreign state) "from the expense, intrusiveness, and hassle of litigation"). Immunity from suit thus protects a foreign state (or an agency or instrumentality of a foreign state) from revealing sensitive information while an assertion of sovereign immunity is pending. Discovery in this case is likely to be particularly intrusive, complex and burdensome, and to raise complex issues of U.S. and Russian law. Arranging for the collection, review, and production of foreign-

language documents and the deposition of witnesses abroad, as well as litigating discovery disputes in a foreign jurisdiction will be costly and distracting for Sberbank. Sberbank is presumptively immune from suit and jurisdiction; it should not be required to address these difficult issues or otherwise incur the burdens of discovery pending a decision on its FSIA Motion.

**Jurisdictional Discovery Is Not Warranted in This Case**

In keeping with the objectives of the FSIA, discovery as to Sberbank is not permissible except to "verify allegations of specific facts crucial to an immunity determination." *EM Ltd. v. Republic of Argentina*, 473 F.3d 463, 486 (2d Cir. 2007); *see also Vera v. Republic of Cuba*, 867 F.3d 310, 316-17 (2d Cir. 2017) (holding that sovereign immunity is a threshold, jurisdictional issue that must be resolved before a Court may adjudicate a plaintiff's substantive claims). And even such limited discovery on jurisdictional issues is not warranted or appropriate in this case because the basis for Sberbank's immunity—its majority ownership by the Russian Federation—is not in dispute.

Specifically, the SAC alleges—and Sberbank admits—that Sberbank is owned by the Russian Federation, which establishes Sberbank's immunity as an "agency or instrumentality of a foreign state" under Section 1603 of the FSIA.[3] Likewise, Plaintiffs agree that Quinn Schansman's death occurred in Ukraine, such that the only potential exception to immunity for claims under the ATA does not apply. *See* 18 U.S.C. § 2337(2) (providing immunity under the ATA for foreign states); 28 U.S.C. § 1605B(b)-(c) (foreign states not immune under § 2337 only if, among other things, the injury and the act of international terrorism took place in the United States). Insofar as Plaintiffs contest Sberbank's claim on the basis of a shift in its ownership, the relevant facts are all public record and uncontested. *See* ECF No. 228-1 (Press release from Bank of Russia noting transfer of ownership from the central bank to Russian Federation). Accordingly, Plaintiffs cannot "present an adequate basis for expecting that they would be able to rebut" Sberbank's assertion of immunity on factual grounds and should thus be entitled to jurisdictional discovery. *Arch Trading Corp.*, 839 F.3d at 206-07 (upholding district court's denial of jurisdictional discovery in an FSIA case); *see also Beierwaltes*, 999 F.3d at 828 ("In practice…a plaintiff should be granted jurisdictional discovery only to verify allegations of specific facts crucial to an immunity determination."); *cf. Gertskis v. E.E.O.C.*, 594 F. App'x 719, 722 (2d Cir. 2014) (affirming stay of discovery where there was "no indication that [plaintiffs] discovery request sought

---

[3]  *See* SAC ¶ 33 ("Defendant Sberbank is a Russian state-owned banking institution."), ¶ 363 ("At all relevant times, Defendants Sberbank and VTB Bank were owned by the Government of the Russian Federation."), ¶ 365 ("The Government of Ukraine has stated, 'Sberbank, a large financial institution that is majority state-owned…'"); *see also* Answer of Sberbank of Russia to the SAC (ECF No. 226) ¶ 33 (Sberbank "admits that it is a Russia-headquartered bank and that the Ministry of Finance of the Russian Federation…owns a majority of its equity."), ¶ 362 (Sberbank "admits that during 2014 the Bank of Russia owned an equity stake in Sberbank."); Sberbank's Amended R. 7.1 Disclosure Statement (ECF No. 148) ("As of April 30, 2020, the Russian Federation in the person of the Ministry of Finance of the Russian Federation owns a 50% equity stake plus one ordinary share in Defendant Sberbank of Russia").

information that may have allowed [plaintiff] to defeat the…defendants' sovereign-immunity defense.").

\* \* \*

For the foregoing reasons, Sberbank respectfully requests that the Court enter a protective order staying all discovery as to Sberbank during the pendency of its FSIA Motion.

DEBEVOISE & PLIMPTON LLP

By: */s/ John S. Kiernan*
John S. Kiernan
William H. Taft V
jskiernan@debevoise.com
whtaft@debevoise.com

919 Third Avenue
New York, New York 10022
(212) 909-6000

WHITE & CASE LLP

Nicole Erb
Claire A. DeLelle
Matthew S. Leddicotte\*
nerb@whitecase.com
claire.delelle@whitecase.com
mleddicotte@whitecase.com

701 Thirteenth Street, NW
Washington, D.C. 20005
(202) 626-3600
*\* admitted pro hac vice*

*Counsel for Sberbank of Russia*

cc: All counsel of record (via ECF)