**Debevoise & Plimpton**

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

Via ECF & Email                                                                                          November 24, 2021

The Honorable Andrew L. Carter and The Honorable Gabriel W. Gorenstein
U.S. District Court for the Southern District of New York
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *Schansman, et al. v. Sberbank of Russia PJSC, et al.*, No. 19-CV-2985 (ALC) (GWG)
            Supplemental Authorities in Support of Sberbank's Request for Pre-Motion Conference on Motion to Dismiss for Lack of Subject-Matter Jurisdiction under the FSIA and Motion for Protective Order Staying Discovery Against Sberbank During Its Pendency

Dear Judges Carter and Gorenstein:

      With apologies for burdening the Court, we write on behalf of Defendant Sberbank of Russia ("Sberbank"), to alert the Court to additional authorities that underscore why full briefing on the issue of Sberbank's sovereign-immunity defense is imperative and why it is appropriate for the Court to stay discovery as to Sberbank until its motion to dismiss for lack of subject-matter jurisdiction is resolved. *See* Sberbank's Request for Pre-Motion Conference on Motion to Dismiss for Lack of Subject-Matter Jurisdiction (ECF No. 206); Sberbank's Motion for Protective Order Staying Discovery During the Pendency of Its Motion to Dismiss for Lack of Subject-Matter Jurisdiction (ECF No. 233).

      Plaintiffs rely on *Dole Food Co. v. Patrickson*, 538 U.S. 468 (2003), and *Abrams v. Societe Nationale Des Chemins De Fer Francais*, 389 F.3d 61 (2d Cir. 2004), as purportedly holding that Sberbank is not immune from suit or jurisdiction in this case because it was not majority-owned by a foreign state "at the time [this] action [was] initiated," notwithstanding that since April 2020, after the filing of the Complaint, Sberbank clearly satisfied that requirement (without prejudice to arguments that Sberbank also satisfied the requirement at the time of the complaint). Plaintiffs' Letter to J. Gorenstein re: Sberbank's Motion for Protective Order (ECF No. 238), at 1-2; *see also* Plaintiffs' Letter to J. Carter re: Sberbank's Request for Pre-Motion Conference on Motion to Dismiss for Lack of Subject-Matter Jurisdiction (ECF No. 228), at 2. But *Dole* and *Abrams* addressed only whether immunity must be assessed when the alleged wrongdoing is committed or when a suit is filed, and both cases held that the later date controls. *Dole Food Co.*, 538 U.S. at 478-80; *Abrams*, 389 F.3d at 64. Neither case addressed whether an action must be dismissed for lack of subject matter jurisdiction under the FSIA when an entity becomes an agency or instrumentality of a foreign state *after* a suit is filed. Relying on Supreme Court precedent handed down after *Dole*, *Abrams* suggests that a foreign state or agency or instrumentality should be dismissed upon acquiring that status at any time during the proceeding. *Abrams*, 389 F.3d at 64 (affirming dismissal for lack of jurisdiction because the defendant "is now wholly-owned by the French government" and "immunity simply 'reflects current political realities and relationships'" (quoting *Republic of Austria v. Altmann*, 541 U.S. 677, 696 (2004)).

Plaintiffs ignore entirely two exemplar decisions by the Supreme Court and the D.C. Circuit that expressly hold that a suit must be dismissed for lack of subject-matter jurisdiction even if the immunity attaches after the case is first filed. *See Republic of Iraq v. Beaty*, 556 U.S. 848, 865 (2009); *Zuza v. Off. of the High Representative*, 857 F.3d 935, 938 (D.C. Cir. 2017). In *Beaty*, the Supreme Court unanimously held that "the District Court lost jurisdiction over" two suits that were pending against Iraq when the President exercised his statutory authority to make a terrorism-related exception to immunity inapplicable so that Iraq's immunity "kicked back in." 556 U.S. at 865. In *Zuza*, the D.C. Circuit held that "the district court lacked subject matter jurisdiction" over two officials of an international organization "regardless of the date [their] immunity vested." 857 F.3d at 938. The court reasoned that statutory immunity for international organizations, *see* 11 U.S.C. § 288, *et seq.*, shields defendants "from the burden of defending themselves" and thus "does not operate only at a lawsuit's outset; it compels prompt dismissal even when it attaches mid-litigation." 857 F.3d at 938.[1] *See also Jam v. Int'l Fin. Corp.*, 139 S. Ct. 759, 772 (2019) ("The International Organizations Immunities Act grants international organizations the 'same immunity' from suit 'as is enjoyed by foreign governments' at any given time. Today that means that the Foreign Sovereign Immunities Act governs the immunity of international organizations.").

Sberbank currently is a foreign agency or instrumentality within the meaning of 28 U.S.C. § 1603(b). Because immunity determinations under the FSIA reflect current political realities and relationships, Sberbank is entitled to immunity and the case should be dismissed. *Zuza*, 857 F.3d at 938 ("Circumstances vary but the guiding principle is the same: Removing judicial power to adjudicate a case compels its dismissal."). Merits discovery should be stayed while the Court considers this issue with the benefit of full briefing from the parties.

| | |
|---|---|
| DEBEVOISE & PLIMPTON LLP | WHITE & CASE LLP |
| By: */s/ John S. Kiernan* | Nicole Erb |
| John S. Kiernan | Claire A. DeLelle |
| William H. Taft V | Matthew S. Leddicotte* |
| jskiernan@debevoise.com | nerb@whitecase.com |
| whtaft@debevoise.com | claire.delelle@whitecase.com |
| | mleddicotte@whitecase.com |
| 919 Third Avenue | |
| New York, New York 10022 | 701 Thirteenth Street, NW |
| (212) 909-6000 | Washington, D.C. 20005 |
| | (202) 626-3600 |
| | * admitted pro hac vice |

*Counsel for Sberbank of Russia*

---

[1] Neither of these cases was presented in briefing to the court or noted in the decision in *Bartlett v. Societe Generale de Banque au Liban SAL*, No. 19-CV-00007 (CBA) (TAM), 2021 WL 3706909, (E.D.N.Y. Aug. 6, 2021), which held that immunity must be assessed when a suit is filed, regardless of any subsequent changes in a defendant's status, *id.* at *8-9, and which decision is currently being appealed to the Second Circuit, Docket No. 21-2019 (2d Cir.), *appeal filed* Aug. 19, 2021.

Hon. Andrew L. Carter & Hon. Gabriel W. Gorenstein                                                                3

cc:     All counsel of record (via ECF & Email)