# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

THOMAS SCHANSMAN, individually, as
surviving Parent of QUINN LUCAS
SCHANSMAN, and

CATHARINA TEUNISSEN, individually, as
surviving Parent of QUINN LUCAS SCHANSMAN,
and as personal representative ofthe ESTATE OF
QUINN LUCAS SCHANSMAN, and

Civil No. 19-cv-02985-ALC

NERISSA SCHANSMAN, individually, as
surviving Sibling of QUINN LUCAS
SCHANSMAN, and

XANDER SCHANSMAN, individually, as
surviving Sibling of QUINN LUCAS
SCHANSMAN,

            Plaintiffs,

        -against-

SBERBANK OF RUSSIA PJSC, THE WESTERN
UNION COMPANY, WESTERN UNION
FINANCIAL SERVICES, INC., MONEYGRAM
INTERNATIONAL, INC., MONEYGRAM
PAYMENT SYSTEMS, INC.,and VTB BANK
PJSC,

           Defendants.

## STIPULATION AND PROPOSED ORDER GOVERNING THE PROTECTION AND EXCHANGE OF CONFIDENTIAL MATERIAL

**IT IS HEREBY STIPULATED, AGREED, AND ORDERED**, pursuant to the

Federal Rules of Civil Procedure, that this Stipulation and Order shall govern the formal and

informal production and/or disclosure by any party or non-party in this Action (the "Producing

Party") of information and documents, including, without limitation, Rule 26 initial disclosures,

documents, data, deposition testimony, deposition exhibits, interrogatory responses, responses to requests for admission, and other formal or informal discovery responses (such information shall hereinafter be referred to as "Discovery Material") and the handling of all such information produced or disclosed to any party or non-party (the "Receiving Party").[1]

1.      **SCOPE.** This Stipulation and Order shall apply to all Discovery Material.  In addition, any confidential information produced by a party or non-party in this litigation may be designated  by such party or non-party as "CONFIDENTIAL" under  the terms of this Stipulation and Order.

2.      This Stipulation and Order does not alter any confidentiality obligations that any Party or non-party may have at law or under another agreement.

3.      **CONFIDENTIAL DISCOVERY MATERIAL.**  A Producing Party may designate Discovery Material as "CONFIDENTIAL" ("Confidential Discovery Material") under the terms of this Stipulation and Order if such Producing Party in good faith believes that such Discovery Material contains nonpublic, confidential, personal, business, financial, strategic, medical, proprietary, or commercially sensitive information that requires the protections provided in this Stipulation ("Confidential Information"), including, but not limited to:

           a.  information prohibited from disclosure by law;

           b.  information that reveals trade secrets;

           c.  personal, identity, financial, medical, or other sensitive information concerning any individual including personally identifiable information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may

---

[1] Sberbank's agreement to this Stipulation and Order is without prejudice to its objection to the Court's subject-matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1602 *et seq*., and 18 U.S.C. § 2337(2), and Sberbank does not hereby waive its assertion of sovereign immunity in this case.

be used for identity theft, which may also be redacted and designated as "Redacted – PII" except, subject to Paragraph 5 below, customers' financial account numbers and related customer information relevant to the Parties' claims and defenses);

      d.  income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms;

      e.  material protected by the intellectual property laws of the United States or other applicable law;

      f.  information related to and communications with regulatory agencies to the extent that the information also meets the provisions in this Section 3;

      g.  proprietary business information, marketing plans or strategies, operational information, financial statements or information, customer information, sales or profit information, and confidential information related to business relationships with other non-parties;

      h.  information of a third party that is subject to a confidentiality agreement or understanding with that third party; and/or

      i.  information given confidential status by ruling of the Court.

      4.     Any copies, reproductions, excerpts or other documents or media that disclose Confidential Information as defined above shall also be treated as Confidential Information pursuant to this Order. Confidential Information shall not include information that has been publicly disclosed by the Producing Party prior to the date of production, or that is available to the public at the time of production, or that becomes available to the public after the date of production other than as a result of disclosure by the Receiving Party.

