**WHITE & CASE**

March 15, 2022

VIA ECF & E-MAIL

The Honorable Andrew L. Carter, Jr.
United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 435
New York, New York 10007

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

***Schansman, et al. v. Sberbank of Russia PJSC, et al.*, No. 1:19-cv-02985-ALC-GWG (S.D.N.Y.)**
**Reply to Plaintiffs' Opposition Letter to Sberbank's Request for Pre-Motion Conference on Motion to Stay This Action as to Sberbank Pending Substitution of Counsel**

Dear Judge Carter:

The incendiary rhetoric in Jenner & Block's March 14 letter is regrettable given that the modest 30-day stay request is necessary to maintain continuity of legal counsel. In keeping with Rule 1.16 of the New York Rules of Professional Responsibility — which Jenner & Block's letter conveniently ignores — undersigned counsel requested that Sberbank be afforded reasonable time to engage substitute counsel and effect an orderly transition of its defense. Absolutely no other reason underlies Sberbank's request for a stay.

Rather than consent to the modest stay, Jenner & Block instead conditions consent on undersigned counsel's immediate withdrawal, accompanied by an order directing Sberbank to secure new counsel within 30 days. In light of the Court's prior admonishments arising from Jenner & Block's refusal to accommodate reasonable scheduling requests — *see* ECF No. 251 (granting Sberbank's opposed motion for an extension of time and instructing that the "parties should be reasonable in judging the burdens on the opposing party of particular deadlines") — Jenner & Block's decision to oppose the short requested stay is both surprising and unwarranted.

Indeed, Jenner & Block's suggested approach runs contrary to Rule 1.16 and would leave Sberbank unrepresented before this Court, potentially for 30 days, when Sberbank has jurisdictional discovery obligations to discharge. This approach is both inimical to the orderly management of the case and impractical as corporations cannot appear *pro se* in U.S. courts. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993).

The Honorable Andrew L. Carter, Jr.
March 15, 2022

Jenner & Block's letter is replete with opposing counsel's own speculation as to why undersigned counsel and Sberbank are ending their attorney-client privileged relationship, which has nothing to do with delaying discovery.  As already stated to Jenner & Block, Sberbank fully intends to comply with its impending jurisdictional discovery deadlines under the Court's Order dated March 9, 2022, unless and until a stay is granted, and is actively working to fulfill those obligations now.  *Nowhere* does Sberbank even intimate that it "requires more time" to fulfill its litigation obligations, or for any of the other reasons that Jenner & Block irresponsibly and repeatedly suggests.  What is needed is time to retain substitute counsel.

Jenner & Block's letter also misstates facts, which Sberbank is compelled to correct for the record.  For example, the letter's attempt to conflate Sberbank with the Russian Federation would have this Court overlook that, as of 2020, 49 percent of Sberbank's shares are held by more than 600,000 shareholders, comprising mostly non-Russian entities (43%), and Russian private investors (4.2%) and entities (2.3%).[1]  As set forth in the filings in this case, the Ministry of Finance of the Russian Federation owns "a 50% equity stake plus one share" of Sberbank's total authorized capital, an undisputed fact of ownership that entitles Sberbank to presumptive immunity under the U.S. Foreign Sovereign Immunities Act.  The Court should therefore disregard Plaintiffs' inflammatory and baseless rhetoric that Sberbank is indistinguishable from the Russian Federation.  Under well-settled U.S. Supreme Court precedent, Sberbank is presumptively separate from the Russian Federation.  *See First Nat'l City Bank v. Banco Para El Comercio Exterior De Cuba*, 462 U.S. 611, 626-28 (1983).

Nor is the requested stay a ploy to deny Plaintiffs' justice for the tragic death of Quinn Lucas Schansman.  A 30-day stay to allow Sberbank to secure replacement counsel will not prejudice Plaintiffs, particularly when merits discovery is not set to conclude until June 2023, and Plaintiffs waited almost five years to bring their claim.  And, contrary to the opposition's insinuations, the reason no stay was requested in the *Bilalov* case is plain:  the *Bilalov* case, pending before Judge Torres, is in a markedly different procedural posture from this case.  In *Bilalov*, fully briefed dispositive motions to dismiss have been pending with the Court since November 2, 2021, with a supplemental motion to dismiss fully briefed since February 16, 2022.  The only recent activity in that case was a motion seeking *ex parte* relief for a temporary restraining order filed on March 8, which *ex parte* relief was summarily denied on March 9, with an order to file opposition briefs by March 14, which briefing is complete.  Here, by contrast, scheduling orders for jurisdictional and merits discovery set deadlines through 2023.

Given that Sberbank and undersigned counsel are ending their relationship, substitute counsel should have the opportunity to transition onto the case and help Sberbank discharge Sberbank's obligations in this case in the way that they see fit.  For the avoidance of doubt, and consistent with its representations to the Court, undersigned counsel intends to withdraw from both matters.

---

[1] *See* Sberbank, 2020 Annual Report 93, 96 (produced to Plaintiffs on February 7, 2022).

WHITE & CASE

The Honorable Andrew L. Carter, Jr.
March 15, 2022

In sum, Sberbank respectfully requests a short 30-day stay of the proceedings to seek substitute counsel. As soon as substitute counsel enters an appearance, undersigned counsel will request permission to withdraw consistent with Rule 1.16 and Local Civil Rule 1.4.

Respectfully submitted,

/s/ *Nicole Erb*                                         /s/ *William H. Taft V*

WHITE & CASE LLP                          DEBEVOISE & PLIMPTON LLP
Nicole Erb                                              Mark P. Goodman
Claire A. DeLelle                                   William H. Taft V
Matthew S. Leddicotte (admitted *pro hac vice*)

*Counsel for Sberbank of Russia*

cc:   Counsel of Record (via ECF)

3