IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS SCHANSMAN, *et al.*,<br><br>                              *Plaintiffs*,<br><br>v.<br><br>SBERBANK OF RUSSIA, PJSC, *et al.*,<br><br>                              *Defendants*. | Case No. 1:19-cv-02985-ALC-GWG<br><br>Hon. Andrew L. Carter, Jr. |

**SBERBANK'S OPPOSITION TO PLAINTIFFS' REQUEST FOR AN ORDER COMPELLING COMPLIANCE WITH THE COURT'S MARCH 9, 2022 ORDER**

Plaintiffs' unauthorized "request"—a motion to compel jurisdictional discovery—should be denied outright because it is premature and violates numerous procedural rules. In particular, Plaintiffs' counsel failed to participate in any meet-and-confer conference and to file a pre-motion letter requesting an informal conference with the Court, before unilaterally filing their motion late Friday night. *See* Fed. R. Civ. P. 37(a)(1); L. Civ. R. 37.2, Individual Practices, Sec. 2.A.[1]

Plaintiffs' motion continues Plaintiffs' pattern of attempting to delay this Court's consideration of Sberbank's pending motion to dismiss for lack of subject-matter jurisdiction under the FSIA. Plaintiffs initially proposed that Sberbank's FSIA motion be deferred until after merits fact discovery, then proposed a briefing schedule that stretched into September 2022, and now seek an indeterminable extension of the March 9 Scheduling Order, including their time to respond to Sberbank's FSIA motion. The Court should not countenance Plaintiffs' ongoing efforts

---

[1] Plaintiffs' single-spaced "request" also fails to conform to this Court's formatting requirements for motions and other papers (*see* L. Civ. R. 11.1(b)(3)), and thus violates the Court's order that "[a]ny future correspondence with the Court regarding requests for modifications to this schedule, whether filed by Plaintiffs or Sberbank, shall not exceed three (3) pages" (*see* Mar. 9, 2022 Scheduling Order, ECF No. 298).

to avoid Sberbank's sovereign-immunity arguments and delay this Court's resolution of the threshold question of its subject-matter jurisdiction.

Plaintiffs' motion also lacks merit.  First, the motion misrepresents both what Sberbank has produced and what Sberbank has stated about that production.  Sberbank has produced more than 33,000 pages of documents as part of jurisdictional discovery.  And Sberbank produced over 6,500 of those pages on March 1, 2022, before any order required it to do so.  The documents that Sberbank has produced are more than sufficient to show the "degree of independence the Central Bank of the Russian Federation . . . enjoys vis-à-vis the Russian Federation and the Federation's agencies of state power."  Mot. 1.  Sberbank's document productions include, without limitation: relevant statutes and regulations concerning the functions of the Central Bank, laws and press releases regarding the transfer of Sberbank's shares from the Central Bank to the Ministry of Finance, Sberbank's regulatory disclosures regarding the transfer of its shares, various corporate governance documents of Sberbank, numerous annual reports of the Central Bank as well as annual reports of Sberbank, the transcript of Sberbank's Q1 2020 earnings call, and Sberbank press releases concerning the Central Bank.  *See* Pls.' Exh. A, ECF No. 306-1 at 4.

Second, contrary to Plaintiffs' assertions, Sberbank's document production does contain statements by Sberbank officials sufficient to show the functions and independence of the Central Bank, including, for example the transcript of Sberbank's Q1 2020 earnings call and Sberbank press releases mentioning the Central Bank.  *See id.* at 2, 5.  Additionally, as Sberbank's counsel informed Plaintiffs' counsel, Sberbank's Division of Corporate Secretary confirmed that there is no official correspondence between Sberbank and the Central Bank or the Ministry of Finance regarding the April 2020 share transfer.  *Id.*  Regarding the "agreement on representation of interests of the Government of the Russian Federation" (Request I.C.), such agreement is not a

Sberbank document and Sberbank does not have it; if it exists, it would be between the Ministry of Finance and its nominees. *Id.*

Finally, Plaintiffs have failed to demonstrate any good cause that would warrant altering the jurisdictional discovery schedule. And next week's deposition schedule of the parties' respective Russian law experts does not provide such cause. Neither Plaintiffs' expert (Prof. Butler) nor Sberbank's expert (Prof. Efimova) base their conclusions regarding the nature and functions of the Bank of Russia on "communications and statements from Sberbank officers" or the "agreement on representation of the interests of the Government of the Russian Federation referred to in Federal Law No. 50-FZ" (Plaintiffs' Requests 1.A, C). *See* Efimova Decl., ECF No. 260; Butler Decl., ECF No. 305. Indeed, nowhere in his declaration does Prof. Butler state that it would be helpful—let alone necessary—to consider such material in order to reach his conclusions. Instead, Prof. Butler relies (albeit sparingly) on the Russian Constitution and statutory law, academic commentary, and decisions of Russian courts, which is unsurprising given that the Bank of Russia's core functions can be determined as a matter of Russian law. *See, e.g.*, *Garb v. Republic of Poland*, 440 F.3d 579, 594-95 (2d Cir. 2006) (relying on the Constitution of Poland, an academic article on Polish constitutional politics, and an expert affidavit to determine "political subdivision" status of entity). Moreover, according to Prof. Butler, "Professor Efimova and I *are agreed* that the Central Bank of Russia is a federal State agency enjoying a unique legal status, is not part of the Presidency, Legislature, or Judicial system, is not an agency of State power or of executive power, and engages in commercial and regulatory functions." Butler Decl. ¶ 25 (emphasis added).

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' "request" to compel Sberbank to produce additional documents and to alter the jurisdictional discovery schedule set by the Court's March 9 Scheduling Order.

March 29, 2022                                                     Respectfully submitted,

**WHITE & CASE**                                             DEBEVOISE & PLIMPTON LLP

/s/ *Nicole Erb*                                                       /s/ *William H. Taft V*
Nicole Erb                                                               Mark P. Goodman
Claire A. DeLelle                                                   William H. Taft V
Matthew S. Leddicotte (admitted *pro hac vice*)   919 Third Avenue
701 Thirteenth Street, NW                                   New York, New York 10022
Washington, DC 20005                                       Telephone: + 1 212 909 6000
Telephone: + 1 202 626 3600                             mpgoodman@debevoise.com
Facsimile: + 1 202 639 9355                               whtaft@debevoise.com
nerb@whitecase.com
cdelelle@whitecase.com
mleddicotte@whitecase.com

*Counsel for Sberbank of Russia*