UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

THOMAS SCHANSMAN, individually, as surviving
Parent of QUINN LUCAS SCHANSMAN, *et al*.

              Plaintiffs,

        -against-

SBERBANK OF RUSSIA PJSC, *et al.*

           Defendants.

Civil No. 19-cv-02985-ALC

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO SBERBANK OF RUSSIA'S MOTION FOR A STAY OF THE LITIGATION

Plaintiffs oppose Sberbank of Russia PJSC's ("Sberbank of Russia") third and most recent attempt to stay discovery in this action.  Def.'s Mot. to Stay, ECF Nos. 303 & 304, Mar. 23, 2022.

Debevoise & Plimpton LLP ("Debevoise") and White & Case LLP ("White & Case") have apparently come to the view that it is no longer tenable for them to represent their client, an entity they have vigorously argued over the last months requires the Court to "respect [its] independence and dignity" as a matter of "international comity" because it is an agency or instrumentality of the Russian Federation.  Def.'s Mot. to Dismiss 9, ECF No. 258, Dec. 30, 2021 (internal citation omitted).  And yet they refuse to do the logical thing: move to withdraw.  Instead, they seek further delays.

Sberbank of Russia has already sought dismissal of this action and a stay of discovery on the basis of its purported close relationship with the government of the Russian Federation.  Def.'s Letter Mot., ECF No. 233, Nov. 19, 2021; Def.'s Mot. to Dismiss, ECF No. 257, Dec. 30, 2021.  While those motions remain pending, Sberbank of Russia now claims it requires more time to deal

with the consequences of the Russian Federation's decision to carry out war crimes and potential crimes against humanity in Ukraine.

Sberbank of Russia urges the Court to stay this litigation for "thirty days."  Nowhere, however, does Sberbank of Russia explain why a stay of "thirty days" is necessary while two global law firms with more than 800 attorneys each continue to represent it in this litigation. Certainly, Debevoise and White & Case have sufficient resources to simultaneously litigate this case and search for new counsel.  Until such time as Debevoise and White & Case wish to withdraw from this matter, there is no basis for granting Sberbank of Russia a stay (the same relief it has sought throughout this litigation).

To be clear, in light of the unconscionable conduct of the Russian Federation in Ukraine, Plaintiffs have no objection to Debevoise and White & Case withdrawing as Sberbank of Russia's counsel of record.  But that is not what Debevoise and White & Case seek to do.  Instead, they remain counsel to Sberbank of Russia in order to request that this Court stay the efforts of Quinn's family to advance accountability for their son's murder in Ukraine.  While the shameful conduct of the Russian Federation may provide a basis for counsel to withdraw from representing Sberbank of Russia, it is certainly not a basis to stay the pursuit of justice by Quinn's family.  Another court faced with similar circumstances in recent weeks has agreed.  The D.C. Circuit Court of Appeals denied a motion for a stay pending substitution of counsel filed by a Russian state-owned bank after counsel announced their future intention to withdraw from the case.  Per Curiam Order, *Agudas Chasidei Chabad v. Russian Federation*, No. 20-7078, ECF No. 1939840 (D.C. Cir. Mar. 21, 2022).[1]

---

[1] *See also* Mike Scarcella, *Russian Bank Loses Bid to Pause U.S. Case over Sacred Jewish Texts*, Reuters (Mar. 21, 2022), https://www.reuters.com/legal/transactional/russian-bank-loses-bid-pause-us-case-over-sacred-jewish-texts-2022-03-21.

Sberbank of Russia's proposed motion for a stay of this litigation is particularly confounding because that is not what the same counsel requested in other litigation pending in this District in which they also represent Sberbank of Russia.  In another filing on March 11, 2022 in litigation against Sberbank of Russia and its Chief Executive Officer, both Debevoise and White & Case announced their intention to withdraw but did not seek a stay; instead, they indicated they would continue to litigate pending motions until they withdrew.  Def.'s Letters, ECF Nos. 86 & 87, *Bilalov v. Gref*, 1:20-cv-09153-AT-JW (S.D.N.Y. Mar. 11, 2022).  Debevoise also represented in that case that they "do not anticipate—and in all events will work to mitigate—any delay or prejudice to any party resulting from the engagement of new counsel."  ECF No. 86.  Debevoise and White & Case thereafter filed a 15-page opposition brief and persuaded the Court to deny a motion to freeze the assets of their clients, demonstrating that they remain quite capable of representing their clients notwithstanding any future intentions.  Def.'s Opp. Mot., ECF No. 88, Mar. 14, 2022; Order, ECF No. 89, Mar. 18, 2022.

But here, they seek a different course, presumably because proceeding with this litigation offers no possible benefit to their client.  The Schansmans—who have fought for justice for years on behalf of their murdered son—are entitled to continue to pursue their case.  And Debevoise and White & Case are entitled to move to withdraw if that is what they intend to do.  But it is unclear why the same set of counsel is able to continue their ongoing work for Sberbank of Russia in another case in this District while they seek replacement counsel, but cannot do the same here.  It is similarly unclear why the same set of counsel is committed to avoid any delay in that case, but here they seek a stay that would relieve Sberbank of Russia from its discovery obligations, including its obligations to participate in merits discovery and to complete jurisdictional discovery pertaining to its second motion to dismiss.  *See* Pls.' Req., ECF No. 306, Mar. 25, 2022 (requesting

3

relief in light of Sberbank of Russia's failure to comply with the Court's March 9, 2022 jurisdictional discovery order).

