USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: ___4/5/2022___

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

THOMAS SCHANSMAN, et al.

           Plaintiffs,

-against-

SBERBANK OF RUSSIA PJSC, et al.

           Defendants.

No. 1:19-cv-02985-ALC-GWG

**PLAINTIFFS' REQUEST FOR AN ORDER COMPELLING SBERBANK OF RUSSIA'S COMPLIANCE WITH THE COURT'S MARCH 9, 2022 ORDER AND ADJUSTING THE JURISDICTIONAL DISCOVERY SCHEDULE PENDING SBERBANK OF RUSSIA'S COMPLIANCE**

      Sberbank of Russia has failed to comply with Court-ordered jurisdictional discovery, producing no non-public communications, no communications from its officers, and undertaking no efforts to search for such communications, notwithstanding the Court's March 9, 2022 Order requiring it to do so. ECF No. 298. Plaintiffs thus request an order requiring Sberbank of Russia to comply with the Court's March 9, 2022 Order and adjusting the remaining schedule for jurisdictional discovery pending Sberbank of Russia's compliance. Because the outstanding documents are relevant to the deposition of Sberbank of Russia's expert witness, Plaintiffs request relief in advance of Court-ordered expert depositions the week of April 4, 2022.

## I. Background

      On February 18, 2022, Plaintiffs filed a proposed plan for jurisdictional discovery that sought documents concerning three issues, including "[t]he degree of independence the Central Bank of the Russian Federation . . . enjoys vis-à-vis the Russian Federation and the Federation's agencies of state power." ECF No. 291 at 1 (designated as "Issue I"). Plaintiffs sought two specific categories of documents relevant to the instant submission:

A. "Communications and statements from Sberbank officers about (1) the Central Bank's independence from the Russian Federation, or (2) the governmental or commercial functions of the Central Bank, including in the context of the April 2020 transfer of Sberbank shares from the Central Bank to the Ministry of Finance."; and

C. "Documents sufficient to show the independence (or lack thereof) of the members of Sberbank's Supervisory Board from 2019 to present who are officers or personnel of the Central Bank or the Russian Federation, including the 'agreement on representation of interests of the Government of the Russian Federation' referred to in Federal Law No. 50-FZ of March 18, 2020, which governs the Ministry of Finance's acquisition of Sberbank shares from the Central Bank."

*Id.* at 1-2 (Plaintiffs' proposed jurisdictional discovery plan).

Sberbank of Russia opposed Plaintiffs' request for these documents. ECF No. 292 (Feb. 23, 2022 opposition to Plaintiffs' proposed jurisdictional discovery plan). With respect to Request I.A, Sberbank of Russia objected because it would require the production of "Sberbank's internal and external 'communications and statements,'" including "the production of communications of senior Russian executives and officials." *Id.* at 9.[1] Sberbank of Russia also explicitly argued that such discovery should not be required because "Russian law and publicly available documents address these topics directly and authoritatively." *Id*. With respect to Request I.C, Sberbank of Russia offered voluminous objections on relevance grounds but did not object on the basis that the agreement was unobtainable through Sberbank of Russia. ECF No. 292 at 10-11.

Notwithstanding Sberbank of Russia's arguments, the Court ordered Sberbank of Russia to produce documents responsive to Issue I. ECF No. 298 (Mar. 9, 2022 Scheduling Order). The Court denied Plaintiffs' request for discovery as to Issues II and III, observing that jurisdictional discovery should be "limited to the specific facts relevant to making an immunity determination under the Foreign Sovereign Immunities Act." *Id*.

On March 16, 2022, Sberbank of Russia produced documents to Plaintiffs, but the production did not comply with the Court's order. Its production was limited to publicly available documents. With respect to Request I.A, Sberbank of Russia did not produce any "Communications . . . from Sberbank officers"; it made no effort to search for documents maintained by any of its officers; it did not search for internal or other non-public communications, such as emails; and it did not produce any documents that would shed light on communications from Sberbank of Russia officers about the key issue of the Central Bank's independence. *See* Exhibit A (correspondence with counsel for Sberbank of Russia about its document production). With respect to Request I.C, Sberbank of Russia did not produce the required agreement and asserted for the first time that Plaintiffs should instead request the agreement from the Ministry of Finance of the Russian Federation (a non-party government agency), even though certain Sberbank officers are party to the agreement that the Court ordered Sberbank of Russia to produce. *Id*. at 1.

## II.     Argument

Sberbank of Russia failed to comply with the Court's March 9, 2022 Order. Simply put, Sberbank of Russia made no efforts to search for or produce documents it was required to produce. Sberbank of Russia's objections to Plaintiffs' document requests make clear that it understood the scope of Plaintiffs' requests, ECF No. 292 at 9-11, but it did not search for or produce documents in conformance with its understanding and the Court's subsequent Order, ECF No. 298.

