UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS SCHANSMAN, et al.,<br><br>　　　　　Plaintiffs,<br><br>-against-<br><br>SBERBANK OF RUSSIA PJSC, et al.,<br><br>　　　　　Defendants. | No. 1:19-cv-02985-ALC-GWG |

**JOINT STATUS REPORT ON PLAINTIFFS' REQUEST FOR AN ORDER
COMPELLING SBERBANK'S COMPLIANCE WITH
THE COURT'S MARCH 9, 2022 ORDER**

Following the Court's April 5, 2022 Order, ECF No. 309, Plaintiffs and Sberbank met and conferred regarding Plaintiffs' request for an order compelling Sberbank's compliance with the Court's March 9, 2022 jurisdictional discovery order.

Plaintiffs seek to compel the production of documents responsive to Plaintiffs' discovery request 1.A, which requests: "Communications and statements from Sberbank officers about (1) the Central Bank's independence from the Russian Federation, or (2) the governmental or commercial functions of the Central Bank, including in the context of the April 2020 transfer of Sberbank shares from the Central Bank to the Ministry of Finance." ECF No. 291 at 1.[1]

---

[1] Plaintiffs also originally sought the "'agreement on representation of interests of the Government of the Russian Federation' referred to in Federal Law No. 50-FZ of March 18, 2020, which governs the Ministry of Finance's acquisition of Sberbank shares from the Central Bank." (Request 1.C). During the meet and confer, Sberbank represented that it does not believe any such documents exist. Based on Sberbank's representation, Plaintiffs are not moving to compel production of documents responsive to this request.

1

I.     **Plaintiffs' Position.**

Sberbank of Russia has not complied with the Court's March 9, 2022 Order. ECF No. 298. In Sberbank of Russia's own words, to comply with Document Request 1.A, Sberbank would need to produce "Sberbank's internal and external 'communications and statements,'" including "the production of communications of senior Russian executives and officials." ECF No. 292 at 9 (Sberbank's opposition to Plaintiffs' jurisdictional discovery proposal). During a meet and confer on April 11, 2012, Sberbank of Russia explained that its efforts to comply were limited to reviewing "official public statements and press releases" and providing undisclosed guidance to its Corporate Secretary, who reported to counsel that he possessed no responsive documents. Sberbank did not conduct any keyword searches and did not search any other records. Sberbank did not produce any communications of its officers (neither internal nor external).

Sberbank of Russia's carefully curated production of publicly available documents does not comply with its jurisdictional discovery obligations. Plaintiffs sought communications from Sberbank officers because of the context of Sberbank's new argument on the Central Bank of Russia: the argument was available to it when this suit was filed in April 2019 but not raised until December 2021, and key officials of the Russian Federation and Central Bank have contradicted Sberbank's litigation position. ECF No. 283 at 7-8. Production of communications and statements from Sberbank of Russia's officers on the same issues is directly relevant to evaluating Sberbank of Russia's motion. Plaintiffs are entitled to a production consistent with Sberbank of Russia's own expressed understanding of Document Request 1.A and with the standards of U.S. discovery.

Plaintiffs request that their opposition brief be due two weeks after Sberbank of Russia completes its document production to allow sufficient time for translation and review.

2

**II.     Sberbank's Position.**

Sberbank has fully complied with its jurisdictional discovery obligations. As confirmed during the meet and confer, Sberbank searched for documents responsive to Request 1.A. in the files of the offices more likely than others to have communications about the Central Bank's "independence" and functions, namely the Division of the Corporate Secretary (including emails of the corporate secretary), the office handling investor relations and regulatory disclosures, and the communications group for public statements and press releases. Sberbank applied the date range of January 2019 to June 2020, which yielded 135 pages of information. This targeted search for internal Sberbank communications is entirely consistent with the limited scope of the jurisdictional discovery ordered. Plaintiffs' complaint appears to be that Sberbank did not apply specific search terms or should expand its search. But as counsel explained, the searches and guidance were broad enough to capture any responsive documents. And Plaintiffs have *never* suggested search terms, custodians, or any other parameters. Even if they had, those parameters would not matter because Plaintiffs' own foreign-law deponent never testified that he needed any other documents to form his opinions — unsurprising since the question of the Central Bank's core functions is a matter of Russian law.

Finally, the Court should deny Plaintiffs' request for yet another extension of the FSIA briefing schedule. Further delay is inconsistent with the Supreme Court's admonishment that courts should decide immunity "as near to the outset of the case as is reasonably possible." *Bolivarian Republic of Venez. v. Helmerich & Payne Int'l Drilling Co.*, 137 S. Ct. 1312, 1317 (2017). Rather than continue to repeat their erroneous assertion that Sberbank's alternative immunity defense relative to the Central Bank should have been raised earlier (it should not), Plaintiffs should file their opposition brief on April 14, 2022, as ordered.

Dated: April 11, 2022

| | |
|---|---|
| /s/ *Nicole Erb* | /s/ *Jason P. Hipp* |

WHITE & CASE LLP
Nicole Erb
Claire A. DeLelle
Matthew S. Leddicotte (admitted *pro hac vice*)
701 13th Street, NW
Washington, DC 20037
202-626-3600
nerb@whitecase.com
cdelelle@whitecase.com
mleddicotte@whitecase.com

DEBEVOISE & PLIMPTON LLP
Mark P. Goodman
William H. Taft V
919 Third Avenue
New York, NY 10022
212-909-6000
mpgoodman@debevoise.com
whtaft@debevoise.com

*Counsel for Sberbank of Russia*

JENNER & BLOCK LLP
David Pressman
Jason P. Hipp
1155 Avenue of the Americas
New York, NY 10022
212-891-1600
dpressman@jenner.com
jhipp@jenner.com

Terri L. Mascherin (admitted *pro hac vice*)
353 N. Clark St.
Chicago, IL 60654
312-923-2799
tmascherin@jenner.com

*Counsel for Plaintiffs*