UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS SCHANSMAN, individually, as Surviving Parent of QUINN LUCAS SCHANSMAN, and<br><br>CATHARINA TEUNISSEN, individually, as surviving Parent of QUINN LUCAS SCHANSMAN, and as personal representative of the ESTATE OF QUINN LUCAS SCHANSMAN, and<br><br>NERISSA SCHANSMAN, individually, as surviving Sibling of QUINN LUCAS SCHANSMAN, and<br><br>XANDER SCHANSMAN, individually, as surviving Sibling of QUINN LUCAS SCHANSMAN,<br><br>       Plaintiffs,<br><br> -against-<br><br>SBERBANK OF RUSSIA PJSC, THE WESTERN UNION COMPANY, WESTERN UNION FINANCIAL SERVICES, INC., MONEYGRAM INTERNATIONAL, INC., MONEYGRAM PAYMENT SYSTEMS, INC., and VTB BANK PJSC,<br><br>       Defendants. | Civil No. 19-cv-02985-ALC<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW** |

   In accordance with Rule 1.4 of the Local Rules for the United States District Courts for the Southern and Eastern District of New York and Rule 1.16 of the New York Rules of Professional Conduct, Latham & Watkins LLP ("Latham") respectfully submits this memorandum of law in support of its motion to withdraw as counsel of record for Defendant VTB Bank PJSC ("VTB").

## ARGUMENT

As set forth in the accompanying Declaration of Christopher R. Harris, Latham is in the process of ending its engagement with VTB on multiple matters. One of these matters is Latham's representation of VTB in this case. Latham and VTB have discussed, and VTB has assented to this termination and Latham's withdrawal. Accordingly, Latham's withdrawal is consistent with the New York Rules of Professional Conduct, which permit consensual termination. *See* N.Y. Rules of Prof'l Conduct R. 1.16(c)(10) (withdrawal permitted where "the client knowingly and freely assents to termination of the employment"). Latham is not presently asserting any retaining or charging liens against VTB. Harris Decl. ¶ 5; L.R. 1.4. Should the Court require additional explanation of the grounds for withdrawal, undersigned counsel is prepared to provide it *in camera*.

Plaintiffs have not expressed objection to counsel for Sberbank of Russia PJSC's intended withdrawal from this case. *See* Dkt. No. 308 at 2. Latham's withdrawal from representing VTB presents similar circumstances, so the same should be true here.

Currently pending before Judge Gorenstein in Plaintiffs' letter request for a pre-motion conference concerning their proposed motion to compel VTB to produce discovery in response to certain of Plaintiffs' Requests For Production. *See* Dkt. No. 313. Undersigned counsel is preparing a responsive letter in opposition. There are no other pending filing deadlines or scheduled appearances concerning VTB. Pursuant to Judge Gorenstein's Pretrial Order (Dkt. No. 197), VTB's next discovery deadline is July 19, 2022, which is the deadline for "discovery in response to initial requests [to] be substantially completed." Fact discovery is scheduled to remain open until January 13, 2023, *see* Dkt. No. 197, which leaves VTB ample time to secure new counsel without delaying the ultimate close of discovery. Accordingly, "withdrawal can be

accomplished without material adverse effect on the interests of the client." N.Y. Rules of Prof'l Conduct R.1.16(c)(1).

## CONCLUSION

For the foregoing reasons, Latham respectfully requests that the Court grant its motion to withdraw as counsel of record for Defendant VTB Bank PJSC.

Dated: April 19, 2022
      New York, New York

Respectfully Submitted,

**LATHAM & WATKINS LLP**

/s/ Christopher R. Harris
Christopher R. Harris
Zachary L. Rowen
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: christopher.harris@lw.com
zachary.rowen@lw.com

*Attorneys for Defendant VTB Bank PJSC*