1155 AVENUE OF THE AMERICAS, NEW YORK, NY 10036-2711                    JENNER&BLOCK LLP

April 21, 2022

VIA ECF

Terri L. Mascherin
Tel +1 312 923 2799
TMascherin@jenner.com

The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

***Schansman et al. v. Sberbank of Russia PJSC et al.*, No. 1:19-cv-02985-ALC-GWG (S.D.N.Y.) – Plaintiffs' Response to Defendant VTB Bank PJSC Concerning Plaintiffs' Proposed Motion to Compel the Production of Documents from VTB**

Dear Judge Gorenstein:

We write briefly on behalf of Plaintiffs to respond to certain representations in the April 20, 2022 letter from Defendant VTB Bank PJSC ("VTB"), ECF No. 320, concerning Plaintiffs' motion to compel the production of documents from VTB and to explain why it is essential to proceed with briefing on Plaintiffs' motion to compel now.

This dispute is clearly ripe for resolution. Plaintiffs have been negotiating the issues raised in the motion to compel with VTB since December 2021. After five months of negotiations, including three meet-and-confers over the past six weeks, on April 15, 2022, VTB confirmed that the parties are at an impasse on the three issues raised in the motion to compel. It is important that the Court address the motion to compel now. The parties are less than three months from the deadline for substantial completion of party document productions, *see* ECF No. 197, yet VTB takes the untenable position that it will not produce any discovery in this case, standing on the three overarching objections at issue in the motion. The issues raised by Plaintiffs' motion to compel must be resolved before VTB will produce any discovery in this case.

Contrary to VTB's statements, the record shows that VTB is exploiting the decision by its counsel to seek to withdraw to delay discovery and resolution of this motion to compel. Crucially, at no time prior to the April 19, 2022 filing of Latham & Watkins's motion to withdraw did Plaintiffs have advance notice that Latham & Watkins intended to immediately withdraw. During the parties' meet-and-confer on April 6, 2022, Plaintiffs reported to VTB on the three issues at an apparent impasse, and VTB suggested that they expected they could reach an agreement on at least one of the issues and requested a short amount of additional time. In that call, Plaintiffs' counsel asked VTB's counsel whether Latham & Watkins would be continuing to represent VTB in this case, and counsel did not mention any intention to seek to withdraw. During a follow-up meet-and-

confer on April 14, 2022, VTB confirmed that the parties were at an impasse on all three issues raised in this motion to compel. Latham & Watkins also reported that they intended to withdraw at some point in the future, but said they did not know if they would file a withdrawal motion immediately or if they would first wait to locate replacement counsel, the path taken by counsel for Sberbank of Russia (who have continued to litigate this case for six weeks since filing a motion to stay). On April 14, 2022, Mr. Harris explicitly stated with respect to the timing of Latham & Watkins's withdrawal, "I just don't know." VTB requested that Plaintiffs hold their proposed motion to compel indefinitely until Latham & Watkins decided to withdraw and until new counsel could appear, but Mr. Harris was not able to offer any assurances on when that would happen.

During the April 14, 2022 meet-and-confer, Plaintiffs also sought VTB's position regarding Plaintiffs' proposed briefing schedule. VTB's counsel indicated they did not expect to be able to receive guidance from their client on the proposed schedule. Given that response, Plaintiffs' counsel informed VTB that Plaintiffs planned to file the pre-motion letter on Monday, April 18, 2022. Thus, VTB was on notice of Plaintiffs' proposed schedule but never proposed an alternative schedule.

Finally, VTB's suggestion that briefing on the motion to compel could become "moot" because of requests to the Central Bank of Russia and the Ministry of Finance reflects a transparent attempt at further delay. As Sberbank of Russia has explained to us, the Central Bank has taken the position that Russian regulators cannot unilaterally waive the Russian laws that Sberbank and VTB claim prohibit disclosure to a foreign court here.[1] We have repeatedly asked VTB to identify any example of a Russian authority ever approving disclosure for a U.S. judicial proceeding or any other reason that VTB believes in good faith such approval might occur here, and VTB has been unable to do so. It defies credulity to suggest that, amidst the Russian invasion of Ukraine and ever-punishing sanctions issued by the United States on Russian banks (including VTB), Russian government authorities will for the first time in history approve a request for disclosure about its largest banks' support for terrorist activity in eastern Ukraine.[2]

VTB's attempt to distinguish *Linde v. Arab Bank, PLC* reveals its true intentions with discovery in this case. VTB touts the "years of delay" when a foreign bank failed to participate in discovery on the grounds of foreign bank secrecy laws. ECF No. 320 at 5 (quoting 269 F.R.D. 186, 194, 199-200 (E.D.N.Y. 2010)). Clearly, discovery in this case should not be modeled on a case

---

[1] VTB protests that Plaintiffs "have never mentioned or shown this correspondence [from the Central Bank] to VTB." ECF No. 320 at 3 n.2. The Central Bank's letter will be filed in connection with Plaintiffs' April 25, 2022 opening brief and is also in the possession of VTB's co-defendant Sberbank of Russia. Plaintiffs cannot be faulted for being more diligent than VTB's counsel in investigating VTB's Russian law objections.

[2] We have also long sought VTB's assurance that the Ministry of Finance and Central Bank possess the authority to waive all of the Russian laws asserted by VTB, and whether additional approvals, such as from VTB's customers or employees, would be necessary even if Ministry of Finance or Central Bank approval were somehow obtained. VTB was unable to answer those questions.

involving "years of delay." VTB's request that briefing on the motion to compel be stayed indefinitely pending VTB's uncertain ability to locate replacement counsel is untenable and will set up this case for years of delay. It should be rejected out of hand.

Plaintiffs' motion to compel should proceed on the schedule the Court adopted in ECF No. 315. Plaintiffs will submit their opening brief supporting their motion to compel on April 25, 2022 in accordance with that schedule. Plaintiffs will address any substantive issues raised by VTB's April 20, 2022 letter in that briefing.

Respectfully submitted,


/s/ Terri L. Mascherin

Terri L. Mascherin (admitted *pro hac vice*)
David Pressman
Jason P. Hipp
JENNER & BLOCK LLP

*Counsel for Plaintiffs*

cc:     Counsel of Record (via ECF)