1155 AVENUE OF THE AMERICAS, NEW YORK, NY 10036-2711               **JENNER&BLOCK** LLP

May 25, 2022

VIA ECF

Terri L. Mascherin
Tel +1 312 923 2799
TMascherin@jenner.com

The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

***Schansman et al. v. Sberbank of Russia PJSC et al.*, No. 1:19-cv-02985-ALC-GWG (S.D.N.Y.) – Plaintiffs' Request for Formal Briefing of Proposed Motion to Compel the Production of Documents from Defendant Sberbank of Russia PJSC**

Dear Judge Gorenstein:

Pursuant to Your Honor's Individual Practice 2.A, Plaintiffs request that their proposed motion to compel the production of documents from Defendant Sberbank of Russia PJSC ("Sberbank of Russia") (ECF No. 335) be decided on the basis of formal briefing.

Because Sberbank of Russia has taken the position that it refuses to produce the majority of responsive documents in this case because of its objections under a range of Russian laws, Plaintiffs' proposed motion addresses issues of foreign law, including bank secrecy and privacy laws of the Russian Federation, and explains the importance of numerous categories of documents that Sberbank of Russia refuses to produce. Plaintiffs' motion will also address Sberbank of Russia's refusal to produce documents outside a narrow time window, its refusal to search for or produce documents regarding transactions connected to the Donetsk People's Republic unless the individuals or entities were expressly identified by name in the Second Amended Complaint, and its refusal to produce documents in the possession, custody, and control of its wholly owned subsidiary Yandex.Money. In light of the necessity of briefing these range of issues because of Sberbank of Russia's approach to discovery in this case, formal briefing is warranted.

Plaintiffs' counsel conferred with Sberbank of Russia's counsel regarding a briefing schedule on May 24, 2022 and May 25, 2022, and proposed a schedule in which all briefing on Plaintiffs' proposed motion to compel would have concluded by June 28, 2022. Counsel for Sberbank of Russia responded that they still intend to withdraw at some point in the future and still believe their client will find substitute counsel sometime soon. Sberbank of Russia requested additional time for new counsel to appear and handle briefing on this motion to compel, and proposed a 30-

day deadline for new counsel to appear, only after which a briefing schedule for the motion to compel would be discussed. It has been over 60 days since counsel for Sberbank of Russia represented to the Court that it was seeking replacement counsel for Sberbank of Russia, ECF No. 303, and over 85 days since counsel for Sberbank of Russia began to search for replacement counsel. Plaintiffs declined Sberbank of Russia's proposal to delay discovery in this action by another 30 days.

On May 25, 2022, counsel for Sberbank of Russia additionally informed Plaintiffs of its position that any motion to compel should not be briefed at all until the Court decides Sberbank of Russia's motion to stay discovery. *See* ECF No. 244 (Sberbank of Russia's motion to stay discovery). As Plaintiffs have explained, Sberbank of Russia is not entitled to a stay of discovery to pursue a deliberately belated and meritless second motion to dismiss. *See* ECF No. 248 (Plaintiffs' opposition). While that motion remains pending, the Court has made clear that unless and until the court orders discovery stayed, discovery should proceed. ECF No. 269 (the Court "adheres to its view that there shall be no stay pending Sberbank's motion for a stay."); *see also* ECF No. 241 ("Obviously, there is no stay in effect unless an order is issued in the future so stating."). Because no stay has been granted, this Court should not allow Sberbank of Russia to delay discovery further by arguing that Plaintiffs should not even be permitted to seek to compel discovery.

To accommodate Sberbank of Russia's ongoing attempts to procure replacement counsel, Plaintiffs request that the Court set a deadline for Sberbank of Russia's replacement counsel, if any, to appear and for Sberbank of Russia (whether through current counsel or new counsel) to file a response to Plaintiffs' motion to compel within 30 days after Plaintiffs' opening brief Additionally, Plaintiffs request that if current counsel for Sberbank of Russia is given leave to withdraw prior to new counsel appearing, the Court authorize Plaintiffs to serve documents on Sberbank of Russia using alternative means of service, and order counsel for Sberbank of Russia to provide Plaintiffs with a sworn affidavit that provides all contact information it has used to contact its client and provide the name and title (if known) of each person associated with that contact information. *Cf.* ECF No. 332 (Plaintiffs' response to Latham & Watkins' motion to withdraw as counsel of record for VTB Bank PJSC); ECF No. 333 (order granting Latham & Watkins' motion to withdraw as counsel).

Accordingly, Plaintiffs request that the Court order the following proposed briefing schedule:

>  **May 31, 2022**: Plaintiffs file memorandum of law in support of motion to compel
>
> **June 30, 2022**: Sberbank of Russia files opposition to motion to compel, either through replacement counsel or current counsel
>
> **July 21, 2022**: Plaintiffs file reply in support of motion to compel

Respectfully submitted,


/s/  Terri L. Mascherin

Terri L. Mascherin (admitted *pro hac vice*)

2

David Pressman
Jason P. Hipp
JENNER & BLOCK LLP

*Counsel for Plaintiffs*

cc:     Counsel of Record (via ECF)

3