IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS SCHANSMAN, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> SBERBANK OF RUSSIA, PJSC, *et al.*, <br><br> *Defendants*. | Case No. 1:19-cv-02985-ALC-GWG <br><br> Hon. Andrew L. Carter, Jr. |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF WHITE & CASE LLP TO WITHDRAW AS COUNSEL OF RECORD FOR SBERBANK OF RUSSIA**

White & Case LLP respectfully submits this memorandum of law in support of its Motion, pursuant to Local Civil Rule 1.4, and Rule 1.16 of the New York Rules of Professional Conduct, to Withdraw as Counsel of Record for Defendant Sberbank of Russia effective June 24, 2022, or the date on which replacement counsel appears on behalf of Sberbank, whichever is earlier. As explained below, withdrawal is warranted because Sberbank is completing the process of engaging substitute counsel and consents to this Motion.

**ARGUMENT**

Local Civil Rule 1.4 provides:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

Federal courts sitting in New York look to the New York Rules of Professional Conduct in assessing what constitutes "satisfactory reasons" under Local Civil Rule 1.4. "Satisfactory reasons" exist for the withdrawal of White & Case LLP in this action pursuant to Rules 1.16(b)(3), 1.16(c)(1), (10), and (12) on the basis, respectively, that (i) Sberbank of Russia has "discharged" undersigned counsel as litigation counsel in this case, (ii) "withdrawal can be accomplished without material adverse effect on the interests of the client," and (iii) undersigned counsel "believes in good faith" that the Court "will find the existence of other good cause for withdrawal." As set forth in the accompanying Declaration of Nicole Erb, Sberbank has identified replacement counsel prepared to represent it in this matter, and is in the process of finalizing the engagement of that firm. Erb Decl. ¶ 5. Sberbank anticipates that the engagement process will be completed before June 24, 2022. *Id.* White & Case is in the process of ending its engagement with Sberbank, and Sberbank has consented to White & Case's termination and withdrawal in this action. *Id.* ¶ 4. Thus, withdrawal is warranted under the Rules where the client has consented to undersigned counsel's termination and withdrawal, has found substitute counsel, and has discharged undersigned counsel as litigation counsel effective June 24 or the date of new counsel's appearance, whichever is earlier. *See Steele v. Bell*, No. 11-cv-9343-RA, 2012 WL 6641491, at *2 (S.D.N.Y. Dec. 19, 2012) ("When counsel has been discharged—and agreed to the termination—the order to withdraw should issue except under the most compelling circumstances.") (quoting *Casper v. Lew Lieberbaum & Co.*, No. 97-cv-3016, 1999 WL 335334, at *4 (S.D.N.Y. May 26, 1999)).

Based on the client's imminent engagement of new counsel and the procedural posture of the case, the client also will not be materially prejudiced by a grant of the requested withdrawal. Sberbank's sovereign immunity defenses are explained in detail in the fully briefed Motion to

Dismiss and its supporting documents (ECF Nos. 257-60, 323), as well as in several detailed letters submitted to the Court. Sberbank's related Letter Motion to Stay merits discovery pending adjudication of its immunity defenses is also fully briefed and pending before Magistrate Judge Gorenstein (ECF Nos. 244, 267, 272, 283, 289). The Motion for Reconsideration, which undersigned counsel joined, is also fully briefed and pending before this Court (ECF Nos. 220, 277). Sberbank has completed voluminous productions to Plaintiffs, as well as expert depositions, regarding the immunity determination pursuant to the Court's March 9, 2022 Scheduling Order (ECF No. 298) on jurisdictional discovery. And Sberbank will respond later today to Plaintiffs' Request for Formal Briefing of Proposed Motion to Compel the Production of Documents from Defendant Sberbank of Russia PJSC (ECF No. 336) currently pending before Judge Gorenstein. There are no other pending filing deadlines or appearances scheduled for Sberbank. Furthermore, Plaintiffs have stated that they "have no objection" to undersigned counsel's withdrawal as counsel of record. ECF No. 308 at 2.

The undersigned counsel are committed to assisting the client and the Court in the orderly transition of its legal representation to substitute counsel. White & Case is not asserting a retaining or charging lien. Erb Decl. ¶ 7.

## CONCLUSION

For the reasons stated above, undersigned counsel, Nicole Erb, Claire DeLelle, and Matthew Leddicotte of White & Case LLP, respectfully request that the Court grant their Motion

to Withdraw as litigation counsel of record for Sberbank of Russia, effective the earlier of June 24, 2022, or when replacement counsel enters an appearance.

Dated: June 2, 2022
      Washington, D.C.

Respectfully submitted,

**WHITE & CASE**

/s/ *Nicole Erb*
Nicole Erb
Claire A. DeLelle
Matthew S. Leddicotte (admitted *pro hac vice*)
701 Thirteenth Street, NW
Washington, DC 20005
Telephone:    + 1 202 626 3600
Facsimile:    + 1 202 639 9355
nerb@whitecase.com
claire.delelle@whitecase.com
mleddicotte@whitecase.com

*Counsel for Sberbank of Russia, PJSC*