

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

June 2, 2022

Via ECF

The Honorable Gabriel W. Gorenstein
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

> Re: *Schansman, et al. v. Sberbank of Russia PJSC, et al.*, No. 19-CV-2985
> Response to Plaintiffs' Pre-Motion Letter for Motion to Compel

Dear Judge Gorenstein:

We write on behalf of Defendant Sberbank of Russia ("Sberbank") in response to Plaintiffs' Request for Formal Briefing of Proposed Motion to Compel the Production of Documents from Defendant Sberbank of Russia PJSC, ECF No. 336.

A briefing schedule for Plaintiffs' proposed motion to compel discovery from Sberbank is premature for two reasons. *First*, Sberbank has filed a Motion for Protective Order Staying Discovery Against Sberbank During Pendency of Sberbank's Motion to Dismiss for Lack of Subject-Matter Jurisdiction under the FSIA, ECF No. 233, and this Court should defer a decision on Plaintiffs' request for a briefing schedule until it resolves Sberbank's pending motion. *Second*, Debevoise & Plimpton LLP and White & Case LLP have filed Motions to Withdraw, ECF Nos. 343-345 and ECF Nos. 346-348, requesting leave to withdraw as counsel with an effective date of June 24, 2022, or, if earlier, the date on which replacement counsel files its notice of appearance. Sberbank respectfully requests that this Court defer setting a briefing schedule on Plaintiffs' proposed motion to compel until replacement counsel has appeared. In order to allow time for replacement counsel to form a view on the pending motions, Sberbank asks that the Court set a status conference one week after replacement counsel appears.

In addition to a briefing schedule, Plaintiffs also request that this Court issue various unrelated orders regarding Sberbank's efforts to secure replacement counsel. This Court should deny those requests as unnecessary and premature given Sberbank's diligent efforts to maintain continuity of representation in this matter.

In view of this Court's recent Order, *see* ECF No. 337, Sberbank reserves its response to the substantive arguments raised in Plaintiffs' Request for a Pre-Motion Conference on Their Proposed Motion to Compel the Production of Documents from Defendant Sberbank of Russia PJSC, ECF No. 335, for an opposition to any motion to compel that is filed.

www.debevoise.com

The Honorable Gabriel W. Gorenstein          2                          June 2, 2022

1. <u>This Court Should First Decide Sberbank's Motion for a Stay</u>

   The Court should decide Sberbank's motion to stay discovery pending a decision on its motion to dismiss for lack of subject-matter jurisdiction under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1602, *et seq.* ("FSIA"), ECF No. 233, before setting a briefing schedule for Plaintiffs' proposed motion to compel discovery. *See* ECF Nos. 244, 248, 252, 267, 268, 272, 283, 289, 290.

   Resolving the pending stay motion would promote efficiency – because that motion is likely to moot Plaintiffs' proposed motion to compel – while advancing the purpose of sovereign immunity, which entails immunity from the burdens of litigation. Because "sovereign immunity protects" a foreign state (or an agency or instrumentality of a foreign state) from "the expense, intrusiveness, and hassle of litigation, a court must be circumspect in allowing discovery before the plaintiff has established that the court has jurisdiction over a foreign sovereign defendant under the FSIA." *Arch Trading Corp. v. Republic of Ecuador*, 839 F.3d 193, 206 (2d Cir. 2016) (internal quotation marks omitted). Accordingly, when a party asserts immunity under the FSIA, "a plaintiff may be allowed limited discovery with respect to the jurisdictional issue; but until she has shown a reasonable basis for assuming jurisdiction, she is not entitled to any other discovery." *First City, Texas-Houston, N.A. v. Rafidain Bank*, 150 F.3d 172, 176 (2d Cir. 1998)), *aff'd sub nom. Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134 (2014); *see also Arch Trading Corp.*, 839 F.3d at 207 ("When sovereign immunity is at issue, discovery is warranted only to verify allegations of specific facts crucial to an immunity determination." (internal quotation marks omitted)). Sberbank completed the jurisdictional discovery ordered by this Court in April 2022, *see* Scheduling Order ECF No. 298; Joint Status Report on Plaintiffs' Request for an Order Compelling Sberbank's Compliance with the Court's March 9, 2022 Order, ECF No. 311, and Second Circuit precedent requires any non-jurisdictional discovery to be stayed pending a decision on Sberbank's motion to dismiss.

