1155 AVENUE OF THE AMERICAS, NEW YORK, NY 10036-2711                    JENNER&BLOCK LLP

June 6, 2022

Terri L. Mascherin
Tel  +1 312 923 2799
Fax +1 312 840 7799
TMascherin@jenner.com

**VIA ECF**

The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

***Schansman et al. v. Sberbank of Russia PJSC et al.*, No. 1:19-cv-02985-ALC-GWG (S.D.N.Y.) – Plaintiffs' Request for a Pre-Motion Conference Concerning Plaintiffs' Motion for Entry of a Supplemental Protective Order, or, Alternatively, to Grant this Motion Without Further Proceedings**

Dear Judge Gorenstein:

In accordance with Section 2.A of Your Honor's Individual Practices, Plaintiffs in the above-captioned case respectfully request a pre-motion conference regarding Plaintiffs' proposed motion for entry of the enclosed Supplemental Proposed Order Governing the Protection and Exchange of Highly Confidential Material ("Supplemental Protective Order"), to which Defendants Sberbank of Russia PJSC ("Sberbank of Russia"), MoneyGram International, Inc., and MoneyGram Payment Systems, Inc. ("MoneyGram") have agreed, but VTB Bank PJSC ("VTB") has not taken any position.

The proposed Supplemental Protective Order was prepared to express concerns raised by certain third-party subpoena recipients.  Those third parties, which include correspondent banks, requested a protective order provision permitting them to produce certain documents responsive to subpoenas and relevant to this litigation on an attorneys'-eyes only basis pursuant to a "Highly Confidential" designation.  The Stipulation and Proposed Order Governing the Protection and Exchange of Confidential Material, ECF No. 294, entered by this Court on March 1, 2022, does not contain such a provision.  At least two third-party subpoena recipients are waiting to produce any documents in response to Plaintiffs' subpoenas until such a designation is made available.  Plaintiffs have negotiated the language of the proposed Supplemental Protective Order with counsel for those third parties and request entry of this to provide a "Highly Confidential" designation.

June 6, 2022
Page 2

On May 12, 2022, Plaintiffs sent the proposed Supplemental Protective Order to Defendants. Following negotiations with Sberbank of Russia over certain changes to the Supplemental Protective Order, Sberbank of Russia and MoneyGram agreed to the enclosed order. VTB Bank failed to respond to Plaintiffs' request for two weeks. Plaintiffs wrote to VTB's counsel, Latham & Watkins LLP, on May 27, 2022. On May 30, 2022, VTB's counsel responded that they "will defer to VTB Bank's new counsel (who must appear this week per the Court's May 2, 2022 order) on this…." As the Court is aware, on June 2, 2022, VTB filed a letter requesting an extension of time for new counsel to file a notice of appearance from June 2, 2022, until June 15, 2022 (ECF No. 342), which the Court granted (ECF No. 350).

In light of that extension, on June 3, 2022, Plaintiffs again sought VTB's position on the Supplemental Protective Order so that third-party discovery would not be delayed pending the appearance of VTB's new counsel. That day, at approximately 11:50 a.m. ET, Plaintiffs' counsel (Jason Hipp and Ali Alsarraf of Jenner & Block LLP) met and conferred with VTB's counsel (Zachary Rowen of Latham & Watkins LLP) by telephone, again sought VTB's position on the Supplemental Protective Order, and informed counsel that given the pending third-party productions, Plaintiffs intended to move for entry of the Supplemental Protective Order unless VTB provided its position to the proposed Supplemental Protective Order by June 6, 2022. VTB's counsel stated that he would confer with his client and revert with VTB's position by June 6. On June 6, 2022, VTB reiterated its position that "VTB's new counsel should have an opportunity to comment and respond to this in light of the current transition that is taking place," and requested that VTB have until June 17 to provide its position.

Given the weeks of delay since Plaintiffs first proposed the Supplemental Protective Order and the necessity of the "Highly Confidential" designation for certain third-party subpoena recipients to produce relevant documents, Plaintiffs request a pre-motion conference on Plaintiffs' motion for entry of the enclosed Supplemental Protective Order. In the alternative, Plaintiffs respectfully ask that the Court treat this pre-motion letter as a motion and grant Plaintiffs' motion without further proceedings. *See Kapitalforeningen Lægernes Invest. v. United Techs. Corp.*, 779 F. App'x 69, 70 (2d Cir. 2019) (affirming a district court ruling deeming pre-motion letters as a motion).

Respectfully submitted,

/s/ Terri Mascherin

Terri L. Mascherin (*admitted pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 923-2799
tmascherin@jenner.com

June 6, 2022
Page 3

David Pressman
Jason P. Hipp
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
212-891-1654
dpressman@jenner.com
jhipp@jenner.com

*Counsel for Plaintiffs*