UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

THOMAS SCHANSMAN, et al.

              Plaintiffs,

-against-

SBERBANK OF RUSSIA PJSC, et al.

              Defendants.

No. 1:19-cv-02985-ALC-GWG

**PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO
THE MOTIONS TO WITHDRAW AS SBERBANK OF RUSSIA PJSC'S COUNSEL OF
RECORD BY DEBEVOISE & PLIMPTON LLP AND WHITE & CASE LLP**

In light of the indefensible conduct of the Russian Federation in Ukraine, the family of Quinn Lucas Schansman ("Plaintiffs") has no objection to Debevoise & Plimpton LLP ("Debevoise") and White & Case LLP ("White & Case") withdrawing as counsel of record to Sberbank of Russia PJSC ("Sberbank of Russia"), provided that new counsel for Sberbank of Russia is ordered to appear by June 24, 2022 (the date proposed by Sberbank),[1] and provided that the Court requires Sberbank of Russia to provide contact information for alternative means of service and authorizes Plaintiffs to serve documents on Sberbank of Russia using alternative means after the withdrawal motions are granted but before replacement counsel appears.[2] *See* ECF No.

---

[1] *See, e.g.*, Order, *Inga v. Nesama Food Corp.*, No. 20-cv-0909 (S.D.N.Y. Oct. 6, 2020) (No. 31) (requiring defendants to obtain new counsel within 30 days); Scheduling Order, *Agureyev v. H.K. Second Ave. Rest., Inc.*, No. 17-CV-7336 (SLC) (S.D.N.Y. June 22, 2020) (No. 66) (same).

[2] *See, e.g.*, *de Jesus Rosario v. Mis Hijos Deli Corp.*, 491 F. Supp. 3d 8, 11–12 (S.D.N.Y. 2020) (requiring as "a condition precedent to such withdrawal that Defense Counsel provide the Court and plaintiff with email and physical address information at which individual defendants have agreed to accept service of all papers"); *United States v. Est. of Machat*, No. 08 CIV. 7936 JGK, 2011 WL 2119750, at *1 (S.D.N.Y. May 24, 2011) (in connection with withdrawal of counsel,

333 (ordering replacement counsel for VTB Bank PJSC ("VTB") to appear by a date certain, and to provide Plaintiffs with a sworn statement providing Plaintiffs with information necessary to serve VTB if replacement counsel failed to appear by that date); ECF No. 331 (setting out legal authority in support). These measures are necessary to ensure that the withdrawal of Debevoise and White & Case does not prejudice Plaintiffs' ability to pursue their case against Sberbank of Russia without undue delay.

Plaintiffs also request, as a condition of the withdrawal of Debevoise and White & Case as counsel for Sberbank of Russia, that the Court set a briefing schedule for Plaintiffs' motion to compel. Sberbank of Russia's proposal that the Court order a status conference one week after new counsel appears should be rejected in favor of setting a briefing schedule. It has already been 75 days since counsel for Sberbank of Russia represented to the Court that it was seeking replacement counsel for Sberbank of Russia and over 95 days since counsel for Sberbank began to search for replacement counsel. ECF No. 304; ECF No. 308. On March 15, 2022, Sberbank of Russia represented to the Court that a 30-day stay would allow substitute counsel "to transition onto the case and help Sberbank discharge Sberbank's obligations in this case in the way that they see fit." ECF No. 301. However, no replacement counsel appeared within Sberbank of Russia's proposed time window or thereafter. Meanwhile, Sberbank of Russia has been aware of Plaintiffs' planned motion to compel since May 23. Plaintiffs do not object to a status conference once new counsel appears, but that should not delay progress on Plaintiffs' motion. Sberbank of Russia's proposal to merely discuss the further progress of litigation only after yet *another* period of waiting

---

ordering that "alternative service of all papers in this action is to be made on [defendant] by e-mail to the address that counsel for [defendant] has been using and also by ECF").

2

for substitute counsel prejudices Plaintiffs' ability to pursue their case, with little reason to be confident that the result will differ this time.

Setting a briefing schedule for the motion to compel is necessary because Sberbank of Russia has refused to meaningfully engage in discovery and has not yet produced any documents relevant to Plaintiffs' claims, despite repeated reminders by the Court "that there is no stay pending the disposition of the motion for a stay." ECF No. 337; *see also* ECF No. 269 (the Court "adheres to its view that there shall be no stay pending Sberbank's motion for a stay."); ECF No. 241 ("Obviously, there is no stay in effect unless an order is issued in the future so stating."). To date, the only documents Sberbank of Russia has produced are documents that relate either to Sberbank of Russia's latest Motion to Dismiss, including the documents it was ordered by Judge Carter to produce in connection with that motion, or documents that relate to Sberbank's Russian law objections to discovery. ECF No. 266 (ordering jurisdictional discovery); ECF No. 298 (same); ECF No. 335 at 3-4 (summarizing Sberbank of Russia's correspondence with Central Bank of Russia). None of those documents relates to the merits of Plaintiffs' claims. Sberbank of Russia effectively has stayed merits discovery by unilaterally refusing to produce any documents and tactically delaying the briefing of Plaintiffs' motion to compel. Sberbank of Russia has installed endless roadblocks to the discovery process, seeking to exploit meritless and belated sovereign immunity arguments, the laws of the Russian Federation, and its counsel's months-long unrealized intention to withdraw as bases for deferring discovery. Further delaying resolution of Plaintiffs' motion to compel would be inappropriate, as the Parties have reached impasse on the issues and agreed that Court intervention will be required to resolve them. ECF No. 335 at 3. Sberbank of

Russia's latest request is merely the latest attempt by Sberbank of Russia to avoid producing documents proving its material support for terrorist activities in Eastern Ukraine.[3]

Sberbank of Russia's argument that it is the victim of "changing regulatory regimes" and "significantly changed economic and geo-political circumstances," ECF No. 349 at 2 & n.1, does not warrant further delay. The "changed economic and geo-political circumstances" that Sberbank of Russia faces are a direct result of its complicity in atrocities in Ukraine—the very subject matter of this action—not some amorphous force outside of Sberbank of Russia's control. Further delaying discovery would only serve to reward Sberbank of Russia's wrongdoing and frustrate Plaintiffs' ability to pursue their own, long-delayed relief against Sberbank of Russia.

Accordingly, in conjunction with granting the motions to withdraw, Plaintiffs request that the Court order the following proposed briefing schedule:

**June 24, 2022**: Plaintiffs file memorandum of law in support of motion to compel

**July 8, 2022**: Sberbank of Russia files opposition to motion to compel

**July 22, 2022**: Plaintiffs file reply in support of motion to compel

Dated: June 6, 2022
New York, New York

Respectfully submitted,

JENNER & BLOCK LLP

/s/ David Pressman
David Pressman
Jason P. Hipp
Jenner & Block LLP
1155 Avenue of the Americas
New York, NY 10036

---

[3] Nor has Sberbank of Russia "completed" jurisdictional discovery, as it now claims. ECF No. 349 at 2. *See* ECF No. 306 (Plaintiffs' request for an order compelling Sberbank of Russia to complete jurisdictional discovery); ECF No. 311 (joint status request regarding the same request, which remains pending before the Court).

212-891-1654
dpressman@jenner.com
jhipp@jenner.com

Terri L. Mascherin (admitted *pro hac vice*)
Jenner & Block LLP
353 N. Clark St.
Chicago, IL 60654
(312) 923-2799
tmascherin@jenner.com

*Counsel for Plaintiffs*