UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS SCHANSMAN, individually, as surviving Parent of QUINN LUCAS SCHANSMAN, and<br><br>CATHARINA TEUNISSEN, individually, as surviving Parent of QUINN LUCAS SCHANSMAN, and as personal representative of the ESTATE OF QUINN LUCAS SCHANSMAN, and<br><br>NERISSA SCHANSMAN, individually, as surviving Sibling of QUINN LUCAS SCHANSMAN,<br><br>XANDER SCHANSMAN, individually, as surviving Sibling of QUINN LUCAS SCHANSMAN,<br><br>            Plaintiffs,<br><br>    -against-<br><br>SBERBANK OF RUSSIA PJSC, THE WESTERN UNION COMPANY, WESTERN UNION FINANCIAL SERVICES, INC., MONEYGRAM INTERNATIONAL, INC., MONEYGRAM PAYMENT SYSTEMS, INC., and VTB BANK PJSC,<br><br>            Defendants. | Civil No. 19-cv-02985-ALC |

**SUPPLEMENTAL ORDER GOVERNING THE PROTECTION AND EXCHANGE OF HIGHLY CONFIDENTIAL MATERIAL**

      WHEREAS, the Parties agreed to and the Court entered the Stipulation and Proposed Order Governing the Protection and Exchange of Confidential Material (the "Protective Order"), ECF No. 294, to govern the formal and informal production and/or disclosure by any party or non-party in this Action of Discovery Material and the handling of all such information produced or disclosed to any party or non-party.[1]

---

[1] Unless otherwise defined in this Supplemental Protective Order (defined below), all defined terms have the meaning assigned to them in the Protective Order.

5

WHEREAS, the Protective Order does not provide a "Highly Confidential" designation for any Producing Party to produce documents subject to an attorneys'-eyes only designation,

WHEREAS, certain third party subpoena recipients have requested to produce certain documents responsive to subpoenas and relevant to this litigation pursuant to a "Highly Confidential" designation,

WHEREAS, Plaintiffs, Sberbank of Russia PJSC, MoneyGram International, Inc., and MoneyGram Payment Systems, Inc., have agreed to make that "Highly Confidential" designation available to both Parties and non-parties pursuant to the terms provided herein,

WHEREAS, Plaintiffs submit this Proposed Order to add terms to the Protective Order allowing a Producing Party to designate certain documents "Highly Confidential."

**IT IS HEREBY ORDERED**, pursuant to the Federal Rules of Civil Procedure, that this Order (the "Supplemental Protective Order"), together with the Protective Order, shall govern the production and/or disclosure by any Producing Party in this Action of Highly Confidential Discovery Material and the handling of all such information produced or disclosed to any Receiving Party.

1. **HIGHLY CONFIDENTIAL DISCOVERY MATERIAL.** Any Producing Party may designate Discovery Material as "Highly Confidential" ("Highly Confidential Discovery Material") if either (1) that Producing Party is not a party to this action and in good faith believes that the Discovery Material is so competitively or otherwise sensitive that it is entitled to extraordinary protections and disclosure of the Discovery Material will create a likelihood of significant harm to the Producing Party or third parties, or (2) that Producing Party is a party to this action and in good faith and reasonably believes that disclosure of the Discovery Material other than as permitted in by the Protective Order will create a genuine likelihood of

5

significant harm to the business, financial, personal, competitive, or commercial interests of the Producing Party and/or cause significant injury to the Producing Party or to any third parties to which the Producing Party has an obligation.  Highly Confidential Discovery Material shall not include information that has been publicly disclosed by the Producing Party prior to the date of production, or that is available to the public at the time of production, or that becomes available to the public after the date of production other than as a result of disclosure by the Receiving Party, or that a Receiving Party received from a source other than the Producing Party without the same confidentiality designation.  In addition, for Producing Parties that are parties to this action, such Parties acknowledge that they should use the "Highly Confidential" designation sparingly.

2. **USE OF HIGHLY CONFIDENTIAL DISCOVERY MATERIAL.**  The provisions governing Confidential Discovery Material in the Protective Order shall apply equally to Highly Confidential Discovery Material.  In addition, Highly Confidential Discovery Material may be disclosed only to any persons falling within categories (b) through (d), and (f) through (j) in paragraph 8 of the Protective Order, provided that, except in the case of categories (b), (d), and (j), no disclosure shall occur until each such person has been provided a copy of the Protective Order and Supplemental Protective Order and has agreed to be bound by their terms by executing the Non-Disclosure Agreement in the form annexed to the Protective Order as Exhibit A.

3. The terms of the Protective Order shall be amended to reflect the addition of the "Highly Confidential" designation in addition to the "Confidential" designation.

**SO ORDERED:**

Dated: June 7, 2022

_____
United States Magistrate Judge