Zach Intrater, being duly sworn, deposes and says:

1. I am an attorney licensed in the state of New York.

2. I currently am employed as Of Counsel at Brafman & Associates, P.C., a law firm in New York.

3. I am familiar with the facts set forth in this affidavit.

4. This affidavit incorporates the facts set forth in an affidavit I signed on June 15, 2022, which was included as part of Docket No. 358 in this matter.

5. The Court's June 16, 2022 Order (Dkt. No. 360) granted an extension of time for VTB Bank to obtain new counsel, but ordered that no further extensions would be granted absent a sworn statement from someone with personal knowledge that provides a daily log of the efforts to arrange for a new attorney to file a notice of appearance. (See Dkt. No. 360.). This affidavit will detail those daily efforts.

6. On Wednesday, June 15, 2022, I spoke with a representative from OFAC regarding my firm's interpretation of the applicable federal regulations governing payments to attorneys by blocked entities.

7. On Thursday, June 16, 2022, I participated in phone calls with representatives of VTB Bank regarding the retention issue. I also communicated, via e-mail and phone, with a representative of the financial institution ("the Financial Institution") at which my firm maintains its attorney trust account. I described to the representative of the Financial Institution my June 15, 2022 phone call with the OFAC representative. I also explained our interpretation of the applicable federal regulations.

8. On Friday, June 17, 2022, a Russian law firm (Orion Partners) sent an invoice to the office of VTB Bank in Moscow, Russia in connection with the retainer payment to be paid to our firm.

9. On Friday, June 17, 2022, VTB Bank confirmed receipt of the original of this invoice and on the same day launched internal processing of this payment.

10. On Friday, June 17, 2022, I again communicated, via phone and email, with the representative of the Financial Institution. At 3:55 pm, per the Financial Institution's request, I sent a lengthy email to the Financial Institution's representative, detailing my firm's efforts, the

applicable federal regulations, and our request to have funds sent to the Financial Institution as a retainer payment in this matter. I also communicated, via phone, with representatives of VTB Bank.

11. I did not work on this issue on Saturday, June 18, 2022, or Sunday, June 19, 2022.

12. On Monday, June 20, 2022, the invoice was paid by VTB Bank and now standing to the account of Orion Partners opened in a Russian financial institution.

13. On Monday, June 20, 2022, notwithstanding the federal holiday on which the banks were closed, I communicated, via email, with representatives of VTB Bank regarding this issue, in a continued effort to find a way, consistent with all laws and regulations, to allow my firm to enter an appearance in this matter. At 12:32 pm, the representative of the Financial Institution sent an email on which I was copied. The email stated, in substance, that the representative had met with other employees of the Financial Institution in an effort to resolve the issue. The email further stated that, although the payment of funds by VTB Bank was legal, the Financial Institution would not accept a wire transfer from Russia because it was outside the Financial Institution's "risk framework."

14. On Tuesday, June 21, 2022, I participated in communications, via email and phone, with members of my firm and by email with representatives of VTB Bank in a continued effort to figure out a solution to this issue.

15. On Wednesday, June 22, 2022, I participated in communications, via email and phone, with members of my firm and by email with representatives of VTB Bank.

16. Today, June 23, 2022, our firm initiated discussions with another financial institution to receive the payment that has been made by VTB Bank. That financial institution has indicated that it will have an answer for us by early next week – the week of June 27, 2022.

17. As of today, my firm is still unable to receive payment of any funds as a retainer in this matter. This is so notwithstanding that the payment would be legal pursuant to the applicable federal regulations and statutes, and notwithstanding the continued best efforts of representatives of VTB Bank to figure out a way to have new counsel (our firm) represent them in this matter.

18. We are continuing to explore lawful and appropriate ways of being compensated for legal work we hope to one day perform. We are mindful that we have a potential client who needs and deserves legal representation, that this Court has a pending matter that must move forward and that the plaintiff in this matter has claims that must be resolved in one fashion or another.

19. We did not expect our firm to face such substantial impediments on the way of getting our fees paid. We have devoted a great deal of work (without accepting any compensation) to find a solution. Despite the efforts set forth in this affidavit and further detailed in earlier filings, we do not at the moment see a way forward with the Financial Institution. We are awaiting a response from the other financial institution listed in paragraph 16.

20. In the alternative, we are also working with VTB Bank to try to engage different counsel who might be able to represent the bank in this matter. We have already been in contact with one other firm, who is currently considering their ability to take on this engagement. We believe that VTB will need approximately two weeks to try to work through these arrangements.

21. We continue to work, each day, to find a lawful and appropriate solution to what has become a significant problem given the current sanctions and the responses of U.S. financial institutions, and particularly the Financial Institution, to those sanctions.

I declare, under penalty of perjury, that the foregoing statements are true and correct.

*Zach Intrater*
Zach Intrater, Esq.
Of Counsel
Brafman & Associates, P.C.