**1155 AVENUE OF THE AMERICAS, NEW YORK, NY 10036-2711**

## JENNER&BLOCK LLP

Terri L. Mascherin
Tel +1 312 923 2799
TMascherin@jenner.com

June 27, 2022

**<u>VIA ECF</u>**

The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

***Schansman et al. v. Sberbank of Russia PJSC et al.*, No. 1:19-cv-02985-ALC-GWG
(S.D.N.Y.) – Plaintiffs' Response to Defendant Sberbank of Russia PJSC's Letter
Requesting that Sberbank of Russia Not Be Deemed in Default Notwithstanding Its Failure
to Retain Counsel**

Dear Judge Gorenstein:

We write on behalf of Plaintiffs in the above-captioned case to respond to Defendant Sberbank of
Russia PJSC's ("Sberbank of Russia") letter requesting that Sberbank of Russia not be deemed in
default, ECF No. 369, notwithstanding Your Honor's Order of June 7, 2022, ECF No. 356, which
conditionally granted the motions to withdraw of Sberbank of Russia's counsel effective no later
than June 24, 2022 and stated that "Sberbank will be deemed in default" if new counsel did not
file a notice of appearance by June 24, 2022.

Because Sberbank of Russia will find itself without counsel when this Court formally grants the
motions to withdraw of Debevoise & Plimpton LLP ("Debevoise") and White & Case LLP
("White & Case"), Sberbank of Russia will unquestionably be in default. *Dow Chem. Pac. Ltd. v.
Rascator Maritime S.A.*, 782 F.2d 329, 336 (2d Cir. 1986) (finding that there was "no question"
that default was properly entered where corporate defendant failed to comply with the court's order
to obtain new counsel). A corporation's failure to retain counsel constitutes a "failure to defend"
sufficient for entry of default. *See Brown v. Good Friendship Deli & Tobacco Corp.*, No. 19-CV-
7158 (LJL), 2021 WL 5822232, at *3 (S.D.N.Y. Dec. 7, 2021). After Your Honor grants the
motions to withdraw consistent with Your Honor's prior Order of June 7, 2022, ECF No. 356,
Plaintiffs will apply for an entry of default. *See* Fed. R. Civ. P. 55(a); S.D.N.Y. Civ. R. 55.1
(establishing procedures for an application for an entry of default); Individual Pracs. of Judge
Andrew L. Carter, Attach. A. Upon such an application, the "clerk *must* enter the party's default,"
Fed. R. Civ. P. 55(a) (emphasis added), because "[t]he entry of default is [ ] not discretionary."
*Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry &
Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015).

Page 2

In an attempt to avoid this outcome, Sberbank of Russia distorts the procedures associated with default in Federal Rule of Civil Procedure 55.  The entry of default Plaintiffs are entitled to seek now is simply the first step towards a default judgment.  *See Arch Ins. Co. v. Sky Materials Corp.*, No. 17-cv-2829, 2021 WL 966110, at *4 (E.D.N.Y. Jan. 29, 2021), *report and recommendation adopted,* 2021 WL 964948 (E.D.N.Y. Mar. 15, 2021).  Sberbank of Russia, however, relies on cases arising at the second, judgment stage of default, rather than the initial entry stage, to conjure obstacles where none exist.  Here, this Court has already held that it has personal jurisdiction over Sberbank of Russia, ECF No. 185 at 10, and heard the case for years in light of Plaintiffs' uncontroverted allegations of federal question jurisdiction and Sberbank of Russia's denial of its status as an instrumentality under the FSIA.  *See* ECF No. 156 ¶ 24 (Second Am. Compl.); ECF No. 166 at 21, n.7.  In *Baker v. United Van Lines*, on which Sberbank relies, ECF No. 369 at 1, the defendants never appeared, and the Court undertook a jurisdictional analysis only *after* the plaintiffs filed their motion for default judgment—and months after the clerk entered default, as it must upon a failure to defend.  *See* Clerk's Entry of Default, *Baker v. United Van Lines,* No. 10-cv-1425-DLI-LB, 2011 WL 3273899 (E.D.N.Y. Mar. 21, 2011) (No. 18).  In its distortion of the procedures of default, Sberbank of Russia would have this Court invent an unprecedented legal status just for it: a corporation without counsel that is neither capable of defending itself in ongoing litigation but not in default.  That is simply untenable.

