

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

June 24, 2022

MEMORANDUM ENDORSED

<u>Via ECF</u>

The Honorable Gabriel W. Gorenstein
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

     Re:   *Schansman et al. v. Sberbank of Russia PJSC, et al.*, 1:19-cv-02985 (ALC) (GWG)

Dear Judge Gorenstein:

     We write on behalf of Defendant Sberbank of Russia ("Sberbank") in the above-captioned matter. Your Honor's Order of June 7, 2022 (ECF No. 356) (the "Order") requires that "Sberbank must have a new attorney file a notice of appearance by June 24, 2022." New counsel will be unable to appear on Sberbank's behalf today. Discussions among Sberbank and its prospective new counsel are ongoing, as they seek to identify a method to pay for legal services consistent with applicable sanctions and the continuing restrictions on Sberbank's access to global financial networks. Sberbank currently anticipates that new counsel will be engaged and will enter an appearance on behalf of Sberbank in this action within two weeks.

     Although Sberbank has been unable to meet the deadline established in the Order, Sberbank requests that the Court refrain from "deem[ing] [Sberbank] in default," *id.*, and instead afford Sberbank additional time to engage replacement counsel. In any event, Sberbank respectfully submits that any failure to secure counsel should not lead to entry of default (let alone a default judgment) in these circumstances for three reasons.

     *First*, no default should be entered while Sberbank's motion to dismiss for lack of subject-matter jurisdiction is pending. Before any entry of default, a court is obligated to determine it has subject-matter jurisdiction. *See, e.g., Baker v. United Van Lines*, No. 10-cv-1425-DLI-LB, 2011 WL 3273899 (E.D.N.Y. July 29, 2011) (requiring party seeking "entry of default" to "demonstrate a basis for jurisdiction" when it "appeared subject matter jurisdiction might be lacking," and then dismissing case entirely on basis of the submitted jurisdictional

evidence); *see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 108 (2d Cir. 1997) (requiring "inquiry into whether the default judgment itself is void for lack of subject matter jurisdiction."). Sberbank has made a motion to dismiss for lack of subject-matter jurisdiction under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1601 *et seq.* (the "FSIA"). *See* ECF Nos. 257, 258, 312 and 323. Accordingly, the Court should decide if it has subject-matter jurisdiction over Sberbank before taking any further action.

*Second*, even apart from the jurisdictional bar, an immediate entry of default would not be warranted as Sberbank has not "failed to plead or otherwise defend" and Plaintiffs have made no showing to the contrary. Fed. R. Civ. P. 55(a). Local Civil Rule 55.1 requires, among other things, that a party "apply[] for entry of default," including by presenting "an affidavit demonstrating that [] the party has failed to plead or otherwise defend the action; and [] the pleading to which no response has been made was properly served." Sberbank has energetically defended itself against Plaintiffs' allegations in this action, and intends to continue to do so once replacement counsel can be engaged.[1]

*Third*, Plaintiffs have not satisfied the heightened requirements for a default judgment against an "agency or instrumentality of a foreign state" that are imposed by the FSIA. *See* 28 U.S.C. § 1608(e); *see also* Mem. of Law in Supp. of Mot. to Dismiss for Lack of Subject-Matter Jurisdiction under the FSIA (ECF No. 258) at 3-18. Multiple motions that would result in the dismissal of the case remain fully briefed and pending before the Court, *see* ECF Nos. 220 (motion for reconsideration of decision on initial motion to dismiss); 257 (motion to dismiss for lack of subject-matter jurisdiction), and Plaintiffs have yet to submit evidence sufficient to establish their claim.

---

[1]     The Order contemplates Plaintiffs will be permitted to file a motion to compel production of documents from Sberbank once new counsel appears on Sberbank's behalf. A ruling on any such motion should follow the Court's decision on Sberbank's FSIA-related motions, including the fully briefed motion to stay discovery, ECF No. 290. *See Arch Trading Corp. v. Republic of Ecuador*, 839 F.3d 193, 207 (2d Cir. 2016) ("[w]hen sovereign immunity is at issue, discovery is warranted 'only to verify allegations of specific facts crucial to an immunity determination.'") (quoting *EM Ltd. v. Republic of Argentina*, 473 F.3d 463, 486 (2d Cir. 2007)).

Hon. Gabriel W. Gorenstein                                                                 3

* * *

As provided for in the Order, on June 27, 2022, present counsel for Sberbank (Debevoise & Plimpton LLP and White & Case LLP) will provide Plaintiffs' counsel with sworn statements with "all contact information (including mailing addresses, telephone numbers, and email addresses) they have used to contact their client and provide the name and title (if known) of each person associated with that contact information." As further required by the Order, counsel will then attest by declaration to the Court that this information was provided.

Respectfully submitted,

DEBEVOISE & PLIMPTON LLP

By: */s/ William H. Taft V* _____
        William H. Taft V
        whtaft @debevoise.com

        919 Third Avenue
        New York, New York 10022
        (212) 909-6000

WHITE & CASE LLP

By: */s/ Nicole Erb* _____
        Nicole Erb
        Claire A. DeLelle
        Matthew S. Leddicotte (admitted *pro hac
            vice*)
        nerb@whitecase.com
        cdelelle@whitecase.com
        mleddicotte@whitecase.com

        701 Thirteenth Street, NW
        Washington, DC 20005
        (202) 626-3600

*Counsel for Sberbank of Russia*

cc:   Counsel of Record (via ECF)

A corporation may only appear in federal court by licensed counsel.  See, e.g., U.S. ex rel. Mergent Servs. v. Flaherty, 540 F.3d 89, 92 (2d Cir. 2008); Grace v. Bank Leumi Trust Co. of N.Y., 443 F.3d 180, 192 (2d Cir. 2006) (citing cases).  A court may properly set a deadline for a corporation either to obtain counsel or be found in default.  See, e.g., De Los Santos v. 94 Corner Cafe Corp., 2021 WL 5180870, at *2 (S.D.N.Y. Nov. 8, 2021); Mintz Fraade L. Firm, P.C. v. Brady, 2021 WL 1759003, at *4 (S.D.N.Y. May 4, 2021).  The Court will not accept Sberbank's apparent request to adjudicate now whether there is some reason not to apply that rule here given that Sberbank insists that it will be engaging new counsel and thus that there will be no default.  While the request is presented obscurely in this letter, Sberbank states that it is seeking to have the Court "afford" it "additional time to engage replacement counsel."  The Court will grant this request for an extension until July 8, 2022.  There will be no further extensions absent a sworn statement from someone with personal knowledge that provides a daily log of the efforts made by that individual starting on June 24, 2022, to arrange for a new attorney to file a notice of appearance.  If the July 8, 2022, deadline passes without any extension, plaintiffs may file a motion for a default judgment returnable before Judge Carter and in compliance with his Individual Practices.  If a request for an extension is filed before that date, however, plaintiffs shall wait for an adjudication of that request before filing such a motion.

So Ordered.

GABRIEL W. GORENSTEIN
United States Magistrate Judge

June 29, 2022