UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS SCHANSMAN, individually, as surviving Parent of QUINN LUCAS SCHANSMAN, and as legal guardian on behalf of X.S., a minor, and<br><br>CATHARINA TEUNISSEN, individually, and as surviving Parent and personal representative of the Estate of QUINN LUCAS SCHANSMAN, and<br><br>NERISSA SCHANSMAN, individually, and as surviving Sibling of QUINN LUCAS SCHANSMAN,<br><br>     Plaintiffs,<br><br>  -against-<br><br>SBERBANK OF RUSSIA PJSC, MONEYGRAM INTERNATIONAL, INC., MONEYGRAM PAYMENT SYSTEMS, INC., and VTB BANK PJSC<br><br>     Defendants. | No. 1:19-cv-02985-ALC-GWG |

## JOINT STATUS REPORT

   In accordance with Your Honor's June 24, 2022 Order, ECF No. 368, the Parties hereby file this joint status report on the status of potential settlement discussions among the remaining parties.

**Plaintiffs' Position:**

   During the Parties' Rule 16 Conference on October 27, 2021, Magistrate Judge Gorenstein directed the parties to confer regarding the potential for settlement discussions. ECF No. 236 at 10

(THE COURT: "I'm going to direct that you consult with each other about [settlement] and if it turns out that everybody wants a settlement conference, then maybe they should write me, or if everyone wants to be referred obviously you have the ability to go to private mediation without involving me at all."). After the Rule 16 conference, and in compliance with Magistrate Judge Gorenstein's directive, Plaintiffs contacted each defendant to determine whether they were interested in holding a settlement conference. Specifically:

In compliance with Judge Gorenstein's directive, Plaintiffs contacted counsel for **Sberbank of Russia PJSC** ("Sberbank of Russia") to determine if Sberbank of Russia wished to participate in a settlement conference. Sberbank of Russia did not respond. Plaintiffs have been unable to confer with counsel for Sberbank of Russia on this joint status report, as they have taken the position that they are no longer Sberbank's representatives in this matter. *See* June 28, 2022 W. Taft Email to J. Hipp ("Pursuant to the terms of the Court's order dated June 7, 2022, Debevoise & Plimpton LLP's withdrawal from its representation of Sberbank of Russia was effective as of June 24, 2022. We ask that all counsel please omit Debevoise from future correspondence addressed to counsel for parties in the action."); July 8, 2022 N. Erb Email to J. Hipp ("[P]ursuant to the Court's Order dated June 7, 2022 (ECF 356), White & Case LLP no longer represents Sberbank in this case.").

In compliance with Judge Gorenstein's directive, Plaintiffs contacted counsel for **VTB Bank PJSC** ("VTB") to determine if VTB wished to participate in a settlement conference. VTB invited a settlement demand, which Plaintiffs thereafter provided to VTB. VTB never responded.

**MoneyGram** reached out to Plaintiffs to solicit a settlement demand in May 2022, which Plaintiffs provided at their request. MoneyGram declined to respond to that demand.[1]

**MoneyGram's Position:**

The MoneyGram Defendants (the only defendants who have not settled and who are represented by counsel) do not believe there is any reasonable prospect of settlement of the claims against them. We ask that the Court either grant MoneyGram's motion for reconsideration or move the claims against MoneyGram toward summary judgment motions promptly. The public allegations here are wildly prejudicial and (as many months of discovery have shown) utterly baseless.

---

[1] MoneyGram asserts that Plaintiffs' claims are "wildly prejudicial" and have been shown to be "utterly baseless" after "many months of discovery." None of that is true. Your Honor denied MoneyGram's motion to dismiss Plaintiffs' claims, permitting Plaintiffs to take discovery from MoneyGram. ECF No. 185. The Internet is littered with solicitations from fundraisers from the terrorist group that downed MH17 that feature MoneyGram's logo and services. Instead of being forthcoming about the extent of its knowledge and involvement in these efforts, MoneyGram has joined the Russian bank defendants in trying to stymie discovery—producing, for example, *zero* transaction records and requiring Judge Gorenstein last week to order MoneyGram to produce additional documents. ECF No. 380 at 20-21.

|  | Respectfully submitted, |
|---|---|
| Dated: July 11, 2022 | /s/ David Pressman |

David Pressman
Jason P. Hipp
Jenner & Block LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1654
dpressman@jenner.com
jhipp@jenner.com

Terri L. Mascherin (admitted *pro hac vice*)
Jenner & Block LLP
353 N. Clark St.
Chicago, IL 60654
(312) 923-2799
tmascherin@jenner.com

*Counsel for Plaintiffs*

| /s/ Zachary L. Rowen | /s/ Mitchell A. Karlan |
|---|---|
| Christopher Harris | Mitchell A. Karlan |
| Zachary L. Rowen | Gibson, Dunn & Crutcher LLP |
| Latham & Watkins LLP | 200 Park Avenue |
| 1271 Avenue of the Americas | New York, NY 10166-0193 |
| New York, New York 10020 | (212) 351-3827 |
| Christopher.Harris@lw.com | mkarlan@gibsondunn.com |
| (212) 906-1200 | |
| Thomas.Heiden@lw.com | *Counsel for Defendants MoneyGram* |
| Zachary.Rowen@lw.com | *International, Inc. and MoneyGram Payment Systems, Inc.* |
| *Counsel for Defendant VTB Bank PJSC* | |