July 22, 2022

VIA CM/ECF

The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:    *Schansman, et al. v. Sberbank of Russia PJSC, et al.*, 19-cv-02985 (ALC) (GWG)
             **Joint Status Report Regarding Reinstatement of the Motion to Stay Discovery as to Sberbank**

Dear Judge Gorenstein:

    Wilk Auslander LLP are incoming counsel for Sberbank of Russia ("Sberbank").  Pursuant to the Court's Order of July 13, 2022 (ECF No. 402) (the "July 13 Order"), Sberbank and Plaintiffs met and conferred in good faith on July 20, 2022 "to determine what motions need to be brought before the Court and/or reinstated."

    Among other things, the parties conferred concerning the reinstatement of Sberbank's motion for a protective order staying discovery under Rule 26(c) during the pendency of Sberbank's motion to dismiss for lack of subject-matter jurisdiction under the Foreign Sovereign Immunities Act (ECF No. 244) (the "Stay Motion"), as well as reinstatement of the briefing accompanying the Stay Motion.  (ECF Nos. 248, 252, 267, 268, 283, 289).

    Following Sberbank's default (*see* ECF No. 391), the Court denied the Stay Motion by Order dated July 12, 2022.  (ECF No. 392).  The Court ruled that "[i]n light of Sberbank's default, [the Stay Motion] is denied as moot."  On July 13, 2022, substitute counsel for Sberbank noticed their appearances.  (ECF Nos. 396, 397, 398, 399, and 400).  The Court then entered the July 13 Order, which vacated Sberbank's default and directed the parties to "immediately confer to determine what motions need to be brought before the Court and/or reinstated."

    Because the Court vacated the default, the original basis for the Court's denial of the Stay Motion is no longer applicable. Therefore, Sberbank's position is that the Court should reinstate the Stay Motion and its attendant briefing.  Plaintiffs' position is that they continue to oppose any stay of discovery, but do not oppose reinstatement of the Stay Motion.

    Accordingly, the parties have agreed that, subject to the Court's approval, the Stay Motion and its accompanying briefing should be reinstated.

    The parties continue to confer in good faith on the matters raised in Plaintiffs' May 25, 2022 letters requesting a pre-motion conference and formal briefing on Plaintiffs' proposed motion to compel the production of documents from Sberbank pursuant to Rule 37.  (ECF Nos. 335 and 336).  The Court authorized Plaintiffs to file their motion to compel "any time beginning 5 business days after new counsel [for Sberbank] file their notice of appearance." (ECF No. 365).  Plaintiffs

The Honorable Gabriel W. Gorenstein
July 22, 2022
Page 2

wish to give substitute counsel for Sberbank of Russia an opportunity to determine whether their client's position has changed on the issues raised in Plaintiffs' proposed motion. In the event it has not, Plaintiffs anticipate filing their motion to compel in the coming weeks.

There are no other motions that need to be brought before the Court at this time.

Respectfully submitted,

| | |
|---|---|
| */s/ Terri L. Mascherin* | */s/ Natalie Shkolnik* |
| JENNER & BLOCK LLP | WILK AUSLANDER LLP |
| Terri L. Mascherin (*admitted pro hac vice*) | Natalie Shkolnik |
| Lee Wolosky | Aari Itzkowitz |
| Jason P. Hipp | Michael Van Riper |
| *Counsel for Plaintiffs* | *Counsel for Sberbank of Russia* |

cc:     Counsel of Record (via CM/ECF)