UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS SCHANSMAN, et al.<br><br>Plaintiffs,<br><br>-against-<br><br>SBERBANK OF RUSSIA PJSC, et al.<br><br>Defendants. | No. 1:19-cv-02985-ALC-GWG |

**PLAINTIFFS' APPLICATION FOR CLERK'S ENTRY OF DEFAULT
AS TO DEFENDANT VTB BANK PJSC**

Pursuant to Fed. R. Civ. P. 55(a) and Local Rule 55.1, Plaintiffs request that the Clerk of the Court enter default against Defendant VTB Bank PJSC ("VTB Bank").

**Introduction**

1. Plaintiffs in this action are Thomas Schansman, individually, Catharina Schansman, individually and as representative of the Estate of Quinn Lucas Schansman, Nerissa Schansman, individually, and Xander Schansman, individually. Defendants in this action include VTB Bank.

2. On April 4, 2019, Plaintiffs filed their Complaint in the instant action in the Southern District of New York. ECF No. 1.

3. On April 8, 2019, Plaintiffs filed a request for the issuance of a summons as to VTB Bank, ECF Nos. 28-29, which was electronically issued on April 9, 2019, ECF Nos. 36-37.

4. On June 13, 2019, the electronically issued summons was returned executed by VTB Bank, ECF Nos. 67, 70. VTB Bank thereafter moved to extend the time to respond to the

1

Complaint from the original date of June 25, 2019 to July 9, 2019, ECF No. 71, and the Court granted VTB's request to extend the deadline to respond, ECF No. 78.

5.  On July 12, 2019, VTB Bank filed a request for pre-motion conference to discuss the filing of a motion to dismiss the Complaint. ECF No. 84. The Court granted VTB's request to file a motion to dismiss the Complaint. ECF No. 88.

6.  On September 19, 2019, VTB Bank filed its motion to dismiss, accompanying memorandum of law, and supporting papers. ECF Nos. 99-100, 102-03.

7.  On October 8, 2019, Plaintiffs filed their First Amended Complaint, and service was accomplished through the Court's Electronic Case Filing system. ECF No. 104.

8.  On November 5, 2019, VTB Bank filed a motion to dismiss the First Amended Complaint, an accompanying memorandum of law, and supporting papers. ECF No. 117-19.

9.  On November 18, 2019, Plaintiffs requested leave to file a consolidated opposition to the motions to dismiss the First Amended Complaint filed by the defendants in this action, including VTB Bank, ECF No. 120, and the Court granted Plaintiffs' request, ECF No. 121.

10. On December 20, 2019, Plaintiffs filed their consolidated opposition to the defendants' motions to dismiss. ECF No. 122. On January 21, 2020, VTB Bank filed its reply to Plaintiffs' opposition to its motion to dismiss the First Amended Complaint. ECF No. 127.

11. On September 30, 2020, the Court terminated VTB Bank's motion to dismiss the First Amended Complaint in accordance with a prior order. ECF No. 154.

12. On October 5, 2020, Plaintiffs filed their Second Amended Complaint, and service was accomplished through the Court's Electronic Case Filing system. ECF No. 156.

13. On November 2, 2020, VTB Bank filed a motion to dismiss the Second Amended Complaint, accompanying memorandum of law, and supporting papers. ECF No. 168-71. Plaintiffs filed a consolidated opposition to the defendants' motions to dismiss, including VTB Bank's motion, on November 30, 2020. ECF No. 172. VTB thereafter filed its reply on December 14, 2020. ECF No. 176.

14. On September 30, 2021, the Court denied VTB Bank's motion to dismiss the Second Amended Complaint. ECF No. 185.

15. On October 27, 2021, the Court adopted a scheduling order to govern litigation of this case. ECF No. 197.

## Argument

16. The court Clerk must enter a default against a party who has failed to "otherwise defend" an action. *See* Fed. R. Civ. P. 55(a); *Cty of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129-30 (2d Cir. 2011). A corporation's failure to retain counsel constitutes a "failure to defend" sufficient for entry of default. *See Brown v. Good Friendship Deli & Tobacco Corp.*, No. 19-CV-7158 (LJL), 2021 WL 5822232, at *3 (S.D.N.Y. Dec. 7, 2021).

17. The Clerk must enter default against Defendant VTB Bank because it is a for-profit corporation that has ceased litigating this action and, lacking counsel, is incapable of defending this action. *Id.*

18. On April 14, 2022, counsel for VTB Bank—Latham & Watkins LLP ("Latham")—indicated its intent to withdraw as counsel in a meet-and-confer with Plaintiffs' counsel concerning discovery.

19. On April 19, 2022, Latham filed its motion to withdraw as VTB's attorneys. ECF Nos. 316-19.

20. Since that time, VTB Bank has failed to meaningfully participate in virtually all aspects of this litigation, including ongoing discovery, justifying its conduct on the basis of its intention to withdraw. More than 9 months into discovery, VTB Bank has failed to produce a single document.

