

August 31, 2022

MEMORANDUM ENDORSED

**VIA ECF**
The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    *Schansman et al. v. Sberbank of Russia PJSC et al.*, Case No. 19-cv-2985-ALC-GWG; VTB Bank PJSC's Letter Motion for *Nunc Pro Tunc* Extension on Consent (Dkt No. 425)

Dear Judger Gorenstein:

    This firm appeared as counsel of record for Defendant VTB Bank (PJSC) ("VTB" or the "Bank") yesterday, ending the Bank's monthslong search for replacement counsel. We write with respect to the Court's Order of August 19, 2022, finding VTB in default (Dkt No. 421), and to request *nunc pro tunc* relief, extending the Bank's final deadline to retain counsel (Dkt. 419) and thereby halting the entry of default.

    VTB is highly appreciative of the Court's patience during the Bank's pursuit of willing new counsel to replace Latham & Watkins. VTB further recognizes that it has requested seven previous extensions of time, each of which the Court has granted. VTB also acknowledges the Court's clear admonition in its August 15, 2022 Order that it doubted it would grant any further extension but did not bar VTB from seeking one. (Dkt. 419.) Though this is VTB's *eighth* request for an extension, it is made under substantially different circumstances. VTB now has counsel and is no longer prohibited from participating in this action and presenting a defense to Plaintiffs' claims on the merits.

    One week prior to the Court finding VTB in default, on August 15, 2022, the Court granted an extension of time until August 19, 2022 for counsel to enter an appearance, or for VTB to make an application for another extension. (Dkt. 419). As the Court is readily aware, VTB's loss of its previous counsel and its inability to promptly secure replacement counsel were due to geopolitical events. Indeed, this Court's August 22 finding was not that VTB should be sanctioned with a default for a willful failure to adhere to the Court's instruction, but rather that a

| Hon. Gabriel W. Gorenstein, U.S.M.J <br> Case No. 19-cv-2985-ALC-GWG | | 2 of 2 |
|---|---|---|

default appeared, at the time, to be inevitable under the circumstances and that further delay was unwarranted. However, those circumstances have now changed.

In its August 15, 2022 Order, the Court highlighted that this case presents unusual circumstances and the Second Circuit has repeated the admonition that cases should be decided on the merits where possible and not by default. (Dkt. No. 419). As the Circuit had noted, "…defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v Diakuhara*, 10 F3d 90, 96 (2d Cir 1993).

Therefore, VTB respectfully requests that the Court grant *nunc pro tunc* relief of an extension of time for appearance of counsel. As of the filing of this letter, no default has been entered by the Clerk. While we recognize that any default can be set aside by a formal motion under Fed. R. Civ. P. 55(c), we believe that the interests of judicial economy would be best served by a curative *nun pro tunc* extension, rather than a formal motion which will only further delay discovery and the consideration of the merits of this matter.

Counsel to Plaintiffs has consented to VTB's request.

Sincerely,

s/ Robert S. Landy
Robert S. Landy

Cc: All Counsel of Record (via ECF)

Granted. The time for VTB Bank (BJSC) to obtain counsel is extended nunc pro tunc to August 31, 2022. In light of the filing of the notices of appearance on that date, VTB is not in default and the Clerk is directed not to issue the certificate of default requested in Docket # 425.

So Ordered.

GABRIEL W. GORENSTEIN
United States Magistrate Judge
August 31, 2022