UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

Thomas Schansman, et al.,

                    Plaintiffs,

        -against-               :        1:19-CV-02985 (ALC) (GWG)

Sberbank of Russia PJSC et al.,     :        <u>ORDER</u>

                  Defendants :
-------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

      Defendant Sberbank of Russia submitted a motion for reconsideration (ECF No. 220) and a pre-motion letter for certification of interlocutory appeal (ECF No. 222) of the Court's Sept. 30, 2021, Memorandum and Opinion (The "Sept. 2021 Decision" at ECF 185). Those motions are DENIED.

## BACKGROUND

      I assume the parties' familiarity with the facts, which are set forth more fully in the Memorandum and Order denying Defendants' previous motion to dismiss. ECF No. 185. In short, according to the original complaint and Second Amended Complaint ("SAC"), Defendants Sberbank and VTB Bank provided material support and financing to the Donetsk People's Republic, a terrorist group accused of downing a Malaysia Airlines flight over Eastern Ukraine in 2014.

## DISCUSSION

*MOTION FOR RECONSIDERATION*

      Under the Federal Rules of Civil Procedure, a party can seek relief from a final judgment for any of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2)

1

newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b).

The Second Circuit has held that Rule 60(b) is "a mechanism for 'extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional circumstances.'" *Ren Yuan Deng v. New York State Off. of Mental Health*, 783 F.App'x. 72, 73 (2d Cir. 2019). Rule 60(b) motions "should be broadly construed to do 'substantial justice,' yet final judgments should not 'be lightly reopened.'" *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (internal citation omitted). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995.)

Here, Sberbank has asked that the Court reconsider the Sept. 30, 2021 Decision, but has not shown sufficient material facts or law that would warrant overturning our prior ruling. The Court carefully considered the parties arguments on personal jurisdiction, potential liability under the ATA, and other relevant legal concepts. The Court weighed those arguments against the facts alleged in the operative complaint and found that it "contain[ed] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As this Court has held before, "[R]econsideration of a previous order is an extraordinary remedy to be employed

2

sparingly in the interests of finality and conservation of scarce judicial resources." *Canfield v. SS&C Techs. Holdings, Inc.*, 2021 WL 1026128, at *1 (S.D.N.Y. Mar. 17, 2021).

Therefore, Sberbank's motion for reconsideration is denied.

*INTERLOCUTORY APPEAL*

Having denied the motion for reconsideration, we will now turn to whether to certify an order for interlocutory review of the Sept. 30, 2021 Decision by the Second Circuit. Sberbank's letter requests an interlocutory appeal of "(1) the causation standard applied by the Opinion [. . .]; (2) the Opinion's finding of adequate pleading of knowledge and intent to engage in "international terrorism" [. . .]; and (3) the assertion of personal jurisdiction based on the SAC's allegations [. . .]."

A district court has authority to certify an order for interlocutory appeal when "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Given the general policy of deferring appellate review until after the entry of a final judgment, interlocutory review is granted only in "exceptional circumstances." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (citation and quotation marks omitted). Movants cannot invoke the appellate process as a vehicle to provide early review of difficult rulings in hard cases. Only 'exceptional circumstances' will justify a departure from the basic policy of avoiding appellate review until a final decision on the merits. *In re Ambac Fin. Group, Inc. Sec. Litig.*, 693 F.Supp.2d 241, 282 (S.D.N.Y. 2010) (internal quotations and citations omitted).

As we noted above in relation to Sberbank's motion for reconsideration, the Court carefully weighed the parties' arguments for causation, potential liability under the ATA, and personal jurisdiction. Once again, we find that Sberbank has not shown the 'exceptional circumstances' to change the Court's prior ruling, or to move to the appellate process without further proceedings at the district court. Here, the mixed questions of law and fact concerning Sberbank's conduct, its connection with New York's financial system, and the subject of its knowledge and intent are not suitable for appellate review without a full record. *See In re Worldcom, Inc.,* No. M–47 HB, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003) (§1292(b) appeal requires "a 'pure' question of law that the reviewing court 'could decide quickly and cleanly without having to study the record'") *Id.* at 285.

## CONCLUSION

For the reasons set forth above, Sberbank's motion for reconsideration and motion for interlocutory appeal are DENIED. The Clerk of Court is respectfully directed to terminate ECF No. 220.

**SO ORDERED.**

**Dated:** **New York, New York**
**September 30, 2022**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**