**WILK AUSLANDER**

Wilk Auslander LLP       T 212-981-2300
825 Eighth Avenue        F 212-752-6380
New York, New York 10019  wilkauslander.com

October 21, 2022

<u>**Via ECF**</u>

The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   *Schansman, et al. v. Sberbank of Russia PJSC, et al.*, 19-cv-02985 (ALC) (GWG)

**Supplemental Letter <u>Reply</u> Brief In Further Support of Letter Motion for a Protective Order Staying Discovery as to Sberbank During Pendency of Sberbank's Proposed Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under the FSIA**

Dear Judge Gorenstein:

In conference with the parties on October 20, 2022, Judge Carter dispensed with the central premise of Plaintiffs' October 14, 2022 *Letter Regarding Sberbank of Russia's Pending Motion to Stay Discovery Based On Its Belated And Meritless Second Motion to Dismiss The Second Amended Complaint*. (ECF No. 454).

Plaintiffs said that Your Honor should "terminate[]" or "h[o]ld in abeyance" Sberbank of Russia PJSC's ("Sberbank") motion for a protective order staying discovery (ECF No. 244) (the "Stay Motion") because "no motion to dismiss is currently pending . . . ." Pls.' Suppl. Ltr. in Opp'n Stay Motion 1 (Oct. 14, 2022) (ECF No. 454).

But *the Court* said that Sberbank's motion to dismiss this matter for lack of subject-matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA") (the "FSIA Motion") remains pending notwithstanding its September 30, 2022 order terminating ECF No. 257.[1]

Plaintiffs said that Judge Carter's further consideration of the FSIA Motion might depend on Sberbank's "compliance with any future jurisdictional discovery order" and darkly hinted that

---

[1] Sberbank requested an overnight official transcript of the October 20, 2022 conference before Judge Carter later that same day. As of the time of filing of this letter, however, the court reporters had not yet delivered the transcript. Sberbank will file the transcript electronically upon request after receipt.

Hon. Gabriel W. Gorenstein
October 21, 2022
Page 2

Sberbank's "compliance is not guaranteed." Pls.' Suppl. Ltr. in Opp'n Stay Motion 1 (Oct. 14, 2022) (ECF No. 454).[2]

But *the Court* issued no discovery orders, instead directing the parties to meet-and-confer and file a joint status report on November 3, 2022.

Plaintiffs even said – this very day – that "[r]einstatement of Sberbank's second motion to dismiss remains subject to Judge Carter's further orders." Pls.' Suppl. Reply Ltr. in Opp'n Stay Motion 1-2 (Oct. 21, 2022) (ECF No. 458).

But *the Court* said nothing of the sort: to the contrary, Judge Carter opened the conference by explicitly making clear that Sberbank's FSIA motion is and remains *sub judice* with a decision coming in due course. The Court said nothing about the motion being "subject to further orders": those words are and belong entirely to Plaintiffs' counsel.

Plaintiffs have thus fundamentally misconstrued the Court's September 30, 2022 order (ECF No. 440) terminating the FSIA Motion. They now compound that misconstruction with misstatement, not just of past decisional law (which is by now par for the course), but of this very Court's rulings and statements in conference. The FSIA Motion remains pending and shall be decided in due course. The Court did not say that its consideration of the motion would depend on Sberbank's compliance with some non-existent future discovery order; Judge Carter simply said that the parties should talk and report back.

The Court's mere termination of the FSIA Motion from the motion calendar – when the Court itself has now confirmed that the motion remains pending and that a decision on it is forthcoming – therefore does not and cannot defeat the Stay Motion.[3]

---

[2] Plaintiffs also self-servingly neglected to remind the Court that Sberbank has produced over 33,000 pages of documents in the course of discovery and that the parties have deposed each other's Russian law experts. *See* Def.'s Opp'n to Pls.' Req. for Jurisdictional Disc. 2 (ECF No. 307).

[3] Nor *could* the "termination" of the FSIA Motion defeat the Stay Motion, even absent the Court's clarification at the October 20, 2022 conference. Plaintiffs put the issue backwards: it is not incumbent on Sberbank (or any other sovereign defendant) to win its motion to dismiss in order to *avoid* merits discovery, it is incumbent on Plaintiffs to "establish[] that the court has jurisdiction over a foreign sovereign defendant" in order to *take* merits discovery. *Arch Trading Corp. v. Republic of Ecuador*, 839 F.3d 193, 206 (2d Cir. 2016). For that reason, even if Sberbank had no pending motion "to dismiss the [Second] Amended Complaint on the basis of FSIA immunity," the absence of that motion would have been a "technicality [] of no consequence." *Zhukovskiy v. Nat'l Bank of Ukraine*, No. 21-20019-Civ, 2022 WL 526148, at *1 (S.D. Fla. Feb. 22, 2022) "[T]he purpose of FSIA immunity would be defeated if the Court were to force [Sberbank] to

Hon. Gabriel W. Gorenstein
October 21, 2022
Page 3

The remainder of Plaintiffs' October 14, 2022 letter (ECF No. 454) fares no better, fundamentally misconstruing the jurisdictional nature of sovereign immunity and the question before this Court.

