353 NORTH CLARK STREET, CHICAGO, ILLINOIS 60654-3456

JENNER&BLOCK LLP

Terri L. Mascherin
Tel +1 312 923 2799
TMascherin@jenner.com

May 31, 2023

**VIA ECF**

The Honorable Andrew L. Carter Jr.
United States District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 435
New York, NY 10007

*Schansman et al. v. Sberbank of Russia PJSC et al.*, No. 1:19-cv-02985-ALC-GWG (S.D.N.Y.) – Plaintiffs' Response to VTB Bank PJSC's May 25, 2023 Letter to the Court

Dear Judge Carter:

We write on behalf of Plaintiffs to respond to VTB Bank PJSC's ("VTB") May 25, 2023 letter regarding the Supreme Court's May 18, 2023 decision in *Twitter, Inc. v. Taamneh*, 143 S. Ct. 1206 (2023). ECF No. 513.

The Supreme Court's decision in *Twitter* involves a different statutory provision and a different standard for liability than the claims brought by the Schansman family here. Accordingly, that decision provides no basis for reconsideration of VTB's motion to dismiss and no basis to grant summary judgment to VTB. This Court should reject VTB's requests to rebrief the motion for reconsideration and for permission to move for summary judgment in the midst of discovery.

The Supreme Court's decision in *Twitter* concerned the interpretation of the standard to allege a secondary liability claim under the Justice Against Sponsors of Terrorism Act ("JASTA"), Pub. L. No. 114-222, 130 Stat. 852 (2016). The Court in *Twitter* addressed what it means to "aid[] and abet[], by knowingly providing substantial assistance, . . . an act of international terrorism." 143 S. Ct. at 1218 (quoting 18 U.S.C. § 2333(d)(2)). The plaintiffs alleged that Twitter, Facebook and Google aided and abetted ISIS's 2017 terrorist attack in Turkey merely by creating and maintaining social media platforms that ISIS used to propagandize. Although the plaintiff had also alleged direct-liability claims under the Anti-Terrorism Act ("ATA"), those claims were dismissed and not before the Supreme Court. *Id.* at 1217 n.4.

Here, the Schansman family does not advance a theory of secondary liability; they seek to hold VTB liable for its *own* criminal misconduct that proximately caused Quinn Schansman's and their own injuries. Plaintiffs therefore allege direct violations of the ATA, 18 U.S.C. § 2333(a), because VTB violated criminal statutes prohibiting the provision of material support to a terrorist organization and the financing of terrorism. Second Amended Complaint, ECF No. 156 ¶¶ 400–

19.[1]  These claims *do not* require the Schansmans to show that VTB "aided and abetted" the act of international terrorism at issue.  *See, e.g.*, *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013). Instead, to establish liability, as this Court has held, the Schansmans must prove that (1) VTB committed "an act of international terrorism," *i.e.*, that it provided material support or financing; (2) VTB acted with the requisite scienter; and (3) VTB's act of international terrorism proximately caused their injury.  *See* ECF No. 185 at 10-17; *Sokolow v. Palestine Liberation Org.*, 60 F. Supp. 3d 509, 514 (S.D.N.Y. 2014).  The Supreme Court in *Twitter* said nothing about these requirements.

As the Second Circuit has recognized, direct liability under the ATA, on the one hand, and secondary liability under JASTA, on the other, are governed by "different" legal standards.  *See Linde v. Arab Bank, PLC*, 882 F.3d 314, 330–31 (2d Cir. 2018) "Causation [for purposes of an ATA direct liability claim] focuses on the relationship between an alleged act of international terrorism and a plaintiff's injury.  By contrast, aiding and abetting focuses on the relationship between the act of international terrorism and the secondary actor's alleged supportive conduct."  *Id.* (citation omitted).

The Supreme Court's decision does not change the law that applies to this case.  Nor does it alter the legal standards applicable to VTB's motion for reconsideration of the Court's denial of VTB's motion to dismiss.  *See In re Citigroup ERISA Litig.*, 112 F. Supp. 3d 156, 158 (S.D.N.Y. 2015) (denying motion for reconsideration that was based on an intervening Supreme Court decision because, although that decision addressed the same statute, it had "little in common" with the case at hand).  Re-briefing VTB's motion for reconsideration would be wasteful given that the relevant legal standard has not changed.

With respect to VTB's request for permission to brief summary judgment now, that request remains improper for the reasons articulated in Plaintiffs' March 24, 2023 letter.  *See* ECF No. 499.  The Supreme Court's decision on a legal standard irrelevant to the claims here provides no new ammunition for judgment in VTB's favor.  Nor has VTB uncovered any new evidence that would otherwise make its request proper or that merits foreclosing Plaintiffs' long-fought efforts to obtain discovery from VTB, which has yet to produce a single document responsive to Plaintiffs' discovery requests.  Indeed, since VTB submitted its March 21, 2023 letter, on May 12, 2023, Judge Gorenstein ordered VTB to produce documents notwithstanding its foreign law objections no later than November 30, 2023.  *See* ECF No. 509.  VTB's request should be denied without prejudice to its ability to renew its request after discovery is complete.

---

[1] VTB misleadingly asserts that Plaintiffs allege direct liability claims solely because "aiding and abetting liability only extends to those who assist Foreign Terrorist Organizations ('FTO') designated by the U.S. Department of State," and the relevant terrorist group here is not so designated. ECF No. 513 at 2. Plaintiffs allege direct liability claims against VTB because it violated the provisions of the ATA.

Respectfully submitted,

/s/ Terri L. Mascherin

Terri L. Mascherin (admitted *pro hac vice*)
Lee Wolosky
Jason P. Hipp
JENNER & BLOCK LLP

*Counsel for Plaintiffs*


cc:     Counsel of Record (via ECF)