353 NORTH CLARK STREET, CHICAGO, ILLINOIS 60654-3456

JENNER&BLOCK LLP

July 26, 2023

Terri L. Mascherin
Tel +1 312 923 2799
TMascherin@jenner.com

**VIA ECF**

The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   *Schansman, et al., v. VTB Bank of Russia PJSC, et al.*, No. 19-cv-02985-ALC-GWG (S.D.N.Y.) – Plaintiffs' Response to VTB Bank PJSC's July 12, 2023 Status Report

Dear Judge Gorenstein:

    We write on behalf of Plaintiffs in the above-referenced matter, in response to VTB Bank PJSC's ("VTB") July 12, 2023 letter to the Court (ECF No. 523) ("status report"). We disagree with two aspects of the status report, both stemming from VTB's statement that "[t]here are few, if any, remaining points of contention as the term list has largely been agreed to," referring to a list of search terms that Plaintiffs provided to VTB on May 22, 2023.

    **I.**    **VTB's Second Amended Responses & Objections Are Untimely.**

    VTB fails to inform the Court that there is a live dispute between the parties concerning VTB's untimely attempt to amend its Responses and Objections to Plaintiffs' First and Second Sets of Requests for Production of Documents ("Plaintiffs' Requests for Production") to raise new objections for the first time. More than a year and a half after VTB served responses to Plaintiffs' document requests, and after the parties briefed Plaintiffs' motion to compel based on VTB's assertions that its only objections are grounded in Russian law and that it would produce responsive documents but for those laws, VTB now states that it objects to several of the names and entities listed on Appendix A to those RFPs and will not produce records relating to them, or even submit the names to the Ministry of Finance as part of its ongoing efforts to seek the Ministry's permission to produce records.

    At this stage of discovery, VTB has waived its right to assert further objections to Plaintiffs' requests. Months ago, VTB agreed to produce documents responsive to Appendices A and B, subject only to VTB's Russian law objections, which are now fully briefed and before the Court for decision. After the Court set a November 30, 2023 deadline for VTB to produce all responsive documents, on June 2, 2023, VTB served its Second Amended Responses and Objections to Plaintiffs' Requests for Production ("Second Amended R&Os"), in which for the

July 26, 2023
Page 2

first time it refuses to produce documents related to certain names in Plaintiffs' Appendix A. As its reason for taking this new position, VTB claims that requesting permission to produce documents related to those names "would raise unnecessary red flags within the Russian government, needlessly delaying document production." VTB June 2, 2023 Letter at 1. Plaintiffs raise this issue with the Court now because, given VTB's position that it will not include these names in its requests to the Russian government, coupled with VTB's insistence that it cannot produce anything without government agreement, makes it inevitable that VTB will not produce transactional documents relating to these accounts by the November deadline set by the Court.

Counsel for Plaintiffs (Jason P. Hipp and Susanna D. Evarts) met and conferred with counsel for VTB (Robert Landy and Nicolette Beuther) on July 18, 2023 for approximately 20 minutes and were unable to come to a resolution. Plaintiffs' counsel offered to compromise by removing four of the names and accounts for purposes of VTB's production.[1] Nonetheless, as of the date of this letter, VTB is still refusing to produce documents related to one name and one address on Plaintiffs' Appendix A.[2]

Under Rule 34 of the Federal Rules of Civil Procedure, in its Responses to the RFPs, VTB was required, for each document request, to either state that inspection will be permitted as requested or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2)(B). "The law is well settled that a failure to assert objections to a discovery request in a timely manner operates as a waiver." *Eldaghar v. City of New York Dep't of Citywide Admin. Servs.*, No. 1:02-CIV-09151, 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003). For example, in *Favors v. Cuomo*, the defendant submitted a timely discovery response that raised a series of objections, and later raised a different objection in response to the plaintiffs' motion to compel. No. 1:11-CV-05632, 2013 WL 12358269, at *3 (E.D.N.Y. Aug. 27, 2013). The court held that the defendant's late objection was waived because the defendant failed to show "good cause" for its untimeliness. *Id.* at *4. The court specifically noted that the defendant had several earlier opportunities to raise the objection but had not done so until after a motion to compel was filed—just as VTB purports to do here. *Id.*

As in *Favors*, VTB cannot show good cause for its delay in raising its belated objections and "provides no explanation whatsoever for its strategic decision not to timely object to the production" of these documents. *Id.* Plaintiffs served their First Set of Requests for Production on November 29, 2021 and Second Set of Requests for Production on December 17, 2021. VTB served its Responses and Objections to Plaintiffs' First and Second Requests for Production on January 17, 2022. Following the withdrawal of VTB's original counsel and Ford O'Brien Landy's appearance, Plaintiffs' counsel consented to VTB serving Amended Responses and Objections to Plaintiffs' Requests for Production ("First Amended R&Os"), which VTB served on October 20, 2022. In VTB's First Amended R&Os, the only basis VTB asserted for objecting to the names, organizations, and account numbers in Plaintiffs' Amended Appendices A and B

---

[1] Alexander Bortnikov, Oleg Deripaska, Vladislav Surkov, and Oleg Lebedev.

