UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS SCHANSMAN, et al.,<br><br>      Plaintiffs,<br><br>-against-<br><br>SBERBANK OF RUSSIA PJSC, et al.,<br><br>      Defendants. | 19-cv-2985 (ALC)<br><br><u>OPINION & ORDER</u> |

**ANDREW L. CARTER, JR., United States District Judge:**

  Defendant VTB Bank (PJSC) ("VTB") moves to certify for interlocutory appeal the Court's September 30, 2021 Memorandum and Order ("Op.") (ECF No. 185) denying Defendants' motions to dismiss the Second Amended Complaint ("SAC") (ECF No. 156). For the reasons that follow, VTB's motion is **DENIED**.

## BACKGROUND

  On September 30, 2021, the Court denied Defendants' motions to dismiss Plaintiffs' SAC, finding, in part, that the Court may exercise personal jurisdiction over VTB Bank and Sberbank for Plaintiffs' claims. Op. at 1, 10. On November 15, 2021, Defendants asked the Court both to reconsider its decision and to certify the order for interlocutory review, arguing, in relevant part, that the Court lacked personal jurisdiction over VTB and Sberbank of Russia. ECF Nos. 210, 213, 218, 220 (motions for reconsideration); ECF Nos. 215, 217, 222, 224 (pre-motion letters seeking certification for interlocutory appeal).

  On September 16, 2022, following the appearance of replacement counsel and pursuant to VTB's request, the Court dismissed VTB's motion for reconsideration and pre-motion letter for interlocutory appeal filed by previous counsel and granted VTB leave to submit new filings. ECF No. 435. Shortly thereafter, on September 30, 2022, the Court denied Sberbank of Russia's

1

motion to reconsider and request to certify the Court's order denying Sberbank's motion to dismiss for interlocutory appeal. ECF No. 439.

On October 7, 2022, VTB filed a pre-motion letter seeking to renew its prior request to certify the September 30, 2021 order for interlocutory review. ECF No. 441. On June 21, 2023, the Court held a status hearing and pre-motion conference, where it permitted VTB to file a motion to certify that order for interlocutory appeal, but denied VTB's (1) motion for reconsideration, ECF No. 442; (2) request to file a motion for summary judgment, ECF No. 498, without prejudice to VTB renewing that request after the close of discovery, June 2021 Tr. at 18:1-4; and (3) request for supplemental briefing, ECF No. 513, to discuss the purported relevance of the Supreme Court's decision in *Twitter, Inc. v. Taamneh*, 143 S. Ct. 1206 (2023). *See* ECF No. 520.  As the Court explained with respect to VTB's motion for reconsideration, "[i]n evaluating defendant's original motion to dismiss, the Court carefully evaluated the facts alleged in the amended complaint as to each defendant and found that plaintiffs had articulated a prima facie case [of personal jurisdiction] against VTB."  June 21, 2023 Tr. 8:18-23.  The Court reaffirmed its ruling that the allegations in the SAC establish jurisdiction over VTB under Second Circuit and New York precedent, including under *Daou v. BLC Bank, S.A.L.*, 42 F.4th 120 (2d. Cir. 2022). *Id.* at 10:11- 21.

VTB filed its motion for certification on July 19, 2023.  ECF Nos. 524, 525, 526.  Plaintiffs filed their memorandum in opposition on August 16, 2023.  ECF No. 531.  VTB filed a reply in further support of its motion on August 30, 2023.  ECF No. 532.  VTB has since submitted three notices of supplemental authority (ECF Nos. 536, 537, 538) to which Plaintiffs replied (ECF No. No. 539).

**STANDARD OF REVIEW**

A district court has authority to certify an order for interlocutory appeal when "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Given the general policy of deferring appellate review until after the entry of a final judgment, interlocutory review is granted only in "exceptional circumstances." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (citation and quotation marks omitted). Movants cannot invoke the appellate process as a vehicle to provide early review of difficult rulings in hard cases. Only "exceptional circumstances" will justify a departure from the basic policy of avoiding appellate review until a final decision on the merits. *In re Ambac Fin. Group, Inc. Sec. Litig.*, 693 F.Supp.2d 241, 282 (S.D.N.Y. 2010) (internal quotations and citations omitted).

"The party seeking an interlocutory appeal has the burden of showing [these] 'exceptional circumstances' to 'overcome the general aversion to piecemeal litigation.'" *In re Perry H. Koplik & Sons, Inc.*, 377 B.R. 69, 73 (S.D.N.Y. 2007) (quoting *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990)). The determination of whether a party has carried this burden is "committed to the discretion of the district court." *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991).

