UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
THOMAS SCHANSMAN et al.,                          :

            Plaintiffs,                  :        ORDER

   -v.-                                                        :
                                                           19 Civ 2985 (ALC) (GWG)
SBERBANK OF RUSSIA PJSC et al.,                  :

            Defendants.                :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

       The Court has considered the application of defendant VTB Bank (PJSC) ("VTB") to seal or maintain redactions in a number of documents filed in connection with plaintiffs' motion to compel (Docket # 593).[1]  VTB's application seeks sealing of three types of information (1) names and account numbers of VTB account holders, (2) names of VTB employees and VTB's consultant or consulting company, and (3) regulatory correspondence.

       As VTB acknowledges, see October 22, 2024, VTB Letter at 2, 3, the documents filed in connection with the motion to compel are "judicial documents" to which the presumption of public access attaches," Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). The legal framework for our consideration of this application — particularly as relevant to discovery motions — is set forth in this Court's decision in In re New York City Policing During Summer 2020 Demonstrations, 635 F. Supp. 3d 247, 251-254 (S.D.N.Y. 2022).  We incorporate by reference our discussion of those standards.  Having considered the parties' arguments, we rule as to each category of documents as follows:

       Regarding the names and account numbers of account holders, the Court finds that, in light of bank customers' legitimate privacy interests, redacting the names and account numbers of non-parties does "not unduly interfere with the public's right to access judicial documents." Olson v. Major League Baseball, 29 F.4th 59, 93 (2d Cir. 2022) ("a district court should consider its ability to use redactions that do not unduly interfere with the public's right to access judicial documents in order to address privacy concerns").  However, we except from this ruling the names of the individuals already revealed in the Second Amended Complaint.  See, e.g., Second Amended Complaint filed October 5, 2020 (Docket # 156) ¶¶ 6, 7, 57, 151, 155, 158, 173, 217, 233-34, 251-71.  These names have been public for years, there has been no application to seal any portions of the Second Amended Complaint, and even VTB's own briefings contains some

---

[1] See VTB Bank PJSC's Letter Request to Maintain Material Under Seal, filed October 22, 2024 (Docket # 617) ("October 22, 2024, VTB Letter"); VTB Bank PJSC's Letter Motion Regarding Sealing, filed October 28, 2024 (Docket # 620) ("October 28, 2024, VTB Letter").

of the account holders' names at issue. See VTB Bank PJSC's Memoranum [sic] of Law in Opposition to Motion to Compel, filed September 20, 2024 (Docket # 606) at 15, 50. Thus, redaction in any documents in the motion to compel briefing would not as a practical matter vindicate any privacy interests of these particular account holders. Because these parties' privacy interests are minimal, the public's interest in understanding the parties' arguments in the briefing of the motion to compel outweighs any such privacy interests. Thus any filings in support of the motion to compel may redact only the names of account holders not already named in the Second Amended Complaint.

Regarding, the names of VTB employees and VTB's consulting company and consultant, the Court recognizes the strong privacy interest of any individuals who did not make a choice to participate in this lawsuit. However, any party that elected to represent VTB or contract with VTB with respect to this litigation has only the barest privacy interest, and that interest is outweighed by the public interest in the briefing on the motion to compel. Thus, no redaction will be permitted of the name of the consultant hired by VTB to respond to plaintiffs' document requests, the name of the company assisting VTB with its document review, and the names of VTB's Russian attorneys. The names of any other VTB employees in the filings, if any, may be redacted.

With respect to regulatory correspondence, VTB contends that the "low presumption of public access is outweighed by the need to keep communications between VTB and the Ministry confidential." See October 22, 2024, VTB Letter at 2. VTB argues that either the "bank examiner privilege" or "the concern underlying this privilege" applies in order to "protect[] the integrity of the regulatory process and ensure[] candor between VTB and the Ministry." Id.

The Court rejects VTB's argument for a number of reasons. First, "the bank examination privilege belongs solely to . . . banking regulatory entities, and may not be asserted by third parties on behalf of the banking agencies." Wultz v. Bank of China Ltd., 61 F. Supp. 3d 272, 282 (S.D.N.Y. 2013) (citation omitted) (ellipses in original). Second, the presumption does not apply to factual material but is instead meant to protect communications that further the goal of "the effective supervision of banks." Id. at 281; Fed. Hous. Fin. Agency v. JPMorgan Chase & Co., 978 F. Supp. 2d 267, 277 (S.D.N.Y. 2013). Here, the regulatory correspondence does not consist of any discussions relating to supervision of VTB but rather relates to the approval process for documents in this litigation.

In any event, the Court finds that the concerns underlying this privilege do not outweigh the public right to access these documents. VTB is asserting that it may permissibly not comply with valid U.S. discovery obligations because it has been blocked from doing so by Russian regulators. The public's right of access would be unduly impaired by obscuring the Russian regulators' role in halting the production of documents. Thus, there shall be no sealing or redaction of materials consisting of or relating to the regulatory correspondence.

Accordingly, the motion to seal (Docket #620) is granted in part and denied in part as set forth above. Defendants are directed to refile by February 21, 2025, all memoranda of law, declarations, and other documents filed in connection with the motion to compel (Docket # 593) that currently contain redactions inconsistent with these rulings. The name of each document that is refiled shall reference the original docket number of the document in its name (for example, "Exhibit A – former Docket 594").

SO ORDERED.

Dated: February 13, 2025
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

3