UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS SCHANSMAN, et al.<br><br>        Plaintiffs,<br><br>    -against-<br><br>SBERBANK OF RUSSIA PJSC, et al.<br><br>        Defendants. | No. 1:19-cv-02985-ALC-GWG |

**PLAINTIFFS' OPPOSITION TO VTB BANK PJSC'S MOTION
FOR RECONSIDERATION AND MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE**

David J. Pressman
Jason P. Hipp
Susanna D. Evarts (admitted *pro hac vice*)
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1600
dpressman@jenner.com
jhipp@jenner.com
sevarts@jenner.com

Terri L. Mascherin (admitted *pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 923-2799
tmascherin@jenner.com

*Counsel for the Schansmans*

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ..................................................................................................1

**STANDARD OF REVIEW**........................................................................................................2

**ARGUMENT**..............................................................................................................................4

    I.      There Is No Basis for the Court to Reconsider Its Order Requiring VTB to Produce All Transactional Records in Its Possession....................................................................4

    II.     There Is No Basis for the Court to Reconsider Its 21-Day Deadline, and This Court Should Strike VTB's Declaration, Which Attempts to Manufacture New Evidence. ....................................................................................................................................6

    **CONCLUSION**...................................................................................................................11

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Allied Irish Banks, p.l.c. v. Bank of Am., N.A.*,
 2008 WL 2389958 (S.D.N.Y. June 11, 2008) ........................................................................ 3

*Analytical Survs., Inc. v. Tonga Partners, L.P.*,
 684 F.3d 36 (2d Cir. 2012), *as amended* (July 13, 2012) .................................................. 2, 3

*Bahar v. United States*,
 2009 WL 2382977 (S.D.N.Y. Aug. 4, 2009) ............................................................... 3, 7, 8

*Batter v. Hecla Mining Co.*,
 2021 WL 516546 (S.D.N.Y. Feb. 11, 2021) ........................................................................ 3

*Biehner v. City of New York*,
 2021 WL 5827536 (S.D.N.Y. Dec. 7, 2021) ........................................................................ 5

*Canfield v. SS&C Techs. Holdings, Inc.*,
 2021 WL 1026128 (S.D.N.Y. Mar. 17, 2021) ...................................................................... 3

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*,
 729 F.3d 99 (2d Cir. 2013) ................................................................................................... 5

*Rock v. Enfants Riches Deprimes, LLC*,
 2020 WL 2793026 (S.D.N.Y. May 29, 2020) ...................................................................... 5

*Rosner v. United States*,
 2019 WL 1451253 (S.D.N.Y. Mar. 18, 2019) ...................................................................... 2

*Sicom S.P.A. v. TRS Inc.*,
 168 F. Supp. 3d 698 (S.D.N.Y. 2016) .................................................................................. 7

*Sigmon v. Goldman Sachs Mortg. Co.*,
 229 F. Supp. 3d 254 (S.D.N.Y. 2017) .............................................................................. 1, 3

*United States v. Carlton*,
 2023 WL 1070219 (S.D.N.Y. Jan. 27, 2023) ....................................................................... 8

*Vista Food Exch., Inc. v. Lawson Foods, LLC*,
 2020 WL 7364489 (S.D.N.Y. Dec. 15, 2020) ...................................................................... 3

*Wachovia Mortg., FSB v. Toczek*,
 841 F. App'x 267 (2d Cir. 2021) .......................................................................................... 1

*Women's Integrated Network, Inc. v. U.S. Specialty Ins. Co.*,
   2011 WL 1347001 (S.D.N.Y. Apr. 4, 2011), *aff'd*, 495 F. App'x 129 (2d Cir.
   2012) ........................................................................................................................ 7

**Other Authorities**

Dmytro Basmat, *US Toughens Sanctions on Russian Energy Payments*, Kyiv
   Independent (Mar. 14, 2025), https://kyivindependent.com/us-toughens-
   sanctions-on-russian-energy-payments/ ............................................................. 10

