UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THOMAS SCHANSMAN, *individually, as surviving parent of QUINN LUCAS SCHANSMAN*, et al.,

       **Plaintiffs,**

    -against-

SBERBANK OF RUSSIA PJSC and VTB BANK PJSC,

       **Defendants.**

1:19-cv-02985 (ALC) (GWG)

**SETTLEMENT CONFERENCE SCHEDULING ORDER**

---

**ANDREW L. CARTER, JR., United States District Judge:**

  A status conference to discuss settlement is scheduled for Thursday**, May 1, 2025 at 11:30AM** and will take place in person, in Courtroom 444, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York.  Any participant requesting permission to bring an electronic device (e.g., cellphone, laptop, tablet) into the Courthouse must email to Chambers (ALCarterNYSDChambers@nysd.uscourts.gov) a completed Electronic Device Order form no later than **four (4) business days before the conference**.  The Electronic Device Order form is available on the Court's website at https://nysd.uscourts.gov/forms/fillable-form-electronic-devices-general-purpose.

  The Court's Settlement Practices, designed to prepare the Court and the parties for a productive settlement conference, require:

  (1) Plaintiffs to make settlement demands[1] to the Defendants (or reaffirm any prior demands) by **ten (10) days before the settlement conference**.

---

[1] Demands and responses must include all material, non-monetary elements, and that such non-monetary elements must be reflected in their descriptions of past settlement negotiations, as directed by (4).  Any monetary offers made before or during the settlement conference are presumed to be offers to pay within 30 days unless specifically stated otherwise.

(2) Defendants to inform Plaintiffs of their responses to the demands by **seven (7) days before the conference**.

(3) If any party fails to comply with (2) or (3), the other side to: (i) promptly remind that party of its obligation to comply; and (ii) advise the Court that the required settlement negotiations have not taken place.

(4) Counsel for each party to submit a letter, no longer than four (4) pages, marked "Confidential Materials For Use Only At Settlement Conference," setting forth concisely the following: (1) a discussion of the relevant facts and applicable law, with an emphasis on the issues more pertinent to settlement, including a discussion of liability and damages in the event liability were established; (2) if non-monetary relief—including a general or specific release of claims—is sought in addition to or instead of money damages, each party must set forth its position as to the provision of such relief; (3) the existence and amount of any lien(s) that may attach to the settlement proceeds; and (4) the history of settlement discussions, including any prior offers or demands.[2]  These letters must be received by the Court **and the opposing party** on or before **April 28, 2025**.  These submissions must be emailed to Chambers at ALCarterNYSDChambers@nysd.uscourts.gov; the submissions should <u>not</u> be submitted via the ECF system.  Counsel must immediately provide a copy of the opposing party's letter to their client and/or insurer, and must also ensure before the conference that the client and/or insurer has read the opposing party's letter.

(5) Any request for a change in the date of the conference be filed as a Letter-Motion via ECF.  Before filing such a request, counsel must consult with all other counsel as to

---

[2] The Court notes that it is normally unhelpful for a party to state in this letter its final settlement position.

      their availability. The Letter-Motion must propose options for a new date and time, and indicate that all parties are available.

(6) Any defendant who intends to raise a lack of financial resources as a basis for its settlement position to inform Plaintiffs of this fact no later than **ten (10) days before the conference**. The parties should then discuss whether Plaintiffs seek proof of Defendant's claim and whether the Defendant is willing to provide such proof, which must be provided at least **three (3) days before the conference**. A summary of any discussions on this topic shall be included in the letters described under (4).

    At the settlement conference, counsel for each side should expect to make a succinct presentation (10–15 minutes) in the presence of all parties and the Court summarizing the issues counsel believes are important for the client(s) and/or insurer(s) of the opposing party to consider for purposes of formulating a settlement position. The purpose of the presentation is to address and persuade the opposing party, not the Court. Thus, it is usually (1) unnecessary to recount in full the background of the dispute, and (2) unhelpful to discuss issues raised in the opposing party's confidential settlement letter. The Court prefers that counsel not use slideware or other summary presentations, although key evidence from discovery in the case, that has previously been disclosed to the opposing party at least five (5) days before the conference or is already in the possession of the opposing party, may be helpful. After the initial statements, counsel may respond.

    Following the presentations, the Court will meet separately with each side in private. In these meetings, counsel must be prepared to inform the Court of the amount of attorneys' fees and expenses incurred to date, and an estimate of the remaining costs (including attorneys' fees) of litigating the case to judgment, including appeal.

Any party seeking a modification to the procedures required by this Order should make an application promptly by Letter-Motion filed on ECF and should state the position of all other parties as to the proposed modification.

The parties are directed to confirm with each other that they have received a copy of this Order. Should the parties resolve the litigation before the conference date, they must notify the Court in writing immediately.

**SO ORDERED.**

Dated:   April 15, 2025
         New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**