5.      **DOCUMENTS SUBJECT TO FOREIGN RESTRICIONS AND PROHIBITIONS ON DISCLOSURE.** The Parties are in dispute on the effect of foreign laws governing among things, banking secrecy, personal data, state secrets, and anti-money laundering and counter terrorism financing. The Parties reserve all rights to object to the production of or to move to compel the production of such information.

6.      **MARKING DOCUMENTS "CONFIDENTIAL."** The designation of Discovery Material as "CONFIDENTIAL" for purposes of this Stipulation and Order shall be made in the following manner by the Producing Party:

a.  In the case of documents or other materials (apart from depositions or other pre-trial testimony), (i) by affixing the legend "CONFIDENTIAL" to each page containing any Confidential Discovery Material; or (ii) in the case of electronically stored information produced in native format, by including "CONFIDENTIAL" in a metadata field of a database load file, or by affixing the legend "CONFIDENTIAL" to the media containing the Discovery Material (e.g., CD-ROM, flash drive, external hard drive, or DVD).  In such circumstances where the marking of each piece of Discovery Material is impractical or impossible, the Producing Party shall designate in writing the Discovery Material that it regards as Confidential.

b.  In the case of depositions or other pretrial testimony, (i) by a statement on the record by counsel during such deposition or other testimony or portion thereof that such testimony shall be treated as Confidential and direction to the stenographer that the deposition or portion thereof shall be marked as such; or (ii) by written notice from the Producing Party to all counsel of record and the stenographer, sent within two weeks after the final written transcript is received from the court reporter, that the entire transcript or

portions thereof shall be marked as such and re-produced as appropriate. The parties shall treat all depositions and other testimony as Confidential until two weeks after receiving a copy of the transcript thereof. After two weeks, only those portions of any transcript designated as "CONFIDENTIAL" shall be deemed Confidential Discovery Material. Nothing in this paragraph, however, shall preclude any witness from reviewing his or her own deposition transcript.  Each court reporter participating in any such deposition or testimony shall be provided with a copy of this Order and shall adhere to its provisions. Each court reporter shall mark those portions of such deposition or testimony transcript(s) (and where the deposition is videotaped, the relevant portions of the recording) with the legend "CONFIDENTIAL" and shall place on the cover of any such transcript(s) and recording(s) the following legend:

> THIS TRANSCRIPT CONTAINS MATERIALS WHICH ARE
> CLAIMED TO BE CONFIDENTIAL BY COUNSEL AND
> COVERED BY A STIPULATED PROTECTIVE ORDER.

7.    **FAILURE TO DESIGNATE.** The inadvertent or unintentional failure of a Producing Party to designate Confidential Discovery materials as such shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality as to the information disclosed. Any such disclosed Confidential Discovery Materials not designated as such pursuant to this Stipulation and Order, shall be designated as "CONFIDENTIAL" as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure by providing supplemental written notice to all Receiving Parties identifying (by Bates number or other individually identifiable information) the Discovery Material to be re-designated.   The Receiving Party shall thereafter mark, and treat the materials as "CONFIDENTIAL," and such

materials shall be fully subject to this Stipulation and Order from the date of such supplemental

notice forward. The Receiving Party receiving such notice shall make a reasonable, good faith

effort to ensure that any analyses, memoranda, notes, or other such materials generated based

upon such newly designated information are immediately treated as containing Confidential

Discovery Material. In addition, upon receiving such supplemental written notice, any receiving

Party that disclosed the Discovery Material before its designation as Confidential Discovery

Material shall exercise its best efforts to: (i) ensure the return or destruction of such Discovery

Material by any person not authorized to receive the Confidential Discovery Material under the

terms of this Stipulation and Order; (ii) ensure that any documents or other materials derived

from such Discovery Material are treated as if the Discovery Material had been designated as

Confidential Discovery Material when originally produced; (iii) ensure that such Discovery

Material is not further disclosed except in accordance with the terms of this Stipulation; and (iv)

ensure that any such Discovery Material, and any information derived therefrom, is used solely

for the purposes permitted in this Stipulation and Order.