Sberbank of Russia's approach in this case is particularly noteworthy because its motion for a stay reflects its *third attempt* to stay discovery in this action.

First, Sberbank of Russia filed a motion to dismiss and opposed Plaintiffs pursuing discovery from the April 2019 filing of this case until the October 2021 decision on that motion. This Court rejected all arguments advanced by Sberbank of Russia and ordered discovery to proceed.  Mem. and Order, ECF No. 185, Sept. 30, 2021.

Next, in November 2021, Sberbank of Russia retained new counsel (White & Case) for the purpose of filing a second motion to dismiss, this time advancing new arguments never advanced by its prior counsel (Debevoise), even though those arguments were available to Sberbank of Russia when the litigation began.  Sberbank of Russia then moved to stay discovery based on that second motion to dismiss.  Magistrate Judge Gorenstein has taken that motion under advisement, ruling that in the meantime, discovery is not stayed and should proceed.  *See* Order 4, ECF No. 241, Nov. 24, 2021 (stating that "[o]bviously, there is no stay [of discovery] in effect" in this litigation); *see also* Order 2, ECF No. 269, Jan. 18, 2022 (ordering "that there shall be no stay [of discovery] pending Sberbank's motion for a stay").

To be clear, White & Case appeared in this case just four months ago for the purpose of seeking a dismissal of the action and a stay of discovery against Sberbank of Russia, and now, on its way out the door, requests that the Court give Sberbank of Russia a stay of the action because of its purported future departure.

In addition, Sberbank of Russia has already effectively granted itself a stay from merits discovery that has not been endorsed by the Court.  Despite Judge Gorenstein's directive that the

parties proceed with discovery, after an initial meet-and-confer on February 22, 2022, Sberbank of Russia's counsel ceased participating in discussions necessary to narrow the parties' discovery disputes until the Court's March 16, 2022 order on Sberbank of Russia's request for a pre-motion conference on its motion for a stay.  Order, ECF No. 302.[2]

Sberbank of Russia's counsel should continue to represent their client and participate in this litigation until they are ready to withdraw.  That alternative causes no prejudice to Plaintiffs and no prejudice to Sberbank of Russia.  If, on the other hand, these law firms want out *now*, Plaintiffs' consent to their withdrawal; we only ask that any Court order granting withdrawal require new counsel for Sberbank of Russia to appear within thirty days.  But Debevoise and White & Case do not seek either of these reasonable alternatives.  Instead, they seek, once again, to confer a strategic benefit on their client, to work selectively for Sberbank of Russia in other cases in this District where continued work benefits their client, and to seek relief from Sberbank of Russia's obligations that do not benefit their client, all while prejudicing Plaintiffs' ability to timely pursue their case.

Although styled as a motion for a thirty-day stay, a close read makes clear that Sberbank of Russia is maneuvering for an indefinite stay that would terminate only upon finding new counsel: "As soon as Sberbank engages substitute counsel, undersigned counsel will move the Court for an order to withdraw from the representation . . . ."  Def.'s Reply Letter 1, ECF No. 301, Mar. 15, 2022.  But counsel for Sberbank of Russia has admitted that their search for substitute

---

[2] In a recent conference, Sberbank of Russia was unable to offer any timeline for collecting, reviewing, or producing any documents from their client, though counsel represented that they are "working actively" to facilitate their client's ability to do so.  A stay in these circumstances would impede the already slow progress of merits discovery, rendering unworkable the existing case management schedule, under which Sberbank of Russia must substantially complete its document production by July 19, 2022.  *See* Order 1, ECF No. 197, Oct. 27, 2021.

counsel began on March 4, and nearly one month later, the search has apparently borne no fruit. Sberbank of Russia has offered no reason to believe that more time will yield a different result.  If Sberbank of Russia is confident it will engage substitute counsel to facilitate continuity within the requested stay period, then Plaintiffs' proposed solutions—either Debevoise and White & Case continue as counsel until new counsel appears *or* they withdraw as counsel now with thirty days for new counsel to appear—would address their concern without prejudice to Plaintiffs.

## <u>CONCLUSION</u>

We respectfully ask the Court to deny Sberbank of Russia's third effort to stay discovery in this litigation.[3]

---

[3] In no event should any stay last beyond April 10, 2022 if the Court grants the motion.  Sberbank of Russia filed its pre-motion letter seeking to stay the action on March 11, 2022, and sought a stay for thirty days (to and including April 10, 2022).  Def.'s Req. for Premotion Conf. 2, ECF No. 299.  Formal briefing should not change the nature of Sberbank of Russia's motion, if the Court is inclined to grant it.

Dated:  March 30, 2022

Respectfully submitted,

By:   /s/ David Pressman

David Pressman
Jason P. Hipp
Jenner & Block LLP
919 Third Avenue
38th Floor
New York, NY 10022
212-891-1654
dpressman@jenner.com
jhipp@jenner.com

Terri L. Mascherin (admitted *pro hac vice*)
Jenner & Block LLP
353 N. Clark St.
Chicago, IL 60654
(312) 923-2799
tmascherin@jenner.com

*Attorneys for Plaintiffs*