Any attempt by Sberbank of Russia to relitigate the scope of the Court's narrowly tailored jurisdictional discovery order should be rejected. Plaintiffs sought communications from Sberbank of Russia officers after discovering public statements by officials of the Russian Federation, the Central Bank of Russia, and Sberbank's Chief Executive Officer that appeared to contradict Sberbank of Russia's representations to this Court about the Central Bank's independence, a key aspect of Sberbank's immunity claim. ECF No. 270 at 7-8; ECF No. 283 at 7-8. Sberbank of Russia disagreed with Plaintiffs' characterization of these statements, minimizing the probative value of the statement by its own Chief Executive Officer because it was

---

[1] Sberbank of Russia's understanding in its opposition brief was consistent with the applicable uniform discovery rule, which defines a "communication" as any "transmittal of information (in the form of facts, ideas, inquiries or otherwise)." S.D.N.Y. Civ. R. 26.3(c)(1).

2

merely a "symbolic statement in a Sberbank press release" with "no legal or formal content." ECF No. 289 at 9-10 (Feb. 14, 2022 Sberbank of Russia reply brief). These developments demonstrate a disputed issue of fact concerning the status of the Central Bank of Russia, and thus "specific facts relevant to making an immunity determination under the [FSIA]." ECF No. 298. In analogous circumstances, the Second Circuit has approved jurisdictional discovery for purposes of determining a defendant's entitlement to immunity under the FSIA, including because the plaintiffs "provided adequate contrary evidence" in the form of "admissions attributed to defendants' own agents." *Funk v. Belneftekhim*, 861 F.3d 354, 367 (2d Cir. 2017) (evidence of contrary statements from defendants' executives warranted further jurisdictional discovery).[2]

Because of the imminent requirement for Plaintiffs to complete their deposition of Sberbank of Russia's expert witness and promptly thereafter submit their opposition brief to Sberbank's second motion to dismiss, Plaintiffs unfortunately must ask the Court to adjust the jurisdictional discovery schedule to account for Sberbank of Russia's noncompliance. The appropriate remedy is an order requiring Sberbank of Russia to comply with the Court's March 9, 2022 Order, ECF No. 298, and to adjust the remaining schedule for jurisdictional discovery and briefing on Sberbank's second motion to dismiss pending Sberbank of Russia's compliance with its jurisdictional discovery obligations.[3] Plaintiffs request an order specifying that, upon Sberbank of Russia's compliance, the period for expert depositions is to begin eight days, and conclude twenty-two (22) days, after Sberbank of Russia completes its document production (a period of time equivalent to the time allowed in the existing schedule). This adjustment will ensure that Plaintiffs need only depose Sberbank of Russia's expert once, with the benefit of the documents the Court has already ordered Sberbank of Russia to produce.

### III.    Conclusion

For the foregoing reasons, Plaintiffs request an order compelling Sberbank of Russia to comply with the Court's March 9, 2022 order, ECF No. 298, with respect to Requests I.A and I.C, and to adjust the jurisdictional discovery schedule pending Sberbank of Russia's compliance.

---

[2] Written communications of a defendant's officers are an appropriate subject of jurisdictional discovery for an immunity determination under the FSIA. *See, e.g.*, *McKesson Corp. v. Islamic Republic of Iran*, 138 F.R.D. 1, 4, 5 (D.D.C. 1991) (approving jurisdictional discovery into "written communications" of the defendant's officials for purposes of FSIA determination); *Kelly v. Syria Shell Petrol. Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (noting that magistrate judge authorized jurisdictional discovery into defendant's communications for purposes of FSIA and personal jurisdiction); *cf. Intelsat Glob. Sales & Mktg., Ltd. v. Cmty. of Yugoslav Posts Telegraphs & Telephones*, 534 F. Supp. 2d 32, 33 (D.D.C. 2008) (ordering FSIA jurisdictional discovery where communications of defendant's senior officer "provide[d] circumstantial evidence of [defendant's] governmental status at the time of the filing of the complaint").

[3] The Court may order penalties for Sberbank of Russia's noncompliance far more significant than Plaintiffs request here. For example, the Second Circuit approved monetary penalties and an evidentiary presumption in plaintiff's favor after a defendant asserting immunity under the FSIA failed to produce jurisdictional discovery necessary to resolve the defendant's purported status as an agency or instrumentality. *Funk v. Belneftekhim*, 739 F. App'x 674, 679 (2d Cir. 2018); *see also Funk v. Belneftekhim*, 861 F.3d 354, 368, 371 (2d Cir. 2017).

Respectfully submitted,

Dated: March 25, 2022

/s/   David Pressman

David Pressman
Jason P. Hipp
Jenner & Block LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1654
dpressman@jenner.com
jhipp@jenner.com

Terri L. Mascherin (admitted *pro hac vice*)
Jenner & Block LLP
353 N. Clark St.
Chicago, IL 60654
(312) 923-2799
tmascherin@jenner.com

*Counsel for Plaintiffs*

Sberbank and Plaintiffs are **ORDERED** to meet and confer regarding the discovery dispute(s) and file a joint status report, not to exceed three pages, indicating whether they have resolved the dispute(s) privately and, if needed, highlighting any remaining issues in dispute after they meet and confer, no later than **April 11, 2022**. The Court will extend the jurisdictional discovery schedule by seven (7) days to allow the parties to attempt to resolve this dispute without further assistance from the Court.

SO ORDERED:

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

**Dated**: 4/5/2022

4