2. <u>In the Alternative, This Court Should Defer Setting a Briefing Schedule to Permit Sberbank to Finalize Its Engagement of Replacement Counsel</u>

   Sberbank previously advised the Court in March 2022 that Debevoise & Plimpton LLP and White & Case LLP intended to withdraw from representing Sberbank in this case, *see* ECF No. 299, and they have now moved to withdraw effective on the earlier of June 24, 2022 or the date on which replacement counsel appears. Since mid-March, Sberbank was listed as a Specially Designated National by the U.S. Treasury Department and has been adjusting to significantly changed economic and geo-political circumstances, complicating efforts to engage new counsel. Despite these challenges, Sberbank has succeeded in identifying a capable firm to handle its defense in this matter. The key commercial terms of the engagement have been negotiated, and Sberbank and replacement counsel are in the process of finalizing the engagement letter and arranging for payment of a retainer. Sberbank expects the engagement process to be completed no later than June 24, 2022, and likely earlier than that.[1]

---

[1] In addition, Sberbank is identifying a mechanism for handling payment of future legal fees associated with this matter, which has been complicated by changing regulatory regimes.

The Honorable Gabriel W. Gorenstein            3                                June 2, 2022

      Replacement counsel will need time to familiarize itself with the case, assess the time required to brief Plaintiffs' motion to compel, and seek any extensions to the case schedule that are necessary in view of recent events beyond Sberbank's control, including recently enacted legislation prohibiting Russian banks and credit organizations from providing customer information, data, and transactions to foreign authorities without federal authorization.  Without prejudice to any future request for changes to the case schedule, Sberbank currently considers that an extension to the discovery schedule of approximately six months is warranted.  On May 25, 2022, counsel for Sberbank (William Taft) proposed a six-month extension to the discovery schedule during a telephone call with counsel for Plaintiffs (Terri Mascherin).  Counsel for Plaintiffs are currently considering that proposal.

      In light of the impending withdrawal of Sberbank's counsel of record and the anticipated appointment of replacement counsel, as well as the numerous factors impacting scheduling in this matter, Sberbank respectfully asks the Court to defer setting a briefing schedule on Plaintiffs' proposed motion to compel until after new counsel appears and to hold a status conference one week after their appearance.

3.   <u>This Court Should Deny as Unnecessary and Premature Plaintiffs' Requests for Orders Regarding Replacement Counsel that Are Unrelated to their Request for a Briefing Schedule</u>

      Plaintiffs also ask that this Court (1) set a deadline for replacement counsel to appear and (2) "if current counsel for Sberbank of Russia is given leave to withdraw prior to new counsel appearing, . . . authorize Plaintiffs to serve documents on Sberbank of Russia using alternative means of service, and order counsel for Sberbank of Russia to provide Plaintiffs with a sworn affidavit that provides all contact information it has used to contact its client and provide the name and title (if known) of each person associated with that contact information."  ECF No. 336, at 2.  These requests are unrelated to Plaintiffs' request for a briefing schedule on its motion to compel, and are premature in light of Sberbank's ongoing efforts to engage replacement counsel before the proposed effective date of current counsel's pending motion to withdraw.

Respectfully submitted,


 /s/ William H. Taft V                                    /s/ Nicole Erb          

DEBEVOISE & PLIMPTON LLP               WHITE & CASE LLP
Mark P. Goodman                                      Nicole Erb
William H. Taft V                                        Claire A. DeLelle

*Counsel for Sberbank of Russia*


cc:     All counsel of record (via ECF)