Should new counsel appear in two weeks as Sberbank suggests, Sberbank of Russia may promptly move to vacate the entry of default.  *See Bricklayers & Allied Craftworkers*, 779 F.3d at 186.  In the interim, however, the Court should grant the motions to withdraw, which will leave entry of default as the only outcome consistent with the Federal Rules of Civil Procedure.  While the Court has already determined it has jurisdiction over Sberbank of Russia, to the extent the Court deems it necessary to reassess its subject matter jurisdiction in light of the baseless and belated second motion to dismiss filed by Sberbank of Russia—but now forfeited by its failure to defend, along with its other pending motions—the Court may do so when Plaintiffs move for a default judgment. *See Reed v. Islamic Republic of Iran*, 845 F. Supp. 2d 204, 208, 210 (D.D.C. 2012) (assessing subject matter jurisdiction upon application for a default judgment and after clerk's entry of default).

Notably, Sberbank of Russia did not move for an extension of time for new counsel to appear.[1]  In light of the significant delay thus far, no such extension is warranted.  Sberbank of Russia has only itself to blame for its failure to timely resolve issues necessary to pay and retain new counsel.  However, if the Court is nonetheless inclined to extend the time for Sberbank of Russia's new counsel to appear, it should order immediate briefing on Plaintiffs' proposed motion to compel.  While Sberbank of Russia's current counsel has enthusiastically participated in this litigation when

---

[1] To the extent Sberbank of Russia is deemed to have sought an extension of time, it did not comply with this Court's Individual Practices because it did not confer with Plaintiffs to seek their position on the request.  *See* Individual Pracs. of Magistrate Judge Gabriel W. Gorenstein Prac. 1.E.

it would benefit its client—taking and defending expert depositions, producing required jurisdictional discovery, and filing a reply in support of their second motion to dismiss Plaintiffs' second amended complaint well after counsel for Sberbank of Russia first requested to withdraw as counsel of record, *see* ECF No. 323—they have stonewalled Plaintiffs' attempts to proceed with merits discovery.  Sberbank of Russia has relied on the repeated claims that Debevoise and White & Case wish to withdraw as counsel for their long-time, repeated client Sberbank of Russia. Relying on that long-stated intention, Sberbank of Russia has repeatedly sought extensions of deadlines for new counsel to appear.  *See, e.g.*, ECF No. 301 (requesting, on March 15, 2022, "a short 30-day stay of the proceedings to seek substitute counsel"); ECF No. 304 (requesting, on March 23, 2022, a 30-day stay to obtain substitute counsel); ECF No. 344 at 1-2 (representing, on June 2, 2022, that "Sberbank anticipates that the engagement process will be completed before June 24, 2022," and that the "proposed outside date of June 24, 2022 affords sufficient time to complete the formal engagement process"); ECF Nos. 345-48 (same).  Now, more than three months after Sberbank of Russia first requested a short stay, its current counsel remains in the case, but Sberbank of Russia has nonetheless failed to participate meaningfully in discovery, producing *not a single document* in response to Plaintiffs' merits discovery requests.  Sberbank of Russia's counsel cannot have it both ways: attempting to insulate their client from a default by remaining in the case but also refusing to participate in discovery, including the motion to compel essential for discovery to proceed.

Accordingly, Plaintiffs respectfully request that Your Honor reject Sberbank of Russia's request that the Court revise its prior Order of June 7, 2022, and authorize Plaintiffs to serve Sberbank of Russia using alternative means.  *See* ECF No. 354 at 1.[2]

Respectfully submitted,


/s/ Terri L. Mascherin

Terri L. Mascherin (admitted *pro hac vice*)
David Pressman
Jason P. Hipp
JENNER & BLOCK LLP

*Counsel for Plaintiffs*

cc: Counsel of Record (via ECF)

---

[2] In the alternative, if the Court is inclined to *sua sponte* extend the time for new counsel to appear, Plaintiffs should be permitted to immediately set a briefing schedule on their proposed motion to compel.