21. On May 2, 2022, Magistrate Judge Gabriel W. Gorenstein conditionally granted Latham's motion to withdraw as VTB Bank's counsel, stating that VTB "must have a new attorney file a notice of appearance by June 2, 2022." ECF No. 333. Judge Gorenstein granted the motion to withdraw "effective June 3, 2022," provided that Latham "provide to plaintiffs a sworn statement that provides all contact information (including mailing addresses, telephone numbers, and email addresses) they have used to contact their client [VTB Bank] and provide the name and title (if known) of each person associated with that contact information" and "file a sworn statement on ECF attesting that they have provided the required information to plaintiffs." ECF No. 333.

22. Judge Gorenstein additionally provided that, with respect to the notice of appearance of new counsel for VTB Bank, "[i]f no such notice is filed, VTB will be deemed in default as a corporation may not appear in federal court except through an attorney." *Id.*

23. New counsel for VTB Bank did not appear by June 2, 2022.

24. On June 2, 2022, VTB filed its first request seeking an extension of the time for new counsel to appear until June 15, 2022. ECF No. 342. Judge Gorenstein granted that request. ECF No. 350.

25. New counsel for VTB Bank did not appear by June 15, 2022.

26. On June 15, 2022, VTB filed its second request seeking an extension of the time for new counsel to appear until July 1, 2022. ECF No. 358. Judge Gorenstein granted in part and denied in part that request, permitting VTB until June 23, 2022 to retain new counsel. ECF No. 360.

27. New counsel for VTB Bank did not appear by June 23, 2022.

28. On June 23, 2022, VTB Bank filed its third request seeking an extension of the time for new counsel to appear until July 7, 2022. ECF No. 367. Judge Gorenstein granted that request. ECF No. 373.

29. New counsel for VTB Bank did not appear by July 7, 2022.

30. On July 7, 2022, VTB filed its fourth request seeking an extension of the time for new counsel to appear until July 21, 2022. ECF No. 382. Judge Gorenstein granted that request. ECF No. 401.

31. New counsel for VTB Bank did not appear by July 21, 2022.

32. On July 21, 2022, VTB Bank filed its fifth request seeking an extension of the time for new counsel to appear until August 4, 2022. ECF No. 405. Judge Gorenstein granted that request. ECF No. 406.

33. New counsel for VTB Bank did not appear by August 4, 2022.

34. On August 4, 2022, VTB Bank filed its sixth request seeking an extension of the time for new counsel to appear until August 11, 2022. ECF No. 410.

35. On August 5, 2022, Judge Gorenstein granted VTB Bank's sixth request for an extension, but indicated "the Court is ready to [c]onclude VTB will never find a bank that will pay

its counsel." ECF No. 412. The Court additionally stated that it "doubts that it will grant any extension past August 12, 2022," but did not prohibit VTB Bank from seeking another extension. *Id.*

36. New counsel for VTB Bank did not appear by August 12, 2022.

37. On August 12, 2022, VTB Bank filed its seventh request seeking an extension of the time for new counsel to appear until August 19, 2022. ECF No. 417.

38. On August 15, 2022, Judge Gorenstein granted VTB Bank's seventh request, once more stating that he had "doubt" that the Court would "grant any extension past August 19, 2022." Judge Gorenstein, however, stated that "the Court will not bar VTB from seeking one." ECF No. 419.

39. New counsel for VTB Bank did not appear by August 19, 2022.

40. On August 19, 2022, Latham notified the Court that it would not request further extensions on behalf of VTB Bank but instead would seek to complete the conditions of its withdrawal as counsel. ECF No. 420.

41. On August 22, 2022, Judge Gorenstein granted Latham's motion to withdraw, stating that VTB Bank "is now in default" because "it is not represented by an attorney." ECF No. 421. Further, Judge Gorenstein noted that "Plaintiff[s] may obtain a certificate of default and make an application for a default judgment against VTB Bank PJSC to Judge Carter at any time." *Id.*

42. On August 22, 2022, Latham filed the information required as a condition of its withdrawal, thereby completing its withdrawal from this case. ECF No. 422.

43. Accordingly, VTB Bank is in default. VTB Bank has failed to meaningfully participate in this litigation since April 2022, and more than 9 months since the start of discovery,

VTB Bank has failed to produce a single document. VTB Bank remains without counsel and has therefore failed to defend itself in accordance with Judge Gorenstein's August 12, 2022 Order. ECF No. 417; *see also* ECF No. 421.

44. As a for-profit corporation, VTB Bank is not an infant, in the military, or an incompetent person.

## Conclusion

45. For the reasons set forth above, the Clerk is requested to enter a default against the Defendants pursuant to Fed. R. Civ. P. 55(a).

Dated: August 23, 2022

                Plaintiffs, by their attorney,

                By:  /s/ Lee S. Wolosky

                Lee S. Wolosky
                Jason P. Hipp
                Jenner & Block LLP
                1155 Avenue of the Americas
                New York, NY 10036
                212-891-1654
                lwolosky@jenner.com
                jhipp@jenner.com

                Terri L. Mascherin (admitted *pro hac vice*)
                Jenner & Block LLP
                353 N. Clark St.
                Chicago, IL 60654
                (312) 923-2799
                tmascherin@jenner.com

                *Counsel for Plaintiffs*