## I. SBERBANK'S IMMUNITY REMAINS UNRESOLVED AND THEREFORE NO DISCOVERY MAY PROCEED ON THE MERITS

Under the FSIA and binding Second Circuit precedent, the question here is *not* whether "'good cause' for a protective order staying discovery" exists in light of "'(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of [Sberbank's] motion.'" *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (Gorenstein, J.) (quoting *Brooks v. Macy's, Inc.*, No. 10-cv-5304-BSJ-HBP, 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010)) (first alteration in original).

Rather, the question is simply whether "sovereign immunity is at issue." *Arch Trading*, 839 F.3d at 207. If so, then "discovery is warranted '*only* to verify allegations of specific facts crucial to an immunity determination.'" *Id.* (quoting *EM Ltd. v. Republic of Argentina*, 473 F.3d 463, 486 (2d Cir. 2007)) (emphasis added).

That rule must prevail because "[f]ederal courts at all levels always begin their work with a simple question: Has Congress given us authority to hear and decide this matter?" *In re Tronox Inc.*, 855 F.3d 84, 95 (2d Cir. 2017) (quoting *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006)). Accordingly, because the presence or absence of sovereign immunity defines the Court's subject-matter jurisdiction – its very "authority to hear and decide" the matter, *id.* – the Second Circuit has consistently held that "a court must be circumspect in allowing discovery before the plaintiff has established that the court has jurisdiction over a foreign sovereign defendant under the FSIA." *Beierwaltes v. L'Office Federale De La Culture De La Confederation Suisse*, 999 F.3d 808, 828 (2d Cir. 2021) (quoting *Arch Trading*, 839 F.3d at 206) (internal quotation marks omitted).

Plaintiffs have not yet established that the court has jurisdiction over Sberbank. Judge Carter's reservation of decision on the still-pending FSIA Motion does not refute that fact, it confirms it. By reserving decision, the Court necessarily acknowledged that the question of Sberbank's sovereign immunity remains unresolved.

Plaintiffs invocation of federal-question jurisdiction in their most recent correspondence, *see* Pls.' Suppl. Reply Ltr. in Opp'n Stay Motion 2, cannot plug that gap because the FSIA, through 28 U.S.C. § 1330, provides "the sole basis for obtaining jurisdiction" here. *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993) (quoting *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S.

---

participate in discovery merely because [it has] not yet . . . moved to dismiss the operative complaint." *Id*.

Hon. Gabriel W. Gorenstein
October 21, 2022
Page 4

428, 443 (1989)); *see also Vera v. Republic of Cuba*, 867 F.3d 310, 316 (2d Cir. 2017) ("Section 1604 bars state and federal courts from exercising jurisdiction when a foreign state is entitled to immunity, and section 1330 confers jurisdiction on federal district courts only if one of the exceptions to immunity applies." (citing *Argentine Republic*, 488 U.S. at 434)).

Unless and until Plaintiffs establish that the Court has jurisdiction under the FSIA, plaintiffs are "not entitled to *any other* discovery." *EM Ltd.*, 473 F.3d at 486 (quoting *First City, Texas-Houston, N.A. v. Rafidain Bank*, 150 F.3d 172, 177 (2d Cir. 1998)) (emphasis added) (internal quotation marks omitted).

For that reason alone, "good cause" exists to issue a protective order staying merits discovery under Federal Rule of Civil Procedure ("Rule") 26(c). Respectfully, however, Sberbank's immunity defense establishes much *more* than good cause: indeed, the Court "must" issue the stay. *Arch Trading*, 839 F.3d at 206.

## II.    GOOD CAUSE EXISTS TO STAY MERITS DISCOVERY EVEN UNDER THE THREE-PART TEST ADVANCED BY PLAINTIFFS

Even under the three-part balancing test invoked by Plaintiffs, the court should stay merits discovery. *See generally* Def.'s Ltr. in Supp. Stay Motion 3-10 (Dec. 23, 2021) (ECF No. 252).

### *Strength of the Motion*

As this Court has explained, to make the required "strong showing" for establishing good cause to stay discovery, the moving defendant need only "present 'substantial arguments for dismissal[].'" *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020) (Gorenstein, J.) (quoting *Hong Leong Fin.*, 297 F.R.D. at 72) (alteration in original). Sberbank easily passes that test.