[2] The disputed name and address are Valery Gerasimov and the address for the GRU.

was that Russian law allegedly prohibited the disclosure of bank records relating to those names, organizations, and accounts. *See* RFP Nos. 1 & 52, 2 & 54, 40.[3] VTB did not assert any objection based on the scope of Plaintiffs' requests or the relevance of any of the entries on Amended Appendices A or B.

On November 11, 2022, Plaintiffs moved to compel VTB to produce documents notwithstanding its Russian law objections. The motion encompassed the RFPs seeking transactional documents related to the names and account numbers included in the Amended Appendices A and B. ECF Nos. 478–80. That motion has been fully briefed since January 4, 2023. *See* ECF Nos. 478–80, 488–89, 494–95. On May 12, 2023, the Court found that VTB's "delay in production has had a severe and negative impact on the progress of this case," and ordered that "[i]f VTB fails to produce to plaintiff all documents by November 30, 2023, the Court shall deem such failure to constitute a refusal to produce the documents on the grounds of the operation of foreign law." ECF No. 509 at 1.

Both before and after Plaintiffs filed that motion, VTB repeatedly represented—both to Plaintiffs and to the Court—that there "is not a single document at issue in this motion [to compel] that VTB has simply refused to produce." ECF No. 488 at 4. *See, e.g.*, ECF No. 480-1 at 2, 4 (email memorializing VTB's commitment that it "would search for records related to all individuals, entities, and account numbers included in Plaintiffs' amended Appendices A and B, subject to [VTB's] Russian law objections"); ECF No. 488 at 4 (VTB "served responses and objections to [Plaintiffs'] demands and indicated that with respect to the demands at issue, VTB is willing to produce records in response to those demands, *on consent*"); ECF No. 504 at 1 ("Plaintiffs here seek an order compelling VTB to produce material that VTB has already agreed to produce."); May 11, 2023 Tr. 5:24–6:5 ("[T]here aren't any points of, you know, documents that we have an issue in terms of VTB objecting to the production of on grounds other than they need to get permission [from the Russian government].").

It is far too late for VTB to reverse position and object to Appendices A and B. Accordingly, Plaintiffs respectfully request that the Court strike VTB's Second Amended R&Os as untimely.

### II. VTB Still Cannot Meaningfully Meet and Confer Regarding Search Terms and Custodians.

At the May 11, 2023 conference before your Honor, Plaintiffs expressed concern about VTB's refusal to disclose the search terms and custodians VTB is using for its discovery efforts. At that conference, the Court directed VTB "make itself available to provide whatever information was necessary for the plaintiffs to engage with the defendants on the topic of the ESI

---

[3] The Court will recall that Plaintiffs and MoneyGram litigated the scope of Appendices A and B, and the Court directed Plaintiffs to revise those appendices to provide citations to documents or other evidence supporting the inclusion of any names, organizations, and account numbers on those appendices. ECF No. 380, July 5, 2022 Tr. 20:15–21:2. Plaintiffs did so, and it was those revised appendices to which VTB did not object last fall.

July 26, 2023
Page 4

discovery," May 11, 2023 Tr. 28:4-7, and ordered that "there should be an immediate meeting about what Mr. Landy has done so far," with "regular discussions" continuing after, *id.* 27:22-28:2. The Court ordered VTB to be as transparent as possible in order to "head off any problems" with VTB's document collection and review.

Since that hearing, Plaintiffs have attempted to confer with VTB about search terms and custodians in May 2023, through email correspondence, and again during a telephonic conference on July 18, 2023. Despite those efforts, VTB states that it remains unable to tell Plaintiffs (1) if it has any overbreadth objections to the search terms Plaintiffs proposed on May 22, 2023; (2) the custodians from whom it proposes to collect ESI, (3) what the process will be for reviewing documents responsive to those terms, or (4) when it may be able to provide Plaintiffs with any of that information. As a result, Plaintiffs are still not receiving information sufficient to provide input to VTB's e-discovery process in any meaningful way in advance of VTB's November 30, 2023 document production deadline.

Sincerely,

/s/ Terri L. Mascherin

Terri L. Mascherin (admitted *pro hac vice*)
Lee Wolosky
Jason P. Hipp
JENNER & BLOCK LLP

*Counsel for Plaintiffs*


cc:     Counsel of Record (via ECF)