## DISCUSSION

VTB has failed to establish the exceptional circumstances necessary to certify an interlocutory appeal. Moreover, it has failed to establish that (1) the Court's decision on personal jurisdiction involves a "controlling question of law," (2) a "substantial ground for difference of opinion" exists, or (3) an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

3

I.  **Controlling Question of Law**

VTB has not shown the "exceptional circumstances" to change the Court's prior ruling, or to move to the appellate process without further proceedings at the district court. "To satisfy the first criterion of Section 1292(b), the movant must demonstrate that the question is both controlling and a question of law. *In re Lehman Bros. Holdings Inc.*, No. 18-CV-8986-VEC, 2019 U.S. Dist. LEXIS 77887, 2019 WL 2023723, at *3 (S.D.N.Y. May 8, 2019). "A 'controlling question' must be a 'pure' question of law that the reviewing court 'could decide quickly and cleanly without having to study the record.'" *Id.* The mixed questions of law and fact concerning VTB's conduct and its connection with New York's financial system are not suitable for appellate review without a full record. *See In re Worldcom, Inc.*, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003) (§1292(b) appeal requires "a 'pure' question of law that the reviewing court 'could decide quickly and cleanly without having to study the record'").

In fact, this Court has reviewed the factual allegations set forth in the Second Amended Complaint and has determined on three separate occasions that Plaintiffs have sufficiently pleaded a prima facie case of personal jurisdiction. Op. at 7-10; ECF No. 439 at 3-4; June 21, 2023 Tr. at 13-14. Plaintiffs have alleged that VTB and Sberbank operated correspondent accounts in New York, routed U.S. Dollar dominated transactions to or on behalf of the DPR through these New York based correspondent accounts, and processed transfers for fundraisers supporting the DPR. SAC ¶¶ 27, 56, 177-332. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL,* 732 F.3d 161, 168 (2d Cir. 2013) (finding in ATA case that specific jurisdiction was proper when a bank "deliberately chose to process . . . wire transfers . . . in New York" when "[i]n light of the widespread acceptance and availability of U.S. currency, [the bank] could have .

. . processed U.S.-dollar-denominated wire transfers . . . through correspondent accounts anywhere in the world.").

Despite VTB's suggestion that the Second Circuit could "review the September 30, 2021 Order quickly and cleanly, with no need to study a factual record," determining whether a defendant transacted business in the state sufficient to establish personal jurisdiction "necessarily requires examination of the particular facts in each case." *Daou v. BLC Bank*, S.A.L., 42 F.4th 120, 129 (2d. Cir. 2022) (quoting *Licci v. Lebanese Canadian Bank, SAL* ("*Licci I*"), 20 N.Y.3d 327, 338 (2d Cir. 2012)). VTB fails to meet the standard for "controlling question of law" ripe for appellate review.

## II. Substantial Ground for Difference of Opinion

VTB fails to show that there exists a "substantial ground for difference of opinion" on the question of law. 28 U.S.C. § 1292(b). The requirement that such a substantial ground for a difference of opinion exists may be met when "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Enron Corp. v. Springfield Assocs., L.L.C. (In re Enron Corp.)*, 2007 U.S. Dist. LEXIS 70731, *6-7 (S.D.N.Y., Sept. 24, 2007) (citing *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21 (2d Cir. 1990)). Neither of these factors is present in the instant case.

VTB argues that proceeding with this case goes against the weight of authority, in part because the Second Circuit's decision in *Daou v. BLC Bank, S.A.L.*, 42 F.4th 120 (2d Cir. 2022) compels a finding that the Court lacks personal jurisdiction over VTB because the Complaint does not allege a "direct" and "substantial" connection between the alleged jurisdictional

5

contacts and the claims asserted by Plaintiffs. ECF No. 525 at 2-3, 10-12. Again, VTB's arguments miss the mark.

The Court's decision on the motion to dismiss is entirely consistent with *Daou*, where the Second Circuit reaffirmed the principle that New York's long arm statute is "a 'single act statute,' and 'proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted.'" *Daou v. BLC Bank, S.A.L.*, 42 F.4th at 129. Although in *Daou*, the Second Circuit affirmed the district court's finding that the plaintiffs' claims did not arise from the defendant bank's transaction in New York, that is not the case here.

In *Daou*, the Second Circuit expressly stated that "[a] claim may arise from the use of a correspondent bank account for purposes of § 302(a)(1) where an alleged actual transaction made through such an account formed part of the alleged unlawful course of conduct underlying the cause of action set out in the complaint." *Daou*, 42 F.4th at 130. These are precisely the allegations here, where Plaintiffs allege that VTB used its New York correspondent account to transfer money to the DPR to help fund their alleged terrorist activities, resulting in the tragic aircraft crash at issue in this litigation. SAC ¶¶ 27, 342-361.

At issue in *Daou* was the commercial banks' refusal to send funds through U.S. correspondent accounts such that there was no substantial nexus between the commercial banks' use of their correspondent accounts and the Daous' claims. *Id.* at 131. The fact that the Plaintiffs "did not include a single allegation that any defendant used an actual, specific transaction through a New York correspondent account in the course of bringing about the injuries on which the claims are predicated" destroyed any finding of personal jurisdiction. *Id.* at 132. Instead, the

6

Daous' jurisdictional hook, that the requested wire transfers likely *would* have been routed through the New York correspondent accounts if the commercial banks had not refused those requests, failed because it was "not only highly speculative" but also supplied "no connection whatsoever, much less a substantial one, between the claims and any actual transaction." *Id.* Unlike the Daous, Plaintiffs in this case have factually alleged actual, specific transactions routed through VTB's New York based correspondent account which provided direct funding to the DPR.  SAC ¶¶ 61, 177-332.