Jennifer Jacobs, Ed O'Keefe, *Trump Administration Toughens Sanctions on
   Russian Oil, Gas and Banking Sectors*, CBS News (Mar. 13, 2025),
   https://www.cbsnews.com/news/trump-administration-sanctions-russian-oil-
   gas-banking-sectors/ ........................................................................................... 10

Plaintiffs Thomas Schansman, individually, as surviving parent of Quinn Lucas Schansman; Catharina Teunissen, individually, as surviving parent of, and as personal representative of the Estate of Quinn Lucas Schansman; Nerissa Schansman, individually, as surviving sibling of Quinn Lucas Schansman; and Xander Schansman, individually, as surviving sibling of Quinn Lucas Schansman, submit this opposition to VTB Bank PJSC's ("VTB") motion for reconsideration of the Court's decision on the Schansman family's Renewed Motion to Compel the Production of Documents from VTB (the "Renewed Motion") and motion to strike the Declaration of VTB's General Counsel, Alexey Lozovoy (the "Lozovoy Declaration"), Dkt. 632.

## PRELIMINARY STATEMENT

"Reconsideration 'is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Sigmon v. Goldman Sachs Mortg. Co.*, 229 F. Supp. 3d 254, 257 (S.D.N.Y. 2017) (Gorenstein, J.) (quoting another source). VTB's motion flouts this core principle. Following this Court's careful and well-reasoned opinion granting the Schansman family's Renewed Motion, Dkt. 627, VTB now seeks to relitigate arguments it already made and seeks yet another extension, purportedly to obtain Russian government "permission" to produce the documents, without any concrete basis to think such permission is now forthcoming. VTB's March 20 deadline to produce documents has expired, and VTB has failed to comply with the Court's order.

VTB does not identify any change in law or clear error that would warrant reconsideration, let alone establish "exceptional circumstances" sufficient to justify the "extraordinary judicial relief" of reconsidering the Court's order. *Wachovia Mortg., FSB v. Toczek*, 841 F. App'x 267, 272 (2d Cir. 2021). The only "newly available" facts that VTB identifies in its motion and improperly submitted declaration are: (1) now that the Court has ruled, VTB is arranging meetings

1

with the Ministry of Finance and the Central Bank of Russia, which it could have done in the months this Court was deciding the Renewed Motion, Dkt. 632 ¶ 7; (2) there has been a purported "warming of relations" between the Trump administration and the Russian Federation, Dkt. 631 at 8; and (3) VTB does not intend to comply with this Court's order absent "consent[]" from the Russian government, Dkt. 632 ¶ 10, which even if granted, would only allow VTB to produce heavily redacted versions of some key documents. None of this warrants reconsideration of the Court's decision, as these developments occurred after the Court's decision and have no bearing on whether this Court's decision was correct. The Declaration should also be stricken, as it was filed without permission from the Court, as required under Local Rule 6.3.

Beyond those developments, VTB simply reargues points that were already briefed in the Schansman family's Renewed Motion. Dkts. 594, 606, 615. The Court did not "overlook" those arguments; it expressly rejected them, for good reason. VTB seeks what the Second Circuit forbids: a "second bite at the apple," attempting to achieve a different result based on the same facts and law. *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012).

VTB presents no proper basis for reconsideration—it simply wants the Court to reach a different result after the predictable consequences of VTB's delay and obstruction. VTB may not like the result, but Second Circuit law precludes it from obtaining reconsideration in these circumstances. The Schansman family respectfully requests that VTB's motion for reconsideration be denied and the Schansmans' motion to strike VTB's improper declaration be granted.

## STANDARD OF REVIEW

"To succeed on a motion for reconsideration, the movant carries a heavy burden." *Rosner v. United States*, 2019 WL 1451253, at *1 (S.D.N.Y. Mar. 18, 2019). "A motion for

reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Canfield v. SS&C Techs. Holdings, Inc.*, 2021 WL 1026128, at *1 (S.D.N.Y. Mar. 17, 2021) (Carter, J.) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)).[1] "Courts narrowly construe and strictly apply these principles in order to avoid repetitive arguments on issues that have already been considered fully by the court." *Batter v. Hecla Mining Co.*, 2021 WL 516546, at *2 (S.D.N.Y. Feb. 11, 2021) (Carter, J.).