       8.     **USE OF CONFIDENTIAL DISCOVERY MATERIAL.** Confidential

Discovery Material shall be used solely for purposes of this Action and shall not be used for any

other purpose. Additionally, in the absence of written permission from the Producing Party or an

order of the Court, Discovery Material designated "CONFIDENTIAL" may be disclosed, or

otherwise communicated or made available in whole or in part only to the following, who must

be instructed to abide by this Order and maintain the documents in confidence:

          a.  The Parties and the directors, officers, general partners, limited partners,

     managers, members, and employees of the Parties who are assisting with or making

decisions concerning this Action, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of this Action;

        b.  Outside counsel to the Parties, including the lawyers, paralegals, secretaries, clerical, regular and temporary employees who are assisting with this Action;

        c.  Consultants, experts, contractors (including translators or interpreters), investigators, and jury or trial consulting services ("Consultants") and their staff (including outside copying services and outside support services), retained by counsel for the Parties in this Action, to the extent deemed necessary by the retaining counsel, provided that no disclosure shall occur until each Consultant has agreed to be bound by the terms of this Order by executing the non-disclosure agreement in the form annexed hereto as Exhibit A ("**Non-Disclosure Agreement**");

        d.  The Court, court personnel, court reporters, and any mediator agreed to by the Parties, and their staff;

        e.  Auditors and insurers of the Parties to the extent necessary for such auditors and insurers to conduct their business with regard to the Party;

        f.  Any person who is identified by the relevant document, accompanying covering letter, email, or other communication to be the author, addressee; or an actual or intended recipient of the document (except a person who received the document in the course of litigation); or, in the case of meeting minutes and presentations, an attendee of the meeting;

        g.  Witnesses during depositions and trial testimony in this Action;

h.  Persons noticed for depositions or designated as trial witnesses in this Action, to the extent reasonably necessary to prepare such persons to testify and who have previously executed the Non-Disclosure Agreement;

i.  Third party financial institutions, phone companies and internet providers but only that information necessary to effectuate a subpoena and after the third party has agreed to the terms of this Protective Order and has signed Exhibit A; and

j.  Other persons upon Order of the Court or upon written stipulation of the Producing Party (including by email) and on such conditions as may be agreed or ordered.

9.      **OTHER AUTHORIZED USE.** Nothing herein shall be construed to limit or restrict a Party's use or disclosure of its own Confidential Discovery Material for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a Party of documents, materials, or information designated as Confidential Discovery Material obtained lawfully by such party independently, or which:

a.  was already known to such Party by lawful means prior to acquisition from, or disclosure by, the Producing Party; or

b.  is rightfully received from a third-party that has authority to provide such Confidential Discovery Material without restriction as to disclosure.

10.     **EXECUTING  THE  NON-DISCLOSURE  AGREEMENT**. Each person to whom Confidential Information is disclosed pursuant to subparagraphs 8(c) and (h) above, shall execute the Non-Disclosure Agreement before receiving Confidential Discovery Material, or, if the disclosure occurs in a deposition or in open court, shall affirm on the record that such person is bound by the terms of this Order. Copies of the executed Non-Disclosure Agreement shall be retained by counsel disclosing Confidential Discovery Material to such person.

11.     **DISCLOSURE OF CONFIDENTIAL DISCOVERY MATERIAL.** Every person to whom Confidential Discovery Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and may not be disclosed or used for purposes other than those permitted hereunder. Each such person shall maintain the Confidential Discovery Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure. Any Party issuing a subpoena to a non-party shall enclose a copy of this Stipulation and notify the non-party that the protections of this Stipulation are available to such non-party.