Sberbank is indisputably a sovereign defendant at present by virtue of its majority ownership by the Ministry of Finance of the Russian Federation. *See* 28 U.S.C. § 1603(b)(2). Accordingly, should the Court determine that: (i) FSIA immunity must be continuously assessed upon changes in the status of an agency or instrumentality – as the Court should hold in accord with *Republic of Iraq v. Beaty*, 556 U.S. 848, 865 (2009), among others; and/or (ii) at minimum, FSIA immunity must be reassessed upon the filing of a new operative complaint – as the Court should hold in accord with *Rockwell International Corp. v. United States*, 549 U.S. 457, 473-74 (2007), among others; then Sberbank's immunity is undeniable. Sberbank, then, has presented a "substantial argument[] for dismissal." *Ema Fin.*, 336 F.R.D. at 79.

Even if the Court construes *Dole Food Co. v. Patrickson*, 538 U.S. 468 (2003) to bar any assessment of immunity under the FSIA after commencement of the action – a bar established by neither *Dole*, the ancient decisions of the Marshall Court, nor (most amusingly) "hornbook" first-year civil procedure instruction, *see* Pls.' Ltr. in Opp'n Stay Motion 4 (Dec. 20, 2021) (ECF No. 248) – Sberbank has been continuously immune under the FSIA by virtue of its previous

majority ownership by the Central Bank of the Russian Federation. Sberbank, then, has presented *two* "substantial arguments for dismissal." *Ema Fin.*, 336 F.R.D. at 79.

Moreover, Sberbank is immune from suit under the Anti-Terrorism Act ("ATA") itself, because the ATA provides that no action "shall be maintained" against a sovereign defendant, 18 U.S.C. § 2337(2), subject only to the inapplicable exception for injuries sustained in a terror attack in the United States introduced in 2016 by the Justice Against Sponsors of Terrorism Act ("JASTA"). 28 U.S.C. § 1605B; 130 Stat. 852.

Sberbank, then, has presented *three* "substantial arguments for dismissal." *Ema Fin.*, 336 F.R.D. at 79.

### *Breadth of Discovery*

As this Court has noted – in a case arising under the ATA – "discovery regarding over two thousand allegations in the complaint (covering 514 pages) involving seventeen defendants and thousands of financial transactions" imposes a "significant burden on defendants" sufficient to justify a stay. *O'Sullivan v. Deutsche Bank AG*, No. 17-cv-8709-LTS-GWG, 2018 WL 1989585, at *8 (S.D.N.Y. Apr. 26, 2018) (Gorenstein, J.).

Although the Second Amended Complaint (ECF No. 156) weighs in at a comparatively lean 419 paragraphs over 103 pages, Plaintiffs' discovery demands nevertheless shatter the benchmark this Court set in *O'Sullivan*. Plaintiffs have demanded discovery of Sberbank account records relating to 93 natural persons, 32 incorporated or unincorporated associations, and 95 different account numbers – a total of 220 separate data points to be applied for search, collection, and review across Sberbank's millions of accounts. Pls.' Suppl. Ltr. in Opp'n Stay Motion 1 (Oct. 14, 2022) (ECF No. 454); App. A to Pls.' First Doc. Reqs. to Sberbank (Aug. 23, 2022); App. B to Pls.' First Doc. Reqs. to Sberbank (Aug. 23, 2022). (A copy of Appendix A and Appendix B to *Plaintiffs' First Set of Document Requests To Sberbank of Russia PJSC*, as revised and dated August 23, 2022, is attached hereto as Exhibit A.)

Plaintiffs assert that they have in fact narrowed this sprawling request for documents from their even more gargantuan set of demands earlier in the case and that their new requests are appropriate. Pls.' Mem. in Supp. Mot. Compel 5, 16-17 (ECF No. 446).[4] But Plaintiffs did not revise their earlier demands in the spirit of generosity, and their revisions have not brought them into compliance with the limitations of Rule 26. Rather, Plaintiffs revised their demands because they sought to compel similarly broad discovery from co-defendant MoneyGram International,

---

[4] Sberbank adds that, contrary to Plaintiffs' motion to compel, there is indeed a "dispute that Plaintiffs' requests are reasonably narrow," *id.* at 17, even with respect to those categories of persons and accounts Sberbank has agreed to search, because many of the names and numbers Plaintiffs *purport* to identify as "individuals, organizations, and accounts identified in DPR-affiliated fundraisers prior to January 18, 2015," *id.*, are not *actually* identified in DPR-affiliated fundraisers, at least not according to the sources in Plaintiffs' appendices.