*Daou* and its progeny have not altered the legal landscape of personal jurisdiction analysis such that the issue VTB seeks to certify on appeal is one in which there is conflicting authority, or that this is an issue of first impression.  Courts in this District have interpreted *Daou* to dismiss for lack of personal jurisdiction claims in which commercial banks, similar to those in Daou, refused to wire funds through New York based correspondent accounts.  *See, e.g.*, *Kreit v. Byblos Bank S.A.L.*, 2023 U.S. Dist. LEXIS 189468, *15-16 (S.D.N.Y., Oct. 22, 2023) (citing *Elghossain v. Bank Audi S.A.L.*, 2023 U.S. Dist. LEXIS 30631 (S.D.N.Y., Feb. 23, 2023), *report and recommendation adopted by* 2023 U.S. Dist. LEXIS 175684; *Moussaoui v. Bank of Beirut & the Arab Countries*, 2023 U.S. Dist. LEXIS 163283 (S.D.N.Y., Sept. 14, 2023)).  No such refusal exists here.

Despite VTB's assertion that this new authority either requires the Court to *sua sponte* revisit its previous decisions or ripens its request to certify the Court's September 2021 Order for interlocutory appeal, the Court's finding of personal jurisdiction is only affirmed by recent precedent.  ECF Nos. 536, 537, 538.  The plaintiffs in *Kreit, Elghossain*, and *Moussaoui* all failed to allege that Defendant banks "used an actual, specific transaction through a New York correspondent account in the course of bringing about the injuries on which the claims are

7

predicated." *Kreit*, 2023 U.S. Dist. LEXIS 189468 at *17-18; *Elghossain,* 2023 U.S. Dist. LEXIS 30631 at *30-31; *Moussaoui*, 2023 U.S. Dist. LEXIS 163283 at *14-15.  "Indeed, where courts have found personal jurisdiction over defendant banks . . . they have concluded that the defendant banks' correspondent accounts were used to transmit money to terrorist organizations via specific, documented, and knowing transactions."  *Moussaoui*, 2023 U.S. Dist. LEXIS 163283, *15-16.  This case is much more analogous to *Licci I*, where the Second Circuit found in an Anti-Terrorism Act action that the pleadings established the "articulable nexus" or "substantial relationship" necessary for purposes of personal jurisdiction when they alleged that the defendant's use of its New York account to transfer money provided funds to carry out terrorist violence. *Licci I*, 20 N.Y.3d at 340;

Courts in this Circuit are decidedly in agreement of how to interpret *Daou* and its application to speculative, hypothetical transactions that fail to satisfy § 302(a)(1)'s arise-from requirement.  And the issue VTB aims to certify for interlocutory appeal has been resolved by the Circuit's decision in *Licci* over a decade prior.  *Licci I*, 20 N.Y.3d at 340 (noting that repeated routing of a transfer for a terrorist group was not coincidental, but an articulable nexus or substantial relationship between the transaction and the claims asserted).  Thus, it is not an issue of first impression.  VTB fails to show that there exists a substantial ground for difference of opinion.

### III.   Materially Advance Termination of Litigation

Certification would prolong rather than "materially advance the ultimate termination of th[is] litigation."  28 U.S.C. § 1292(b).  Material advancement occurs when an appeal "promises to advance the time for trial or shorten the time required therefor." *In re Terrorist Attacks on September 11, 2001*, 2023 U.S. Dist. LEXIS 66886, *12 (S.D.N.Y., Apr. 17, 2023) (citation

omitted).  This factor, in which courts place "particular weight," focuses on the "institutional efficiency of both the district court and the appellate court," *Tantaros v. Fox News Network, LLC*, 465 F. Supp. 3d 385, 392 (S.D.N.Y. 2020) (citation omitted), because "efficiency of the federal court system is among the chief concerns underlying Section 1292(b)," *S.E.C. v. Credit Bancorp, Ltd.*, 103 F.Supp.2d 223, 226 (S.D.N.Y. 2000).

VTB's argument about the potential complexity of discovery does not warrant further delay in the adjudication of this case and is not a ground for interlocutory appeal. ECF No. 525 at 12-13.  Although discovery has been underway for over two years, only 239 of over 7,000 estimated documents have been produced to Plaintiffs.  ECF No. 560.  Such enormous delays in production have had "a severe and negative impact on the progress of this case."  ECF No. 509 at 1.  This case has already been stalled by the restrictions that Russian law places on VTB in connection with discovery; it should not be thwarted any further by appellate certification.

## CONCLUSION

Because VTB fails to establish the exceptional circumstances necessary to certify an interlocutory appeal, VTB's motion to certify (ECF No. 524) is DENIED.

The Clerk of Court is directed to close the open motion at ECF No. 524.  The Parties are ordered to file a joint status report on or before April 11, 2024.

**SO ORDERED.**

**Dated: March 28, 2024**
**New York, New York**

_____
**HON. ANDREW L. CARTER, JR.**
**United States District Judge**