Reconsideration "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Sigmon*, 229 F. Supp. 3d at 257 (quoting another source). A motion to reconsider is "not a vehicle for relitigating old issues, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Vista Food Exch., Inc. v. Lawson Foods, LLC*, 2020 WL 7364489, at *1 (S.D.N.Y. Dec. 15, 2020) (cleaned up) (quoting *Analytical Surveys*, 684 F.3d at 52). Parties may not use a motion for reconsideration to "advance new theories or adduce new evidence in response to the court's rulings." *Bahar v. United States*, 2009 WL 2382977, at *1 (S.D.N.Y. Aug. 4, 2009) (quoting another source). A narrow application of the rule "not only 'helps to ensure the finality of decisions' but also 'prevents the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *Allied Irish Banks, p.l.c. v. Bank of Am., N.A.*, 2008 WL 2389958, at *1 (S.D.N.Y. June 11, 2008) (Gorenstein, J.) (cleaned up) (quoting another source).

---

[1] The standards for reconsideration under both Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59(e) are identical. *Sigmon*, 229 F. Supp. 3d at 256.

## ARGUMENT

VTB asks the Court to reconsider two aspects of the Court's decision: (1) the ruling requiring VTB to produce all transactional records in its possession, regardless of whether those records may also be available from correspondent banks in the United States; and (2) the 21-day deadline for VTB to produce the requested documents. VTB fails to demonstrate any exceptional circumstances that warrant reconsideration of either issue, and relies on an improperly submitted declaration that should be stricken.

**I.    There Is No Basis for the Court to Reconsider Its Order Requiring VTB to Produce All Transactional Records in Its Possession.**

VTB argues that the Court should reconsider its decision that VTB must produce all responsive transactional records in its possession, claiming that it would be duplicative of any records the Schansman family has received from correspondent banks in New York or might seek from those banks. VTB cannot meet its heavy burden to warrant reconsideration on this issue.

As VTB concedes, it already made this argument in its opposition to the Renewed Motion, and it fails to identify any clear error or manifest injustice warranting a different result. In VTB's opposition, VTB argued that it should not be compelled to produce correspondent banking records that the Schansmans already received from third parties. Dkt. 606 at 53–54.[2] Indeed, VTB references its prior "argument…to ensure the Court does not overlook that its Order could be read as mandating VTB violate Russian law to provide Plaintiffs with duplicative Documents." Dkt. 631 at 6 n.3. But the Court already considered and rejected that argument. The Court noted that

---

[2] VTB misconstrues the Schansmans' jurisdictional allegations (and the Court's decision) in both its opposition and its motion for reconsideration. Dkt. 606 at 15, 50–51; Dkt. 631 at 6–7. VTB continues to ignore that the Schansmans' jurisdictional allegations have been borne out through third-party discovery, despite VTB's ongoing refusal to produce its own documents in this case. *See* Dkts. 451 at 3 n.3 (detailing evidence of relevant transactions routed through VTB's correspondent bank account in New York from documents produced by Deutsche Bank), 474 at 16 n.11 (same), 615 at 14 n.7 (same).

4

the Schansmans "argue that they have no other source for the documents they seek from VTB given that approval has not been given to release them." Dkt. 627 at 32. The Court described VTB as having "no response" to Plaintiffs' argument, "other than to suggest that plaintiffs should be satisfied with the production made by VTB's correspondent bank." *Id.* at 32. As a result, the Court rejected VTB's argument. *Id*.