12.     **UNAUTHORIZED DISCLOSURE**.  Should any Confidential Discovery Material be disclosed, through inadvertence or otherwise, by a Receiving Party to any person or party not authorized to receive that material under this Stipulation and Order, then the disclosing party shall: (a) promptly inform such person of all the provisions of this Stipulation and Order; (b) promptly advise the Producing Party of the identity of Confidential Discovery Material so disclosed and to whom disclosure was made; (c) request such person to sign the Non-Disclosure Agreement; and, if such person does not sign the Non-Disclosure Agreement, (d) attempt to retrieve all copies of documents and things containing the disclosed information.

13.     **FILING OF CONFIDENTIAL INFORMATION.**  In the event that counsel for any Party determines to file with, or submit to, the Court Confidential Discovery Material, the Parties shall follow the Court's procedures for requests for filing under seal. Pursuant to Paragraph 6.D of the Court's Individual Practices, the Parties must obtain leave of Court before filing any document under seal. Any sealing request should include a Party's proposed redactions. If leave is granted, the Parties must file redacted copies with the Clerk of the Court.

9

14.    **USE OF CONFIDENTIAL INFORMATION IN PUBLIC.** Unless otherwise ordered, in the event that counsel for any Party determines to use any Confidential Discovery Material at trial or any hearing to be held in open court, such Party shall so advise the relevant Producing Party seven (7) business days in advance, and seek to challenge the designations of such Confidential Discovery Material pursuant to Paragraph 17.  In the event the Court has not ruled on such a request for judicial intervention by the relevant filing deadline, the Parties agree to file the Confidential Discovery Material under seal pending a ruling by the Court.

15.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS.** During the pendency of this Action, any party objecting to the designation of any Discovery Material or testimony as Confidential shall give written notice to the Producing Party, identifying by Bates number (for documents) and page and line (for transcripts) the Discovery Material for which the designation is being challenged. The designation of any material or document as Confidential Information is subject to challenge by any party.  The following procedure shall apply to any such challenge.

   a. **Meet and Confer**.  A party challenging a designation of Confidential must do so in good faith and must begin the process by conferring directly with counsel for the Producing Party.  In conferring, the challenging party must identify in writing with particularity the documents at issue (i.e., by Bates or production number, page range, etc.), explain the basis for its belief that the designation was not proper, and give the  Producing Party  an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The Producing Party must respond in writing to the challenge within ten (10) business days of the challenging party's written notice of their challenge, and the meet-and-confer must

take place no later than twelve (12) business days after the challenging party's written notice of their challenge. These deadlines may be extended by Order of the Court or agreement of the Parties, which agreement shall be given unless there is a reasonable and good faith basis not to do so.

b. **Judicial Intervention**. If the meet and confer process is unsuccessful, the challenging Party may file and serve a letter that identifies the challenged material with particularity (i.e., by Bates or production number, page range, etc.), and sets forth in detail the basis for the challenge. Each such letter must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the party that designated the material Confidential. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

c. **Timing.** Unless good cause is shown, for documents produced 90 days or longer before trial, any challenges must be raised at least 60 days before trial. For documents produced within 90 days of trial, the challenging party must file its motion to remove the Confidential designation within half of the remaining time before trial, and the meet-and-confer period shall be shortened to seven (7) days.