Hon. Gabriel W. Gorenstein
October 21, 2022
Page 6

Inc. ("MoneyGram") and lost resoundingly. *Compare* Pls.' Ltr. Req. Pre-Mot. Conference (ECF No. 357) *with* Def. MoneyGram's Ltr. Resp. to Pls.' Req. Pre-Mot. Conference (ECF No. 362) *and* July 5, 2022 Hr'g Tr. (ECF No. 380).

In arguing their proposed motion to compel MoneyGram, moreover, Plaintiffs did not apply the correct standard of relevance and proportionality set forth in Rule 26. July 5, 2022 Hr'g Tr. 3:14-21; 5:18-22 (ECF No. 380). Plaintiffs instead attempted to rely on the broader but long-since eliminated rule that discovery requests need only be "reasonably calculated to lead the discovery of admissible evidence":

> THE COURT: [T]he case law relied on [by] plaintiffs, to a large degree, postdate the 2015 amendments to the Federal Rules of Civil Procedure or citing cases themselves that predate the 2015 amendments. The 2015 amendments eliminated the ability, the automatic ability to obtain discovery about items that may lead to – reasonably calculated to lead to admissible evidence – that language is out.
>
> ***
>
> [COUNSEL FOR PLAINTFFS]: . . . [O]ur position in our letters, which you're obviously aware of, is that, you know, at this stage we don't need to lay out the roadmap. But at a high level –
>
> THE COURT: Right. You just lost that argument.

(*Id*.)

Plaintiffs, therefore, propounded overbroad and disproportionately burdensome discovery in reliance on inapplicable law. There is no reason to think Plaintiffs' latest revisions have solved the problem (they have not) and those revisions certainly have not materially lessened the burden on Sberbank.

Respectfully, then, Your Honor's rejection of Plaintiffs' proposed motion to compel discovery from MoneyGram applies with equal force here. Even as revised, Plaintiffs discovery demands are not merely a "significant burden" on Sberbank, *O'Sullivan*, 2018 WL 1989585, at *7, they exceed the permissible scope of discovery under Rule 26 entirely. A stay of discovery is therefore appropriate.

### *Prejudice*

In opposing Sberbank's motion for a stay of discovery, Plaintiffs complain of the delay arising from Sberbank's retention of substitute counsel, arguing that "[f]urther delay in prosecuting this case will only further prejudice the Schansman family's ability to obtain justice . . . ." Pls.' Suppl. Ltr. in Opp'n Stay Motion 2 (Oct. 14, 2022) (ECF No. 454). But that is exactly the type of procedural delay that this Court has held "cannot itself constitute prejudice sufficient to defeat a motion to stay discovery" in the absence of "any other form of attendant prejudice" – even when Plaintiffs bring claims under the ATA. *O'Sullivan*, 2018 WL 1989585, at *9. Moreover, Plaintiffs' question-begging insistence that further delay will deny them justice is exactly the type

Hon. Gabriel W. Gorenstein
October 21, 2022
Page 7

of "tautological[]" argument that "does nothing to explain any prejudice [Plaintiffs] would face if discovery . . . was stayed." *Ema Fin.*, 336 F.R.D. at 84.

Plaintiffs have therefore identified no articulable prejudice arising from a stay.

In contrast, even Plaintiffs' own motion to compel articulates (while attempting to minimize) the severe prejudice facing Sberbank: that Sberbank's compliance with Plaintiffs' demands would require Sberbank to violate Russian bank secrecy and data protection laws. Pls.' Mem. in Supp. Mot. Compel (ECF No. 446 at 9-11).

Sberbank submits (and will explain more fully in its forthcoming opposition to Plaintiffs' motion to compel) that its violation of those laws would impose prejudice so severe that Plaintiffs' demands cannot stand *regardless* of whether the Court stays discovery. For present purposes, however, the possibility of such prejudice before the Court even determines whether it holds subject-matter jurisdiction weighs decisively in favor of a stay.

Accordingly, even under the three-part test advanced by Plaintiffs, a stay of discovery pending a determination of Sberbank's immunity is necessary and appropriate.

Because under the FSIA the Court must authorize only limited jurisdictional discovery prior to the determination of Sberbank's immunity – which the Court has already authorized, and continues to administer – and because Sberbank in any event satisfies the ordinary test for a discovery stay, the Court should grant the Stay Motion.

Respectfully submitted,

*/s/Jay Auslander*

WILK AUSLANDER LLP
Jay Auslander
Natalie Shkolnik
Aari Itzkowitz
Michael Van Riper
825 Eighth Avenue
New York, New York 10019
212-981-2300

cc:   Counsel of Record (via ECF)