VTB presents nothing new and does not identify anything this Court overlooked. It simply reraises the same arguments that the Court already considered and rejected. "It is settled law in this District that a motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Rock v. Enfants Riches Deprimes, LLC*, 2020 WL 2793026, at *2 (S.D.N.Y. May 29, 2020) (Carter, J.); *see also* Dkt. 439 at 2 ("A motion for reconsideration 'should not be granted where the moving party seeks solely to relitigate an issue already decided.'"). "This alone is reason" to deny a motion to reconsider. *Rock*, 2020 WL 2793026, at *2. VTB identifies no reason beyond the same arguments that the Court already considered and rejected. *See Biehner v. City of New York*, 2021 WL 5827536, at *3 (S.D.N.Y. Dec. 7, 2021) ("The fact that [a party] disagrees with the Court's decision is…not a basis for reconsideration.").

Even if the Court were to consider the merits of VTB's arguments, the Court should once again reject them because they do not demonstrate any "clear error" by the Court. *Kolel Beth*, 729 F.3d at 104. The Schansman family has obtained certain discovery from third parties, such as U.S. correspondent banks. However, without the benefit of discovery from VTB, the Schansman family simply cannot know whether that discovery captures the full extent of VTB's correspondent banking records. For example, given the length of time between the relevant transactions (2012 through 2016) and when discovery commenced (late 2021), correspondent banks may not have

5

preserved all relevant transaction records, and those records may no longer exist in the United States. And the correspondent banks would have no records of the movement of funds once they leave the United States. For example, VTB's transactional records likely contain additional information about account holders and account activity beyond what the Schansman family was able to obtain from correspondent banks. This additional information could allow the Schansman family to establish that certain currently unverified correspondent banking transactions in fact benefited the DPR terrorists who shot down flight MH-17. Without the ability to compare the records obtained from third-party correspondent banks to the records in VTB's possession, the Schansman family will be denied an important avenue of investigation into VTB's financing of terrorists.

The Court has already ruled on this issue, and VTB's attempt to relitigate it should be rejected.

## II. There Is No Basis for the Court to Reconsider Its 21-Day Deadline, and This Court Should Strike VTB's Declaration, Which Attempts to Manufacture New Evidence.

VTB also requests that the Court reconsider the March 20, 2025 deadline it imposed for VTB to produce documents, and asks that it be given an additional 40 days to produce the records. Dkt. 631 at 7–9. VTB's request is improper—VTB did not move for an extension, and the deadline to produce has now passed. Judge Gorenstein's Individual Practice 1.E. Regardless, in setting the 21-day deadline, the Court was clear that "the delay up until now alone strongly favors adjudicating the motion based on the present record without further delay." Dkt. 627 at 38 (emphasis added). As this Court recognized in May 2023, VTB's refusal to produce documents has had "a severe and negative impact on the progress of this case." Dkt. 509 at 1; *see also* Dkt. 563 at 9 (Carter, J.) (noting in March 2024 that VTB's Russian law objections have "stalled" discovery in this case, which has had "a severe and negative impact"). There was also no reason to believe that VTB's

6

"approval" efforts had progressed since the Renewed Motion was filed—the only update VTB provided since then was that it submitted documents to the Ministry of Finance that it believed would help its case, but which were not responsive to the Schansman family's requests. Dkt. 614.

The time for VTB to comply has now passed, and VTB has violated this Court's order. After VTB failed to produce any additional documents on March 20, 2025, counsel for the Schansman family and VTB met and conferred on March 21, 2025. During that meet and confer, counsel for VTB confirmed that it failed to meet the deadline and that VTB would never produce documents in this case unless it received "consent[]" from the Russian government. Dkt. 632 ¶ 10.

In support of its request to extend the 21-day deadline, VTB relies on the Lozovoy Declaration, which it improperly submitted with its motion for reconsideration. The Declaration identifies steps VTB has taken following this Court's decision to contact the Ministry of Finance and Central Bank about its previous requests. Dkt. 632. Local Rule 6.3 governs motions for reconsideration or reargument and makes clear that "[n]o party is to file an affidavit unless directed by the court."[3] When a party submits an affidavit without permission under Local Rule 6.3, "the appropriate remedy is to strike the affidavit and disregard it." *Women's Integrated Network, Inc. v. U.S. Specialty Ins. Co.*, 2011 WL 1347001, at *1 n.1 (S.D.N.Y. Apr. 4, 2011), *aff'd*, 495 F. App'x 129 (2d Cir. 2012) (quoting another source). In addition to being procedurally improper, the Lozovoy Declaration should not be considered on a motion for reconsideration because it refers to facts that occurred <u>after</u> the Court's decision on the Renewed Motion. It is well established that "[n]ewly discovered evidence must consist of facts existing <u>at the time of the prior decision</u>."