16.     <u>**NO EFFECT ON OTHER OBLIGATIONS OR PROTECTIONS.**</u>  Entering into, agreeing to, and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Stipulation and Order shall not:

a.  Operate as an admission by any Party that the restrictions and procedures set forth here constitute adequate protection for any particular information deemed by any Party to be Confidential, or an admission that any particular information constitutes Confidential Discovery Material or contains or reflects trade secrets or any other type of confidential information;

b.  Prejudice in any way the rights of any Party to object to the production of documents it considers not subject to discovery;

c.  Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation and Order;

d.  Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege or protection;

e.  Prejudice in any way the rights of any Party to object to discovery that it believes to be otherwise improper, including based on personal data laws, bank secrecy laws, and immunities from suit and/or jurisdiction;

f.  Prejudice in any way the rights of any Party to seek determination by the Court as to whether any Discovery Material should or should not be subject to the terms of this Stipulation and Order;

g.  Prejudice in any way the rights of any Party to petition the Court for a further protective order relating to any purportedly confidential information; and/or

h.  Prevent the Parties from agreeing in writing or on the record during a deposition or hearing in this Action to alter or waive the provisions or protections provided herein with respect to any particular Confidential Discovery Material provided

that only the Producing Party may agree to waive or reduce the protections of this

Stipulation and Order for Confidential Discovery Material that it has produced.

   i. Neither the entry of this Order, nor the designation of any Discovery

Material as Confidential, nor the failure to make such designation, shall constitute

evidence with respect to any issue in this or any other litigation.

17. **SUBPOENA FOR OR ORDER TO PRODUCE CONFIDENTIAL**

**DISCOVERY MATERIAL.** Nothing herein shall prevent a Receiving Party from producing

any Confidential Discovery Material in its possession in response to a lawful subpoena or other

compulsory process, provided that if any Receiving Party (a) is subpoenaed in another action,

(b) is served with a demand in another action to which it is a party, or (c) is served with any legal

process by one not a Party to this Action seeking Discovery Material that was produced or

designated as Confidential by someone other than the Receiving Party, the Receiving Party shall

give written notice, by email, within ten (10) business days of receipt of the subpoena, demand,

or legal process to the Party who produced or designated the material as Confidential to allow

such Party to object to its production to the extent permitted by law. Unless prohibited by

applicable law, the Receiving Party shall enclose a copy of the subpoena or other form of process

with the notice. In addition, the Receiving Party shall deliver a copy of this Order promptly to

the Party in the other action that caused the subpoena or order to issue. The obligations in this

Paragraph shall remain in effect while any Party has in its possession, custody, or control any

Confidential Discovery Material received from a Producing Party in connection with this Action.

18. **PRODUCTION OF PRIVILEGED MATERIAL.** Consistent with Federal

Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B), if a Party or non-party

notifies any Receiving Party that Discovery Material was produced that is protected from

disclosure by the attorney-client privilege, work-product doctrine, or other immunity ("Protected Material"), the disclosure shall not be deemed a waiver in whole or in part of the applicable privilege or protection, either as to the specific material disclosed or as to any other material or information relating thereto or on the same or related subject matter.  After receiving such notification, a Party must promptly return or destroy the specified information and any copies it has; must not use or disclose the information for any reason until any challenge to the assertion of privilege is resolved; and must take reasonable steps to retrieve the information if the Party disclosed it before being notified.  Any Party or non-party providing notice to any Receiving Party that it has disclosed Protected Material must include, to the extent not already provided, within or simultaneously with such notice sufficient information for the Receiving Party to evaluate the privilege claim(s) asserted, per Rule 26(b)(5)(B).

If the substance of the Protected Material is discussed in a deposition or pleading before discovery or notification of the disclosure, and the privilege claim is not challenged or any challenge is not upheld, such testimony or discussion is deemed to be stricken from the record and shall not be used for any purpose. The Parties agree that the Producing Party may review documents for privilege and for responsiveness prior to production. Nothing in this Order shall be construed to limit in any way a Producing Party's ability to review documents prior to production. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

The Producing Party must preserve the Protected Material until any challenge to the asserted privilege or immunity is resolved.  The production of Protected Material, whether inadvertent or otherwise, shall not constitute a waiver of any privilege or protection in any Federal, State, or other proceeding. Instead, the Producing Party shall be entitled to assert such

privilege or protection in this or any other Federal, State, or other proceeding, and the Protected

Material and its subject matter shall be treated as if there had been no such disclosure. Anyone

challenging the protection may not assert as a ground for such motion the fact or circumstances

of the production or reveal the protected contents of the Protected Material prior to entry of an

Order from this Court that such revelation is permitted.