---

[3] Additionally, the declaration cannot be considered by the Court, as it is not accompanied by a certified translation. *See Sicom S.P.A. v. TRS Inc.*, 168 F. Supp. 3d 698, 709 (S.D.N.Y. 2016) ("[F]oreign-language documents…cannot be reviewed or relied on by the Court, even if otherwise properly authenticated in the declaration to which they are attached, <u>unless they are accompanied by certified translations into English</u>." (emphasis added)).

7

*Bahar*, 2009 WL 2382977, at *1 (emphasis added). This is because a "court cannot have 'overlooked' an event or development that took place after it issued its original decision." *United States v. Carlton*, 2023 WL 1070219, at *2 (S.D.N.Y. Jan. 27, 2023). Not only did these developments happen after the Court's decision, VTB manufactured their very development. That declaration should, accordingly, be stricken.

None of the arguments VTB presents warrants an extension of the deadline for it to comply with this Court's discovery order. VTB first argues that the deadline should be reconsidered because of new evidence of its own creation: specifically, it claims that since the Court's decision on the motion to compel, it has renewed its efforts to get Russian government "approval" and that the Ministry of Finance and the Central Bank have agreed to "take a new look at VTB's requests." Dkt. 631 at 7.[4] This is a tired refrain. For more than three years, VTB has claimed that Russian authorities may grant permission, but all those efforts have yielded production of only 3% of the over 18,000 responsive documents VTB identified and provided to the Ministry of Finance and none of the nearly 5,000 responsive documents it provided to the Central Bank. VTB shows no basis to further delay the proceedings and prevent the case from being litigated on the merits. VTB has sung this unfounded optimistic tune since **December 2022**:

- **December 8, 2022**: "VTB has asked for consent, not only by its initial formal request but also by maintaining an ongoing conversation with the Ministry of Finance to help ensure that the request is considered and acted upon." Dkt. 488 at 11. "If VTB is granted more time to secure a permissive production, VTB and its employees will continue to exercise diligence in doing so." *Id*. at 15.

- **June 12, 2023**: "We believe VTB's efforts to persuade the Ministry to consent to the production of documents have begun to bear some fruit." Dkt. 516 at 1.

- **December 1, 2023**: "VTB's inability to meet the November 30 deadline was not for lack of effort. Although this process has been time-consuming, VTB stands at the precipice of

---

[4] Even if the Ministry of Finance and Central Bank do grant VTB's requests to produce documents in this case, VTB has no plans or intention to produce documents in unredacted form.

8

.

completing its document review and anticipates a short extension of time would allow it to conduct its review of its documents in full. A rush to cut off discovery now would only compromise the opportunity for a complete resolution of this matter on the merits." Dkt. 553 at 2.

- **March 12, 2024**: "Although they have yet to issue their final decision on VTB's requests, the Ministry previously approved VTB's first two requests for production, and we have no reason to believe VTB's subsequent requests for production will be denied." Dkt. 562 at 2.

- **April 10, 2024 Conference**: "[W]e have a letter from, last week, from the Ministry of Finance that says requests number 6 and 7 are currently under review and, you know, unfortunately, we don't expect to have an answer for you before May 31. Well, that tells us we're going to get an answer, and if we look at their track record, they've said yes to the first five, I'm hoping it's going to be a positive answer. So there is a distinct indication that a large number of documents are going to be approved." Tr. 29:6–15.

- **July 12, 2024**: "In addition, earlier this week the Ministry informed VTB that it had internally approved VTB's four remaining requests for production (i.e., the third, sixth, seventh and eighth requests), and that the Ministry should be in a position to issue a formal approval shortly. Once VTB receives that approval, VTB will be in a position to make a sizeable, final production of the remaining materials. VTB remains optimistic that this can be completed before the current deadline." Dkt. 586 at 1.