The Party to whom any Protected Material was returned shall retain the Protected

Material until the end of the Action, including any appeals.

19.     **NON-PARTIES.** A non-party from whom the Parties seek discovery may

designate Discovery Material as "CONFIDENTIAL" consistent with the terms of this Order. In

such circumstances, Discovery Material designated as Confidential by a non-party shall be

assigned the same protection as Discovery Material so designated by a Party, and all duties

applicable to a Party under this Order shall apply to a non-party designating Discovery Material

as Confidential. All obligations applicable under this Order to Parties receiving Discovery

Material shall apply to any Party receiving Discovery Material from such non-party.

20.     **PERSONS BOUND.** This Stipulation and Order shall take effect when entered

and shall be binding upon the Parties, their counsel, and persons made subject to this Order by its

terms, including any non-parties who produce documents subject to and with notice of this

Order.  In the event additional parties join or are joined in this Action, they shall not have access

to Confidential Discovery Material until the newly-joined party or its counsel has executed and,

at the request of any Party, filed with the Court, its agreement to be fully bound by this

Stipulation and Order or an alternative protective Order entered by the Court.

21.     **FINAL TERMINATION.** The restrictions on the use of Confidential Discovery

Material shall survive the conclusion of this Action.  During the pendency of this Action only,

the Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. Within ninety (90) days after this litigation is finally concluded, and upon written request of the Producing Party, all persons having received Confidential Discovery Material shall make a good faith and reasonable effort to return to counsel for the Producing Party such material and all copies thereof (including summaries and excerpts) or destroy all such material and copies, and certify destruction of same, and shall purge all such information from all machine-readable media on which it resides. If the Action is finally concluded as to a Receiving Party prior to conclusion of the Action as to a Producing Party, within ninety (90) days after this litigation is finally concluded as to a Receiving Party, that Receiving Party and all persons that the Receiving Party provided Confidential Discovery Material shall return to counsel for the Producing Party such material and all copies thereof (including summaries and excerpts) or destroy all such material and copies, and certify destruction of same, at the Receiving Party's election, and shall purge all such information from all machine-readable media on which it resides. Outside counsel of record in this Action shall be entitled to retain all case-related documents and attorney work product that contains Confidential Discovery Materials, and such counsel will continue to be bound by this Order with respect to such retained Confidential Discovery Materials.  Nothing in this Paragraph shall override any Party's legal obligation to preserve documents.

22.     **<u>MODIFYING THIS ORDER.</u>** It is the present intention of the Parties that the provisions of this Stipulation and Order shall govern discovery and other pretrial proceedings in this Action. Nonetheless, each of the Parties hereto shall be entitled to seek modification of this Stipulation and Order by application to the Court on notice to the other Parties hereto for good cause. No change in this Stipulation and Order that adversely affects the protection of any

information, document, or thing produced or given by a non-party in this case shall be made

without giving appropriate notice to that non-party and an opportunity to be heard by the Court.

**SO STIPULATED AND AGREED:**

Dated: February 24, 2022
      New York, New York

JENNER & BLOCK LLP

By: _____
David J. Pressman
Andrew J. Lichtman
919 Third Avenue
New York, New York 10022
dpressman@jenner.com
alichtman@jenner.com
(212) 891-1654

Terri L. Mascherin*
353 North Clark Street
Chicago, Illinois 60654
tmascherin@jenner.com
(312) 923-2799

*Counsel for Plaintiffs Thomas Schansman, Catharina Teunissen, Nerissa Schansman, and Xander Schansman*