This optimism has repeatedly proven misplaced. Over the past two years, VTB has missed **every single deadline** the Court has set for it to complete its discovery obligations. VTB cannot credibly argue that more time will lead to a different result, and the Schansman family should not be required to wait further.

Second, VTB argues that Russian authorities may be more likely to grant VTB's requests now that Donald Trump is President and there has been a "warming of relations" between the United States and the Russian Federation. Dkt. 631 at 8. VTB's purported optimism lacks any evidence or foundation that there will be a material geopolitical change, and even if such a shift occurred, that it would lead to the Russian government suddenly approving the production of documents for U.S. litigation. In fact, public reporting contradicts VTB's argument, indicating that the Trump administration has already increased sanctions against Russian companies and

9

banks, including VTB.[5]  This Court should not assume, based on VTB's unsubstantiated and oft-repeated expressions of hope, that more time will change the result.

Finally, VTB argues that an additional extension would provide "clarity" about Sberbank of Russia's status in this litigation.  Dkt. 631 at 8–9.  That is pure speculation.  Following this Court's December 6, 2022 denial of Sberbank of Russia's motion to dismiss on foreign sovereign immunity grounds, Dkt. 486, Sberbank of Russia appealed to the Second Circuit.  On February 4, 2025, the Second Circuit affirmed this Court's order.  *Schansman v. Sberbank of Russia PJSC*, No. 22-3097, ECF No. 87 (2d Cir.).  Sberbank of Russia filed a petition for rehearing *en banc* on February 18, 2025, *id.*, ECF No. 95, which the Second Circuit denied on March 24, 2025, *id.*, ECF No. 105.  Sberbank of Russia's February 25, 2025 motion to stay the mandate while it seeks certiorari remains pending.  *Id.*, ECF No. 98.  VTB's suggestion that this Court should stay the case against VTB while the Second Circuit and Supreme Court consider whether to take further action in Sberbank of Russia's case should be rejected.  Further, as a result of the appeal, the Schansman family's cases against VTB and Sberbank of Russia have been proceeding on separate tracks for years.  There is no reason to change that now.

The Schansman family's discovery requests have been pending for more than three years.  After numerous extensions and the ultimate denial of VTB's requests, the Court has now ruled on the Renewed Motion.  There is no basis for any additional extension.

---

[5] Jennifer Jacobs, Ed O'Keefe, *Trump Administration Toughens Sanctions on Russian Oil, Gas and Banking Sectors*, CBS News (Mar. 13, 2025), https://www.cbsnews.com/news/trump-administration-sanctions-russian-oil-gas-banking-sectors/ (naming VTB); Dmytro Basmat, *US Toughens Sanctions on Russian Energy Payments*, Kyiv Independent (Mar. 14, 2025), https://kyivindependent.com/us-toughens-sanctions-on-russian-energy-payments/.

**CONCLUSION**

For the reasons set forth above, VTB's motion for reconsideration of the Court's decision on the Schansman family's Renewed Motion should be denied and the Schansman family's motion to strike VTB's improperly submitted declaration should be granted.

Dated: March 26, 2025

Respectfully submitted,

By: /s/ Terri L. Mascherin

Terri L. Mascherin (admitted *pro hac vice*)
Jenner & Block LLP
353 N. Clark St.
Chicago, IL 60654
(312) 923-2799
tmascherin@jenner.com

David J. Pressman
Jason P. Hipp
Susanna D. Evarts (admitted *pro hac vice*)
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1600
dpressman@jenner.com
jhipp@jenner.com
sevarts@jenner.com

*Counsel for the Schansmans*

11

## CERTIFICATE OF COMPLIANCE

I, Jason P. Hipp, counsel for the Schansman family, do hereby certify that this opposition complies with the word limit of Local Rule 6.3 because it contains 3,482 words, excluding the parts of the brief exempted under the rule.

Dated: March 26, 2025                                          /s/ Jason P. Hipp