LATHAM & WATKINS LLP

By: _____
Christopher Harris
Zachary L. Rowen
1271 Avenue of the Americas
New York, New York 10020
Christopher.Harris@lw.com
Thomas.Heiden@lw.com
Zachary.Rowen@lw.com
(212) 906-1200

*Counsel for Defendant VTB Bank PJSC*

WILLIAMS & CONNOLLY LLP

By: _____
David M. Zinn*
Christopher N. Manning
Amy B. McKinlay*
Haley L. Wasserman
725 Twelfth Street, N.W.
Washington, D.C. 20005
DZinn@wc.com
CManning@wc.com
AMcKinlay@wc.com
HWasserman@wc.com
(202) 434-5000

*Counsel for Defendants MoneyGram International, Inc. and MoneyGram Payment Systems, Inc.*

information, document, or thing produced or given by a non-party in this case shall be made

without giving appropriate notice to that non-party and an opportunity to be heard by the Court.

**SO STIPULATED AND AGREED:**

Dated: February 24, 2022
      New York, New York

JENNER & BLOCK LLP

By:_____
David J. Pressman
Andrew J. Lichtman
919 Third Avenue
New York, New York 10022
dpressman@jenner.com
alichtman@jenner.com
(212) 891-1654

Terri L. Mascherin*
353 North Clark Street
Chicago, Illinois 60654
tmascherin@jenner.com
(312) 923-2799

*Counsel for Plaintiffs Thomas Schansman, Catharina Teunissen, Nerissa Schansman, and Xander Schansman*

LATHAM & WATKINS LLP

By:_____
Christopher Harris
Zachary L. Rowen
1271 Avenue of the Americas
New York, New York 10020
Christopher.Harris@lw.com
Thomas.Heiden@lw.com
Zachary.Rowen@lw.com
(212) 906-1200

*Counsel for Defendant VTB Bank PJSC*

WILLIAMS & CONNOLLY LLP

By:_____
David M. Zinn*
Christopher N. Manning
Amy B. McKinlay*
Haley L. Wasserman
725 Twelfth Street, N.W.
Washington, D.C. 20005
DZinn@wc.com
CManning@wc.com
AMcKinlay@wc.com
HWasserman@wc.com
(202) 434-5000

*Counsel for Defendants MoneyGram International, Inc. and MoneyGram Payment Systems, Inc.*

information, document, or thing produced or given by a non-party in this case shall be made

without giving appropriate notice to that non-party and an opportunity to be heard by the Court.

**SO STIPULATED AND AGREED:**

Dated: February 24, 2022                    JENNER & BLOCK LLP
      New York, New York
                                  By:_____
                                  David J. Pressman
                                  Andrew J. Lichtman
                                  919 Third Avenue
                                  New York, New York 10022

JENNER & BLOCK LLP

By:_____
David J. Pressman
Andrew J. Lichtman
919 Third Avenue
New York, New York 10022
dpressman@jenner.com
alichtman@jenner.com
(212) 891-1654

Terri L. Mascherin*
353 North Clark Street
Chicago, Illinois 60654
tmascherin@jenner.com
(312) 923-2799

*Counsel for Plaintiffs Thomas Schansman, Catharina Teunissen, Nerissa Schansman, and Xander Schansman*

LATHAM & WATKINS LLP                      WILLIAMS & CONNOLLY LLP

By:_____          By: *[signature] Christopher N. Manning*
Christopher Harris                        David M. Zinn*
Zachary L. Rowen                          Christopher N. Manning
1271 Avenue of the Americas               Amy B. McKinlay*
New York, New York 10020                  Haley L. Wasserman
Christopher.Harris@lw.com                 725 Twelfth Street, N.W.
Thomas.Heiden@lw.com                      Washington, D.C. 20005
Zachary.Rowen@lw.com                      DZinn@wc.com
(212) 906-1200                            CManning@wc.com
                                          AMcKinlay@wc.com
*Counsel for Defendant VTB Bank PJSC*     HWasserman@wc.com
                                          (202) 434-5000

                                          *Counsel for Defendants MoneyGram International, Inc. and MoneyGram Payment Systems, Inc.*

SIDLEY AUSTIN LLP

By: _____

Timothy J. Treanor
Melissa Colón-Bosolet
787 Seventh Avenue
New York, New York 10019
ttreanor@sidley.com
mcolon-bosolet@sidley.com
(212) 839-5300

Hille R. Sheppard*
Colleen M. Kenney*
One South Dearborn
Chicago, Illinois 60603
hsheppard@sidley.com
ckenney@sidley.com
(312) 853-7850

*Counsel for Defendants The Western Union Company and Western Union Financial Services, Inc.*
* *admitted pro hac vice*

DEBEVOISE & PLIMPTON LLP

By: _____

Mark P. Goodman
William H. Taft V
919 Third Avenue
New York, New York 10022
mpgoodman@debevoise.com
whtaft@debevoise.com
(212) 909-6000

**SO ORDERED:**

Dated: __March 1, 2022__      _____
                            United States Magistrate Judge

SIDLEY AUSTIN LLP

By:_____
Timothy J. Treanor
Melissa Colón-Bosolet
787 Seventh Avenue
New York, New York 10019
ttreanor@sidley.com
mcolon-bosolet@sidley.com
(212) 839-5300

Hille R. Sheppard*
Colleen M. Kenney*
One South Dearborn
Chicago, Illinois 60603
hsheppard@sidley.com
ckenney@sidley.com
(312) 853-7850

*Counsel for Defendants The Western Union Company and Western Union Financial Services, Inc.*
*\* admitted pro hac vice*

DEBEVOISE & PLIMPTON LLP

By:_____
Mark P. Goodman
William H. Taft V
919 Third Avenue
New York, New York 10022
mpgoodman@debevoise.com
whtaft@debevoise.com
(212) 909-6000


**SO ORDERED:**


Dated: <u>March 1, 2022</u>

_____
United States Magistrate Judge

18

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF NEW YORK**

THOMAS SCHANSMAN, individually, as surviving Parent of
QUINN LUCAS SCHANSMAN, and

CATHARINA TEUNISSEN, individually, as surviving Parent of
QUINN LUCAS SCHANSMAN, and as personal representative of the
ESTATE OF QUINN LUCAS SCHANSMAN, and

Civil No. 19-cv-2985-ALC

NERISSA SCHANSMAN, individually, as surviving Sibling of
QUINN LUCAS SCHANSMAN, and

XANDER SCHANSMAN, individually, as surviving Sibling of
QUINN LUCAS SCHANSMAN,

              Plaintiffs,

       -against-

SBERBANK OF RUSSIA PJSC, THE WESTERN UNION
COMPANY, WESTERN UNION FINANCIAL SERVICES, INC.,
MONEYGRAM INTERNATIONAL, INC., MONEYGRAM
PAYMENT SYSTEMS, INC., and VTB BANK PJSC,

             Defendants.

**<u>Stipulation</u>**

I, _____, acknowledge that I have received, read and understand

the Protective Order in the above-captioned action governing the non-disclosure of those

portions of discovery or other materials in these proceedings that have been designated as

Confidential Discovery Material Discovery Material, as defined therein.  I acknowledge that I

am subject to the Protective Order as a Receiving Party, and subject to the jurisdiction of the

Court for purposes of enforcing the Protective Order.  I will not disclose Confidential

Discovery Material Discovery Material to anyone other than pursuant to the terms of the

Protective Order, and at the conclusion of the litigation I will return all Discovery Materials as

defined in the Protective Order to the Party or attorney from whom I received it.  I further

agree not to use any such information for any purpose other than this litigation.

Dated:  20_____,


Name (printed)                              Signature

Title:

277702135v.1


A-2